**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA** RECEIVED
**NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:07-CV-135-WKW |
| | ) |
| JAMARLO K. GUMBAYTAY, | ) |
| DBA/THE ELITE REAL ESTATE | ) |
| CONSULTING GROUP | ) |
| and, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| MATTHEW W. BAHR, | ) |
| | ) |
| DEFENDANTS. | ) |

2007 FEB 14 P 12: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

---

## COMPLAINT AND PETITION FOR INJUNCTIVE RELIEF

COMES NOW, Plaintiff, YOLANDA M. BOSWELL, by and through undersigned

Counsel, and brings this complaint and petition for injunctive relief, to enforce the

provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing

Amendments Act of 1988, 42 U.S.C. §§ 3601, et seq. (the Fair Housing Act), and in

support thereof states the following:

### JURSIDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28

   U.S.C. § 1343, and 42 U.S.C. § 3613(a).

2. Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to the

   Plaintiff's allegations occurred in the Northern Division of the Middle District of

   Alabama, the subject property is located in the Northern Division of the Middle



SCANNED
KH 2/14/07

1

District of Alabama, and all parties either reside or do business in the Northern Division of the Middle District of Alabama.

## PARTIES

3. The Plaintiff, YOLANDA M.BOSWELL, is a twenty seven (27) year old female who rents property located at 964 North Gap Loop, Montgomery, Alabama. Other residents at the subject property are her four (4) children and her mother, Jeannette Boswell.

4. The Defendant, Jamarlo K. GumBayTay, is a real estate manager doing business under the name of The Elite Real Estate Consulting Group. He is a resident of Montgomery, Alabama. He acts as the agent for the Defendant Matthew W. Bahr, the owner of the subject property. GumBayTay manages the subject property.

5. The Defendant, Matthew W. Bahr, is a resident of Orlando Florida. He owns the property located at 964 North Gap Loop, Montgomery, Alabama, subject of this action.

## NARRATIVE STATEMENT OF FACTS

6. During the period of time relevant to this action, the Defendants either owned or managed, or both, the rental property (dwelling) located at 964 North Gap Loop, Montgomery, Alabama, where the Plaintiff currently resides.

7. The Plaintiff's rental house located at 964 North Gap Loop, Montgomery, Alabama, constitutes a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

8. Defendants have violated the Fair Housing Act, 42 U.S.C. §§ 3601, et seq., as amended, by discriminating against the Plaintiff, on the basis of sex in connection

with the rental of the subject property.

9. At all times herein relevant, Defendant GumBayTay, in doing the acts or in omitting to act as alleged in this complaint, was the agent, employee, or representative of Defendant Bahr and was acting within the course and scope of his actual or apparent authority pursuant to such agency, employment, or representation; or the alleged acts or omissions of Defendant GumBayTay as agent, employee, or representative were subsequently ratified and/or adopted by Defendant Bahr as a principal or employer.

10. From at least October, 2006, through the present, Defendants have engaged in unlawful discrimination, subjecting the Plaintiff, YOLANDA M. BOSWELL, to unlawful discrimination on the basis of sex, including severe pervasive and unwelcome sexual harassment. Such conduct has taken many forms included but not limited to: reducing the rent in exchange for sexual favors, granting rental discounts in exchange for sexual favors, offering utility payment assistance in exchange for sex, and threatening eviction if the Plaintiff refused said sexual advances.

11. On or about October 1, 2006, Ms. Boswell entered into a residential lease agreement between herself and the lessor, Matthew W. Bahr. The lease was signed on or about October 1, 2006 by Ms. Boswell and Mr. Jamarlo K. GumBayTay, an agent and employee of Elite Real Estate Consulting Group and Mr. Bahr. The lease Ms. Boswell signed indicated that the property located at 964 North Gap Loop, Montgomery, Alabama, would be rented for $450. See Exhibit "A"

12. On or about October 7, 2006, Ms. Boswell, her mother Jeannette Boswell, and her four children moved into the house located at 964 North Gap Loop, Montgomery, Alabama.

13. From the beginning of her tenancy, the Plaintiff was approached by Defendant, Gumbaytay. During that conversation he offered to the Plaintiff to reduce her rent in exchange for sex. When the Plaintiff refused his sexual advances, he raised her rent.

14. The Plaintiff was informed subsequently by other tenants and/or previous tenants that they had been subjected to the same or similar behavior by the Defendants.

15. In addition, the Defendants have tied Plaintiff's request for repairs for her dwelling unit to sexual favors.

16. On January 19, 2007, GumBayTay left five handwritten pages on Ms. Boswell's door, indicating his intent to evict her from the subject property for her failure to provide sexual favors. See Exhibit B.

17. Attached to these handwritten pages was a modified lease agreement. GumBayTay changed the section marked rent payments to require Ms. Boswell to pay $550 per month, and had initialed next to the change. This unilateral change in the rental agreement was made after the Plaintiff refused his sexual advances.

18. On February 2, 2007, Ms. Boswell received a three-page document from Mr. GumBayTay pledging to address the concerns of the tenants in a timelier manner with the caveat that "you must keep in touch with me if you expect this type of response." The document outlined tenants' duties and responsibilities, including paying rent on time. However, the document noted that there was always a

4

solution to late rental payments or nonpayment of rent if the tenant contacts Mr.

GumBayTay. See Exhibit C.

## INJURIES

19. Defendant Bahr knew, or should have known, about Defendant GumBayTay's

sexual coercion of tenants and objectionable pervasive conduct.

20. Defendants have injured the Plaintiff in violation of the Fair Housing Act by

discriminating against the Plaintiff, on the basis of sex in connection with the

rental of the subject property. By reason of Defendants' unlawful acts and

practices, Plaintiff Boswell has suffered violation of her civil rights and emotional

distress, including humiliation and mental anguish. Accordingly, Plaintiff is

entitled to compensatory damages.

21. The acts and failures of Defendants were intentional, wanton, malicious,

oppressive, reckless, and callously indifferent to the rights of Ms. Boswell, thus

entitling her to an award of punitive damages against Defendants.

22. Defendants' actions threaten Ms. Boswell and her family with imminent and

irreparable injury, including eviction and displacement from their home; the

severing of personal, family, and community ties; discrimination; and even

homelessness.

## CLAIMS

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of the

complaint herein.

24. The conduct of the Defendants described above constitutes:

    a.    A denial of housing or making housing unavailable because of sex, in
violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

    b.    Discrimination in the terms, conditions, or privileges of the rental of, dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b);

    c.    The making of statements with respect to the rental of dwellings that indicates a preference, limitation, or discrimination based on sex, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c); and

    d.    Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

25. The Plaintiff is an aggrieved person as defined in 42 U.S.C. § 3602(i), and has

suffered damages as a result of Defendants' conduct.

26. Defendants' conduct was intentional, willful, and conducted in complete disregard

of the rights of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Court enter an ORDER that:

1.    This Court takes jurisdiction over this matter and grants the Plaintiff

a trial by struck jury;

2.    Declares that Defendants' discriminatory practices violate the Fair

Housing Act;

3.    Enjoins Defendants, their agents, employees, and successors, and all other

persons in active concert or participation with them, pursuant to 42 U.S.C.

§ 3613 (c)(6), from:

    a.    Discriminating on account of sex against any person in any aspect of

the rental of a dwelling;

    b.    Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act; failing or refusing to take such affirmative steps as may be necessary to restore as nearly as practicable , the Plaintiff to the position she would have been but for the discriminatory conduct;

    c.    Taking any state court housing law action or self-help remedy to involuntarily remove the Plaintiff from the subject property; and

    d.    Taking any action, with or without judicial process, to evict, eject, remove, bar or otherwise interfere with Plaintiff's right to enjoy and maintain peaceful and quiet possession of her residence at 964 North Gap Loop, Montgomery, Alabama.

4.    Further enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, to:

    a.    Take such affirmative steps as may be necessary to restore, as nearly as practicable, the Plaintiff to the position she would have been in but for the discriminatory conduct and

    b.    Take such affirmative steps as may be necessary to prevent such discrimination, harassment, and retaliation in the future.

5.    Awards appropriate monetary damages to fully compensate the Plaintiff as an aggrieved person by Defendants' discriminatory housing practices for injuries caused by the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3613(c)(1);

6.    Awards punitive damages because of the intentional and willful nature of the

Defendants' conduct, pursuant to 42 U.S.C. and 3613(c) (1).

7.    Awards Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. §

3613(c).

8.    Grants such other and further relief as this Court deems just and proper under the

circumstances.

IN SUMMATION, the Plaintiff further prays for such additional relief as the

interests of justice may require.

RESPECTFULLY SUBMITTED:

_____
KENNETH J. LAY
LEGAL SERVICES ALABAMA, INC.
P.O. BOX  11765
BIRMINGHAM, ALABAMA  35202
(205) 397-6540  EXT. 102
ATTORNEY FOR THE PLAINTIFF

_____
CONNIE J. M. C. BAKER
LEGAL SERVICES ALABAMA, INC.
207MONTGOMERYSTREET,SUITE 1100
MONTGOMERY, AL 36104
PHONE: (334) 832-4570
FAX:   (334) 241-8683
ATTORNEY FOR THE PLAINTIFF

8

## JURY TRIAL DEMAND

Plaintiff in this matter hereby requests a trial by struck jury.

_____

CONNIE J.M.C. BAKER
ATTORNEY FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___14th___ day of February, 2007, I have served the above

foregoing pleading upon the Defendants by placing copies of same in the U.S. Mail,

postage prepaid, properly addressed as follows:

Jamario K. GumBayTay                    Matthew W. Bahr

4013 Tiffany Drive                       1569 Amaryllis Circle

Montgomery, AL   36110-3003              Orlando Florida  32825

_____

CONNIE J.M.C. BAKER

# EXHIBIT
# A

## ALABAMA RESIDENTIAL LEASE/PURCHASE AGREEMENT

This Residential Lease Agreement (hereinafter "Lease") is entered into this the 1st day of October ,20 06 , by and between the Lessor: Matthew W. Bahr , (hereinafter referred to as "Landlord"), and the Lessee(s): Yolanda Boswell All Lessees ( hereinafter referred to collectively as "Tenant"), are jointly, severally and individually bound by, and liable under, the terms and conditions of this Lease.

For the valuable consideration described below, the sufficiency of which is hereby acknowledged, Landlord and Tenant do hereby covenant, contract and agree as follows:

**1. GRANT OF LEASE:** Landlord does hereby lease unto Tenant, and Tenant does hereby rent from Landlord, solely for use as a personal residence, excluding all other uses, the personal residence located in Montgomery County, Alabama, with address of- 964 North Gap Loop, Montgomery, AL 36110

including the following items of personal property: N/A

**2. NATURE OF OCCUPANCY:** As a special consideration and inducement for the granting of this Lease by the Landlord to the Tenant, the personal residence described above shall be used and occupied only by the members of the Tenant's family or others whose names and ages are set forth below:

**3. TERM OF LEASE:** This Lease shall commence on the 1st day of October ,20 06 ,and extend until its expiration on the 30th day of September , 20 06 , unless renewed or extended pursuant to the terms herein.

**4. SECURITY DEPOSIT:** Upon execution of this Lease, Tenant shall deposit the sum of $ 350.00 to be held by Landlord as a security deposit for reasonable cleaning of, and repair of damages to, the premises upon the expiration or termination of this Lease, or other reasonable damages resulting from a default by Tenant. Tenant shall be liable to Landlord for all damages to the leased premises upon the termination of this Lease, ordinary wear and tear excepted. Tenant is not entitled to interest on the security deposit. Tenant may not apply the security deposit to any rent due under this Lease. If Landlord sells or assigns the leased premises, Landlord shall have the right to transfer Tenant's security deposit to the new owner or assignee to hold under this Lease and upon so doing Landlord shall be released from all liability to Tenant for return of said security deposit.

Upon expiration or termination of this Lease, the security deposit shall be applied as follows: The Landlord, by written notice delivered to the Tenant, may claim of such payment or deposit only such amounts as are reasonably necessary to remedy the Tenant's defaults in the payment of rent, to repair damages to the premises caused by the Tenant, exclusive of ordinary wear and tear, to clean such premises upon termination of the tenancy, or for other reasonable and necessary expenses incurred as the result of the Tenant's default, if the payment or deposit is made for any or all of those specific purposes. The written notice by which the Landlord claims all or any portion of such payment or deposit shall itemize the amounts claimed by such Landlord. Any remaining portion of such payment or deposit shall be returned to the Tenant no later than forty-five (45) days after the termination of his tenancy, the delivery of possession and written demand by the Tenant including Tenant's forwarding address.

**5. RENT PAYMENTS:** Tenant agrees to pay rent unto the Landlord during the term of this Lease in equal monthly installments of $ 550.00 450 00 , said installment for each month being due and payable on or before the 1st day of the month, the first full rent payment under this Lease being due on the 1st day of October , 20 06

Tenant agrees that if rent is not paid in full on or before the 5th day of the month, Tenant will pay a late charge of $ 50.00 as allowed by applicable Alabama law.

The prorated rent from the commencement of this Lease to the first day of the following month is $ N/A , which amount shall be paid at the execution of this Lease.

Tenant agrees that rent shall be paid in lawful money of the United States by (indicate those that apply): ☒ cash, ☐ personal check, ☒ money order, ☒ cashier's check, ☒ other deposit to Wachovia Bank Rent payments shall be made payable to Jamarlo K. GumBayTay, Agent           and mailed or delivered to the following address: 800 Madison Avenue, Montgomery, AL 36104 (Wachovia Bank)           All notices from Tenant to Landlord under this Lease and applicable Alabama law shall be delivered. to the above address.

Tenant agrees that rent monies will not be considered paid until Landlord or Landlord's agent receives the rent monies, either by mail or by delivery to the above address. Tenant placing rent monies in the mail is not sufficient for rent to be considered paid, and rent will be considered unpaid until actual receipt thereof

If there are multiple Tenants signed to this Lease, all such Tenants are jointly, severally and individually bound by, and liable under, the terms and conditions of this Lease. A judgment entered against one Tenant shall be no bar to an action against other Tenants.

**6. CONSEQUENCES OF BREACH BY TENANT:** If Tenant, by any act or omission, or by the act or omission of any of Tenant's family or invitees, licensees, and/or guests, violates any of the terms or conditions of this Lease or any other ddocuments made a part hereof by reference or attachment, Tenant shall be considered in breach of this Lease (breach by one tenant shall be considered breach by all tenants where Tenant is more than one person).

As per Alabama Code § 35-9-6, when Tenant breaches any of the terms of a lease, the Landlord may elect to terminate the lease and evict Tenant, in which case Landlord must give a minimum ten (10) day written notice to Tenant of termination of the lease and that Tenant must quit, and deliver up, the leased premises by the expiration of the period of notice. Tenant may or may not be given a chance to cure the breach within the period of notice.

Tenant expressly agrees and understands that upon Landlord's termination of this 'Lease, the entire remaining balance of unpaid rent for the remaining term of this Lease **shall ACCELERATE,** whereby the entire sum shall become immediately due, payable, and collectable, Landlord may hold the portion of Tenant's security deposit remaining after reasonable cleaning and repairs as a partial offset to satisfaction of the accelerated rent.

**7. DELIVERY OF NOTICES:** Any giving of notice under this Lease or applicable Alabama law shall be made by Tenant in writing and delivered to the address noted above for the payment of rent, either by hand delivery or by mail. Certified or registered mail is recommended. Delivery by mail shall not be considered complete until actual receipt by Landlord or Landlord's agent.

Any notices from Landlord to Tenant shall be in writing and shall be deemed sufficiently served upon Tenant when deposited in the mail addressed to the leased premises, or addressed to Tenant's last known post office address, or hand delivered, or placed in Tenant's mailbox. If Tenant is more than one person, then notice to one shall be sufficient as notice to all.

**8. UTILITIES:** Tenant will provide and pay for the following utilities (indicate those that apply): ☒ Electric, ☒ Gas, ☒ Telephone, ☒ Cable Television, ☒ Water, ☒ Garbage pick-up.

Landlord will provide and pay for the following utilities (indicate those that apply): ☐ Electric, ☐ Gas, ☐ Telephone, ☐ Cable Television, ☐ Water, ☐ Garbage pick-up.

Tenant shall be responsible for contacting and arranging for any utility service not provided by the Landlord, and for any utilities not listed above. Tenant shall be responsible for having same utilities disconnected on the day Tenant delivers the leased premises back unto Landlord upon termination or expiration of this Lease.

**9. NOTICE OF INTENT TO SURRENDER:** Any other provision of this lease to the contrary notwithstanding, at least thirty (30) days prior to the normal expiration of the term of this Lease as noted under the heading TERM OF LEASE above, Tenant shall give written notice to Landlord of Tenant's intention to surrender the residence at the expiration of the Lease term. If said written notice is not timely given, the Tenant shall become a month-to-month tenant as defined by applicable Alabama law, and all provisions of this Lease will remain in full force and effect, unless this Lease is extended or renewed for a specific term by written agreement of Landlord and Tenant.

if Tenant becomes a month-to-month tenant in the manner described above, Tenant must give a thirty (30) day written notice to the Landlord of Tenant's intention to surrender the residence. At any time during a month-to-month tenancy Landlord may terminate the month-to-month Lease by serving Tenant with a written notice of termination, or by any other means allowed by applicable Alabama law, Upon termination, Tenant shall vacate the premises and deliver same unto Landlord on or before the expiration of the period of notice.

## 10. OBLIGATIONS AND DUTIES OF LANDLORD:

Landlord shall:

(a) Comply with the requirements of applicable building and housing codes materially affecting health and safety;

(b) Maintain the dwelling unit, its plumbing, heating and/or cooling system, in substantially the same condition as at the inception of the lease, reasonable wear and tear excluded, unless the dwelling unit, its plumbing, heating and/or cooling system is damaged or impaired as a result of the deliberate or negligent actions of the Tenant or those present with Tenant's knowledge or permission.

## I 1. OBLIGATIONS AND DUTIES OF TENANT:

Tenant shall:

(a) Keep that part of the premises that he occupies and uses as clean and as safe as the condition of the premises permits;

(b) Dispose from his dwelling unit all ashes, rubbish, garbage and other waste m a clean and safe manner in compliance with community standards;

(c) Keep all plumbing fixtures in the dwelling unit used by the Tenant as clean as their condition permits;

(d) Use in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air conditioning and other facilities and appliances, including elevators, in the premises;

(e) Not deliberately or negligently destroy, deface, damage, impair or remove any part of the premises or knowingly permit any other person to do so;

(f) Conduct himself and require other persons on the promises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of their premises;

(g) Inform the Landlord of any condition of which he has actual knowledge which may cause damage to the premises;

(h) To the extent of his legal obligation, maintain the dwelling unit in substantially the same condition, reasonable wear and tear excepted, and comply with the requirements of applicable building and housing codes materially affecting health and safety;

(i) Not engage in any illegal activity upon the leased premises as documented by a law enforcement agency;

0) Keep no pets of any kind, except by written consent    • upon the leased premises, or in any common area.

Tenant agrees that any violation of these provisions shall be considered a breach of this Lease.

**12. NO ASSIGNMENT:** Tenant expressly agrees that the leased premises nor any portion thereof shall not be assigned or sub-let by Tenant without the prior written consent of Landlord.

**13. TENANT INSURANCE:** Landlord shall not be liable to Tenant, Tenant's family or Tenant's invitees, licensees, and/or guests for damages not proximately caused by Landlord or Landlord's agents. Landlord will not compensate Tenant or anyone else for damages proximately caused by any other source whatsoever, or by Acts of God, and Tenant is therefore strongly encouraged to independently purchase insurance to protect Tenant, Tenant's family, Tenant's invitees, licensees, and/or guests, and all personal property on the leased premises and/or in any common areas from. any and all damages.

14. **CONDITION OF LEASED PREMISES:** Tenant hereby acknowledges that Tenant has examined the leased premises prior to the signing of this Lease, or knowingly waived said examination. Tenant acknowledges that Tenant has not relied on any representations made by Landlord or Landlord's agents regarding the condition of the leased premises and that Tenant takes premises in its AS-IS condition with no express or implied warranties or representations beyond those contained herein or required by applicable Alabama law. Tenant agrees not to damage the premises through any act or omission, and to be responsible for any damages sustained through the acts or omissions of Tenant, Tenant's family or Tenant's invitees, licensees, and/or guests. If such damages are incurred, Tenant is required to pay for any resulting repairs at the same time and in addition to the next month's rent payment, with consequences for non-payment identical to those for non-payment of rent described herein. At the expiration or termination of the Lease. Tenant shall return the leased premises in as good condition as when taken by Tenant at the commencement of the lease, with only normal wear-and-tear excepted. Tenant shall have the right to remove from the premises Tenant's fixtures placed thereon by Tenant at his expense, provided, however, that Tenant in effecting removal, shall restore the leased premises to as good, safe, sound, orderly and sightly condition as before the addition of Tenant's fixture. Failing this, Tenant shall be obligated to pay for repairs as stated above.

15. **ALTERATIONS:** Tenant shall make no alterations, decorations, additions, or improvements to the leased premises without first obtaining the express written consent of Landlord. Any of the above-described work shall become part of the dwelling. If carried out by independent contractors, said contractors must be approved by Landlord. Tenant shall not contract for work to be done without first placing monies sufficient to satisfy the contract price in an escrow account approved by Landlord. All work shall be done at such times and in such manner as Landlord may designate. If a construction or mechanic's lien is placed on the leased premises as a result of the work, such shall be satisfied by Tenant within ten (10) days thereafter at Tenant's sole expense. Tenant shall be considered in breach of this Lease upon failure to satisfy said lien.

16. **NO ILLEGAL USE:** Tenant shall not perpetrate, allow or suffer any acts or omissions contrary to law or ordinance to be carried out upon the leased premises or in any common area. Upon obtaining actual knowledge of any illegal acts or omissions upon the leased premises, Tenant agrees to immediately inform Landlord and the appropriate authorities. Tenant shall bear responsibility for any and all illegal acts or omissions upon the leased premises and shall be considered in breach of this Lease upon conviction of Tenant or any of Tenant's family or invitees, licensees, and/or guests for any illegal act or omission upon the leased premises- whether known or unknown to Tenant.

17. **NOTICE OF INJURIES:** In the event of any significant injury or damage to Tenant, Tenant's family, or Tenant's invitees, licensees, and/or guests, or any personal property, suffered in the leased premises or in any common area, written notice of same shall be provided by Tenant to Landlord at the address designated for delivery of notices (identical to address for payment of rent) as soon as possible but not later than five (5) days after said injury or damage. Failure to provide such notice shall constitute a breach of this Lease.

18. **LANDLORD'S RIGHT TO MORTGAGE:** Tenant agrees to accept the premises subject to and subordinate to any existing or future mortgage or other lien, and Landlord reserves the right to subject premises to same. Tenant agrees to and hereby irrevocably grants Landlord power of attorney for Tenant for the sole purpose of executing and delivering in the name of the Tenant any document(s) related to the Landlord's right to subject the premises to a mortgage or other lien.

19. **DELAY IN REPAIRS:** Tenant agrees that if any repairs to be made by Landlord are delayed by reasons beyond Landlords control, there shall be no effect on the obligations of Tenant under this Lease.

20. **ABANDONMENT:** Abandonment shall be defined as the absence of the Tenant from the leased premises for a period of seven (7) or more consecutive days while rent or any owing monies remain unpaid- whereupon Tenant will be considered in breach of this Lease. This definition is subordinate to, and shall not in any way impair, the rights and remedies of Landlord under this Lease or applicable Alabama law, except that in case of abandonment, Landlord or Landlord's agents may immediately or any time thereafter enter and re-take the leased premises as provided by applicable Alabama law, and terminate this Lease without notice to Tenant.

21. **NOTICE OF ABSENCE FROM PREMISES:** If Tenant is to be absent from the leased premises for seven (7) or more consecutive days, written notice of such should be served upon Landlord. If such absences are to be customary or frequent, the expected frequency and duration of absence should be summarily noted here: N/A

Tenant expressly agrees and understands that absence from the premises, with or without notice, in no way obviates the requirement to pay rent and other monies as stated herein, or the consequences of failure to timely pay same.

22. POSSESSION OF PREMISES: Tenant shall not be entitled to possession of the premises designated for lease until the security deposit and first month's rent (or prorated portion thereof), less any applicable promotional discount, is paid in full and the premises designated for lease is vacated by the prior tenant.

23. **DELAY OF POSSESSION:** Tenant expressly agrees that if by reason of the premises being unready for occupancy, or by reason of the previous tenant or occupant of the dwelling holding over, or as a result of any other cause whatsoever, Tenant is unable to enter and occupy the premises, Landlord shall not be liable to Tenant in damages, but shall abate the rent for the period in which the Tenant is unable to occupy the premises.

24. **MATERIALITY OF APPLICATION TO RENT:** All representations made by Tenant(s) on the Application to Rent (or Retitled document) are material to the grant of this Lease, and the Lease is granted only on condition of the truthfulness and accuracy of said representations. If a failure to disclose or lack of truthfulness is discovered on said Application, Landlord may deem Tenant to be in breach of this Lease.

25. **MODIFICATION OF THIS LEASE:** Any modification of this lease shall not be binding upon Landlord unless in writing and signed by Landlord or Landlord's authorized agent. No oral representation shall be effective to modify this Lease. If, as per the terms of this paragraph, any provision of this lease is newly added, modified, or stricken out, the remainder of this Lease shall remain in full force and effect.

26. **REMEDIES NOT EXCLUSIVE:** The remedies and rights contained in and conveyed by this Lease are cumulative, and are not exclusive of other rights, remedies and benefits allowed by applicable Alabama law.

27. **SEVERABILITY:** If any provision herein, or any portion thereof, is rendered invalid by operation of law, judgment, or court order, the remaining provisions and/or portions of provisions shall remain valid and enforceable and shall be construed to so remain.

28. **NO WAIVER:** The failure of Landlord to insist upon the strict performance of the terms, covenants, and agreements herein shall not be construed as a waiver or relinquishment of Landlord's right thereafter to enforce any such term, covenant, or condition, but the same shall continue in full force and effect. No act or omission of Landlord shall be considered a waiver of any of the terms or conditions of this Lease, nor excuse any conduct contrary to the terms and conditions of this Lease, nor be considered to create a pattern of conduct between the Landlord and Tenant upon -which Tenant may rely upon if contrary to the terms and conditions of this Lease.

29. **ATTORNEY FEES:** In the event that Landlord employees an attorney to collect any rents or other charges due hereunder by Tenant or to enforce any of Tenant's covenants herein or to protect the interest of the Landlord hereunder, Tenant agrees to pay a reasonable attorney's fee and all expenses and costs incurred thereby.

30. **HEIRS AND ASSIGNS:** It is agreed and understood that all covenants of this lease shall succeed to and be binding upon the respective heirs, executors, administrators, successors and, except as provided herein, assigns of the parties hereto, but nothing contained herein shall be construed so as to allow the Tenant to transfer or assign this lease in violation of any term hereof.

31. **DESTRUCTION OF PREMISES:** In the event the leased premises shall be destroyed or rendered totally -untenable by fire, windstorm, or any other cause beyond the control of Landlord, then this Lease shall cease and terminate as of the date of such destruction, and the rent shall then be accounted for between Landlord and Tenant up to the time of such damage or destruction of said premises as if being prorated as of that date. In the event the leased premises are damaged by fire, windstorm or other cause beyond the control of Landlord so as to render the same partially untenable, but repairable within a reasonable time, then this lease shall remain in force and effect and the Landlord shall, within said reasonable time, restore said

promises to substantially the condition the premises were in prior to said damage, and there shall be an abatement in rent in proportion to the relationship the damaged portion of the leased premises bears to the whole of said premises.

**32. EMINENT DOMAIN:** In the event that the leased premises shall be taken by eminent domain, the rent shall be prorated to the date of taking and this Lease shall terminate on that date.

**33. LANDLORD ENTRY AND LIEN.** In addition to the rights provided by applicable Alabama law, Landlord shall have the right to enter the leased premises at all reasonable times for the purpose of inspecting the same and/or showing the same to prospective tenants or purchasers, and to make such reasonable repairs and alterations as may be deemed necessary by Landlord for the preservation of the leased premised or the building and to remove any alterations, additions, fixtures, and any other objects which may be affixed or erected in violation of the terms of this Lease. Landlord shall give reasonable notice of intent to enter premises except in the case of an emergency. Furthermore, Landlord retains a Landlord's Lien on all personal property placed upon the premises to secure the payment of rent and any damages to the leased premises.

**34. GOVERNING LAW:** This Lease is governed by the statutory and case law of the State of Alabama.

**35. LEAD-BASED PAINT DISCLOSURE: HOUSING BUILT BEFORE 1978 MAY CONTAIN LEAD-BASED PAINT. LEAD FROM PAINT, PAINT CHIPS, AND DUST CAN POSE HEALTH HAZARDS IF NOT MANAGED PROPERLY. LEAD EXPOSURE IS ESPECIALLY HARMFUL TO YOUNG CHILDREN AND PREGNANT WOMEN. BEFORE RENTING PRE-1978 HOUSING, LESSORS MUST DISCLOSE THE PRESENCE OF KNOWN LEAD-BASED PAINT AND/OR LEAD-BASED PAINT HAZARDS IN THE DWELLING. LEASES MUST ALSO RECEIVE A FEDERALLY APPROVED PAMPHLET ON LEAD POISONING PREVENTION.**

Landlord states as follows: [Landlord check one]

☐ The leased premise was constructed in 1978 or later.

☒ The leased premise was constructed prior to 1978. Landlord has conformed with all federal requirements regarding lead-based paint disclosure including the completion and mutual signing with Tenant and any agents, of the Lead-Based Paint Disclosure Form attached hereto and incorporated into this lease as a part hereof. All associated information required by the Disclosure form (if any) was furnished to Tenant, and Tenant received the EPA pamphlet *"Protect Your Family from Lead in Your Home."*

**36. ADDITIONAL PROVISIONS:**

_____
_____
_____
_____
_____
_____
_____

\* \* \*

## WITNESS THE SIGNATURES OF THE PARTIES TO THIS RESIDENTIAL LEASE AGREEMENT:

LANDLORD   Matthew W. Bahr, Lessor

Sign: *[signature]*                    Print: Jamarlo K. GumBayTay, Agent    Date: 10/1/06

TENANT

Sign: *[signature]*                    Print: Yolanda Boswell, Lessee    Date: 10/1/06

Addendum to Lease for 964 North Gap Loop, Montgomery, AL 36110

The tenant is expected to keep the outside of his residence clean and neat including but not limited to:

☐      Lawn should be kept cut, raked and edged

☐      No junked or abandoned vehicles on property

☐      No trash/paper/debris in yard or on lawn

☐      No automobiles parked on lawn

☐      Other _____

If any of these problems should be brought to the attention of the tenant, and nothing is done in five (5) days, Agent is authorized hire an outside contractor to resolve the issue. If this action has to be taken, you will be billed for these services on your next month's rent. If you refuse to pay such fees, legal action will be taken against you in accordance with Alabama Laws.

Signed: _____
Yolanda Boswell, Lessee

Date: _____

# EXHIBIT
# B



# The Elite Real Estate Consulting Group
### Real Estate Management
4013 Tiffany Drive
Montgomery, Alabama 36110-3003

Fax:
334-241-5986

Cellular Phone:
334-202-8676

# FAX TRANSMITTAL FORM

TO: Ms. Yolanda Boswell

CC: _____

ORGANIZATION: _____

TELEPHONE: _____

FAX: _____

DATE SENT: 01/19/07

TIME SENT: _____

# OF PAGES INCLUDING COVER PAGE: _____

FROM: Jamarlo K. GumBayTay, Ph.D., Ed.S.
CELL: (334) 202-8676

☑ URGENT
☑ FOR REVIEW
☐ PLEASE COMMENT
☑ PLEASE REPLY

## Grounds For Termination

COMMENTS: Settlement offered if you bring as 1 late fees and Rent Current. According to our records the following Documentation ~~was~~ in our files. (See the attached.)

* Your Rent is due on the 1st day of each month - and deemed late after the 5th. We have no written/verbal agreements that state anything differently. Thus, your late fee's have now gain a total fee(s) of ($200) 10ct06 - Jan07... If you have receipts proving otherwise, please copy them then forward them ASAP!

* In the event, you do not pay your Rent in full and on time each month affective per our Lease agreement. Thus, you must move or legal action will without a doubt be taken this month. We will not except any further Rents from you in the future. Don't pay Feb 07 Rent - We will NOT except anymore Rents from you - Have your attorney Contact us ASAP! In order for us to provide them our Legal Counsel Name & Phone Number... Your Harrassment Action is baseless, We will Counter Suite for Slander. We tried to help you not harrass you or your family. You can not live any place for free and/or fair Mo. Rent.



# The Elite Real Estate Consulting Group

**Real Estate Management**
4013 Tiffany Drive
Montgomery, Alabama 36110-3003

Fax:
334-241-5986

Cellular Phone:
334-202-8676

## FAX TRANSMITTAL FORM

TO: *Ms. Yolanda Boswell*    FROM: Jamarlo K. GumBayTay, Ph.D., Ed.S.
CC: _____    CELL: (334) 202-8676
ORGANIZATION: _____
TELEPHONE: _____
FAX: _____        ☒ URGENT
DATE SENT: *01/18/07*        ☒ FOR REVIEW
TIME SENT: _____   ☐ PLEASE COMMENT
# OF PAGES INCLUDING COVER PAGE: _____  ☒ PLEASE REPLY

COMMENTS: Eviction Notice for Non payments of Rents
And late Fees... # per our conversation on 1/16/07 - we have reviewed our files
and determine your lease for $450.00 that you have in your
procession was for your use, Edith in order for them
provide you some additional benefits. Lynn @ Letter perfect
and I both allow this to be address in order to help your
family. And, I do mean help! generally you would not meet
our rental guide lines. Due to all of the collections, Judgem
and prior evictions on your Credit Bureau. Nonetheless, we
over looked most of these items to help a desperate family in
need of shelter. Here's the Facts... Therefore, contrary to you
accounts of harrasements is unfunded. We have turned this
matter over to my Attorney in order to pursuit defamation of
Charracter / slander charges. If you what to suit based on these,
Groundless charges - Then prepare to go to court in the future
In the mean time, please review your records, files,
receipts to document all payments to us including late
Fees. Your threats will not and shall not prevent us from
Moving Forward with you eviction by FEB 1, 2007...

| date | 01/19/07 |
|------|----------|
| project | Collections of back rents & late fees |
| page | 1 OF 3 |

Warning Note & Lease Attached

Note w/ Items underlined and agreed upon by you as noted with your signature on it.

* Short term Lease to be use only for the purpose of Use @ DHR - per your request Dated 01Oct06 - 01Sept06 - If you have a Lease that reflect something different provide proof. There this Lease you have for $450.00 has expired - Your Rent is $550.00 Month to Month. Due to your credit rating and Collections... your deposit was $50.00 - This Unit Rents for $550.00 your land Lord Must pay his Mortgage payment and Me for Services @ this house. (Principle, Interest, taxes, Insurance, Elite Fees) are all included in the $80.00 There's no way we can rent this Unit for $450.00 and I explain this to you.

task list:
* File Eviction Notice within 7 Days.
* File Law Suite for back payments within 10 days

TKG

## NOTICE OF DEFAULT IN PAYMENT OF RENT
## WARNING PRIOR TO DEMAND TO PAY OR TERMINATE
## RESIDENTIAL LEASE

TO: Tenant(s): *Ms. Yolanda Boswell* FROM: Landlord: ~~ELITE ENTERPRISE~~
~~4013 Tiffany Drive~~
~~Montgomery, AL 36110-3003~~
~~(334)202-8676~~

Address of Leased Premises: *804 N. Caploop*

This NOTICE is provided to you regarding the rental payments on the Leased Premises. According to my records, you have not made the ~~rental~~ *rent* payment*s* for the month of *Oct- Dec06*. This WARNING is to provide you with written information about your rental payments and consequences of your failure to pay timely.

Pursuant to the lease to you, rental payments are due on the _____ day of each month. If the payment is not paid by the due date, the rental payment is not paid timely.

If the rental is not paid timely, your Landlord has the right to provide you with a Notice to Pay or Lease Terminates which provides that if you do not pay within the stated notice period, the lease may be terminated and you must vacate the property.

The amount currently due is: *(Due for Dec (500.00)*                    *Due/including late Fees*
$ *400.00 (paid)* Rent for *Dec 06*  (*600 ℒ⁰ for Jan 07 - paid 500.00*)
$ *50.00* Late Charges
$ *50.00* Other *Shortages*
$ *Back late fees* Other *Lease signed 1 Oct 06 - ENDED Sept 06*
    *(oct-Sept)*
$ *600.00* Total (exclusive of future accruing costs

Please pay this amount to me immediately. If you continue to fail to make rental payments timely, I will have no option but to provide a formal notice to pay or terminate.

Signed, this the *18* day of *Jan* , 20*07*.

Signed: *Armand K. Funk, Secretary* *According to our records the following has occured:*
Landlord/Lessor or authorized agent *If you have records or documentation that says otherwise please provide them to*
*Charge Due Late fees from oct - Jan 07 - Rent*
*Due on the 1st Day of each month... past due after the 5th...*
*You only paid 400 ℒ⁰ plus 50.00 late fee for (100.00) past due*
*Rent... for oct06 - Jan07 (Rent is 650 ℒ⁰ not 450 ℒ⁰)...*

**The Elite Real Estate Consulting Group**
**Real Estate Management**
4013 Tiffany Drive
Montgomery, Alabama 36110-3003

Fax:
334-241-5986

Cellular Phone
334-202-8676

Formatted: Right: 0"

Formatted: Indent: Left: -1"

Formatted: Indent: Left: -1", Right -1"

# WARNING!

## Warning prior to taking further actions

While visiting your property today on _01/18/07_ (date), I observed the following situation/problem:

This problem/situation must be corrected within the next five (5) days or an outside contractor will be hired to resolve this issue. If this action is necessary and carried through, you will be billed for services on your next month's rent. And, if you refuse to pay such fees, legal action will be taken against you in accordance with Alabama law to collect these fees.

The item or items listed below was/were observed today and must be corrected within five days. Please contact me today to inform me of your intention to correct the following checked items.

The tenant is expected to keep the outside of his residence clean and neat including, but not limited to:

- ☐ Lawn needs cutting, raking and/or edged
- ☑ Junked or abandoned vehicles on property
- ☐ Trash/paper/debris in yard or on lawn
- ☑ Automobiles parked on lawn
- ☑ Other _Late fees_

*FINED $15.00*
*Must be paid on FEB07 Rent...*

Thank you,
The Management

*You have been warned during the Months of NOV06 & Dec 06 (at least once time per month) about parking your car on the owner's front & rear yard. Per your rental agreement you are (now) in violation for a third time and must pay said fine on or before your next month's rent. Failure to do so, will terminate this lease or cause us to take further legal action(s)...*

*JKG*

## ALABAMA RESIDENTIAL LEASE/PURCHASE AGREEMENT

This Residential Lease Agreement (hereinafter "Lease") is entered into this the 1st day of October ,2006 , by and between the Lessor: Matthew W. Bahr , (hereinafter referred to as "Landlord"), and the Lessee(s): Yolanda Boswell                                                                    All Lessees ( hereinafter referred to collectively as "Tenant"), are, jointly, severally and individually bound by, and liable under, the terms and conditions of this Lease.

For the valuable consideration described below, the sufficiency of which is hereby acknowledged, Landlord and Tenant do hereby covenant, contract and agree as follows:

**1. GRANT OF LEASE:** Landlord does hereby lease unto Tenant, and Tenant does hereby rent from Landlord, solely for use as a personal residence, excluding all other uses, the personal residence located in Montgomery County, Alabama, with address of- 964 North Gap Loop, Montgomery, AL 36110

including the following items of personal property: N/A

**2. NATURE OF OCCUPANCY:** As a special consideration and inducement for the granting of this Lease by the Landlord to the Tenant, the personal residence described above shall be used and occupied only by the members of the Tenant's family or others whose names and ages are set forth below:

**3. TERM OF LEASE:** This Lease shall commence on the 1st day of October , 2006 , and extend until its expiration on the 30th day of September , 2006 , unless renewed or extended pursuant to the terms herein.

*Ex pired- Short term Lease for DHR purpose.*

**4. SECURITY DEPOSIT:** Upon execution of this Lease, Tenant shall deposit the sum of $ 350.00 to be held by Landlord as a security deposit for reasonable cleaning of, and repair of damages to, the premises upon the expiration or termination of this Lease, or other reasonable damages resulting from a default by Tenant. Tenant shall be liable to Landlord for all damages to the leased premises upon the termination of this Lease, ordinary wear and tear excepted. Tenant is not entitled to interest on the security deposit. Tenant may not apply the security deposit to any rent due under this Lease. If Landlord sells or assigns the leased premises, Landlord shall have the right to transfer Tenant's security deposit to the new owner or assignee to hold under this Lease and upon so doing Landlord shall be released from all liability to Tenant for return of said security deposit.

Upon expiration or termination of this Lease, the security deposit shall be applied as follows: The Landlord, by written notice delivered to the Tenant, may claim of such payment or deposit only such amounts as are reasonably necessary to remedy the Tenant's defaults in the payment of rent, to repair damages to the premises caused by the Tenant, exclusive of ordinary wear and tear, to clean such premises upon termination of the tenancy, or for other reasonable and necessary expenses incurred as the result of the Tenant's default, if the payment or deposit is made for any or all of those specific purposes. The written notice by which the Landlord claims all or any portion of such payment or deposit shall itemize the amounts claimed by such Landlord. Any remaining portion of such payment or deposit shall be returned to the Tenant no later than forty-five (45) days after the termination of his tenancy, the delivery of possession and written demand by the Tenant including Tenant's forwarding address.

**5. RENT PAYMENTS:** Tenant agrees to pay rent unto the Landlord during the term of this Lease in equal monthly installments of $ 350.00 , said installment for each month being due and payable on or before the 1st day of the month, the first full rent payment under this Lease being due on the 1st day of October , 2006

Tenant agrees that if rent is not paid in full on or before the 5th day of the month, Tenant will pay a late charge of $ 50.00 as allowed by applicable Alabama law.

The prorated rent from the commencement of this Lease to the first day of the following month is $ N/A , which amount shall be paid at the execution of this Lease.

Tenant agrees that rent shall be paid in lawful money of the United States by (indicate those that apply): ☒ cash, ☐ personal check, ☒ money order, ☒ cashier's check, ☒ other deposit to Wachovia Bank Rent payments shall be made payable to Jamarlo K. GumBayTay, Agent and mailed or delivered to the following address: 800 Madison Avenue, Montgomery, AL 36104 (Wachovia Bank) All notices from Tenant to Landlord under this Lease and applicable Alabama law shall be delivered. to the above address.

Tenant agrees that rent monies will not be considered paid until Landlord or Landlord's agent receives the rent monies, either by mail or by delivery to the above address. Tenant placing rent monies in the mail is not sufficient for rent to be considered paid, and rent will be considered unpaid until actual receipt thereof

If there are multiple Tenants signed to this Lease, all such Tenants are jointly, severally and individually bound by, and liable under, the terms and conditions of this Lease. A judgment entered against one Tenant shall be no bar to an action against other Tenants.

**6. CONSEQUENCES OF BREACH BY TENANT:** If Tenant, by any act or omission, or by the act or omission of any of Tenant's family or invitees, licensees, and/or guests, violates any of the terms or conditions of this Lease or any other ddocuments made a part hereof by reference or attachment, Tenant shall be considered in breach of this Lease (breach by one tenant shall be considered breach by all tenants where Tenant is more than one person).

As per Alabama Code § 35-9-6, when Tenant breaches any of the terms of a lease, the Landlord may elect to terminate the lease and evict Tenant, in which case Landlord must give a minimum ten (10) day written notice to Tenant of termination of the lease and that Tenant must quit, and deliver up, the leased premises by the expiration of the period of notice. Tenant may or may not be given a chance to cure the breach within the period of notice.

Tenant expressly agrees and understands that upon Landlord's termination of this Lease, the entire remaining balance of unpaid rent for the remaining term of this Lease **shall ACCELERATE,** whereby the entire sum shall become immediately due, payable, and collectable, Landlord may hold the portion of Tenant's security deposit remaining after reasonable cleaning and repairs as a partial offset to satisfaction of the accelerated rent.

**7. DELIVERY OF NOTICES:** Any giving of notice under this Lease or applicable Alabama law shall be made by Tenant in writing and delivered to the address noted above for the payment of rent, either by hand delivery or by mail. Certified or registered mail is recommended. Delivery by mail shall not be considered complete until actual receipt by Landlord or Landlord's agent.

Any notices from Landlord to Tenant shall be in writing and shall be deemed sufficiently served upon Tenant when deposited in the mail addressed to the leased premises, or addressed to Tenant's last known post office address, or hand delivered, or placed in Tenant's mailbox. If Tenant is more than one person, then notice to one shall be sufficient as notice to all.

**8. UTILITIES:** Tenant will provide and pay for the following utilities (indicate those that apply): ☒ Electric, ☒ Gas, ☒ Telephone, ☒ Cable Television, ☒ Water, ☒ Garbage pick-up.

Landlord will provide and pay for the following utilities (indicate those that apply): ☐ Electric, ☐ Gas, ☐ Telephone, ☐ Cable Television, ☐ Water, ☐ Garbage pick-up.

Tenant shall be responsible for contacting and arranging for any utility service not provided by the Landlord, and for any utilities not listed above. Tenant shall be responsible for having same utilities disconnected on the day Tenant delivers the leased premises back unto Landlord upon termination or expiration of this Lease.

**9. NOTICE OF INTENT TO SURRENDER:** Any other provision of this lease to the contrary notwithstanding, at least thirty (30) days prior to the normal expiration of the term of this Lease as noted under the heading TERM OF LEASE above, Tenant shall give written notice to Landlord of Tenant's intention to surrender the residence at the expiration of the Lease term. If said written notice is not timely given, the Tenant shall become a month-to-month tenant as defined by applicable Alabama law, and all provisions of this Lease will remain in full force and effect, unless this Lease is extended or renewed for a specific term by written agreement of Landlord and Tenant.

if Tenant becomes a month-to-month tenant in the manner described above, Tenant must give a thirty (30) day written notice to the Landlord of Tenant's intention to surrender the residence. At any time during a month-to-month tenancy Landlord may terminate the month-to-month Lease by serving Tenant with a written notice of termination, or by any other means allowed by applicable Alabama law, Upon termination, Tenant shall vacate the premises and deliver same unto Landlord on or before the expiration of the period of notice.

## 10. OBLIGATIONS AND DUTIES OF LANDLORD:

Landlord shall:

(a) Comply with the requirements of applicable building and housing codes materially affecting health and safety;

(b) Maintain the dwelling unit, its plumbing, heating and/or cooling system, in substantially the same condition as at the inception of the lease, reasonable wear and tear excluded, unless the dwelling unit, its plumbing, heating and/or cooling system is damaged or impaired as a result of the deliberate or negligent actions of the Tenant or those present with Tenant's knowledge or permission.

## I 1. OBLIGATIONS AND DUTIES OF TENANT:

Tenant shall:

(a) Keep that part of the premises that he occupies and uses as clean and as safe as the condition of the premises permits;

(b) Dispose from his dwelling unit all ashes, rubbish, garbage and other waste m a clean and safe manner in compliance with community standards;

(c) Keep all plumbing fixtures in the dwelling unit used by the Tenant as clean as their condition permits;

(d) Use in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air conditioning and other facilities and appliances, including elevators, in the premises;

(e) Not deliberately or negligently destroy, deface, damage, impair or remove any part of the premises or knowingly permit any other person to do so;

(f) Conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of their premises;

(g) Inform the Landlord of any condition of which he has actual knowledge which may cause damage to the premises;

(h) To the extent of his legal obligation, maintain the dwelling unit in substantially the same condition, reasonable wear and tear excepted, and comply with the requirements of applicable building and housing codes materially affecting health and safety;

(i) Not engage in any illegal activity upon the leased premises as documented by a law enforcement agency;

0) Keep no pets of any kind, except by written consent    · upon the leased premises, or in any common area.

Tenant agrees that any violation of these provisions shall be considered a breach of this Lease.

12. **NO ASSIGNMENT:** Tenant expressly agrees that the leased premises nor any portion thereof shall not be assigned or sub-let by Tenant without the prior written consent of Landlord.

13. **TENANT INSURANCE:** Landlord shall not be liable to Tenant, Tenant's family or Tenant's invitees, licensees, and/or guests for damages not proximately caused by Landlord or Landlord's agents. Landlord will not compensate Tenant or anyone else for damages proximately caused by any other source whatsoever, or by Acts of God, and Tenant is therefore strongly encouraged to independently purchase insurance to protect Tenant, Tenant's family, Tenant's invitees, licensees, and/or guests, and all personal property on the leased premises and/or in any common areas from. any and all damages.

14. **CONDITION OF LEASED PREMISES:** Tenant hereby acknowledges that Tenant has examined the leased premises prior to the signing of this Lease, or knowingly waived said examination. Tenant acknowledges that Tenant has not relied on any representations made by Landlord or Landlord's agents regarding the condition of the leased premises and that Tenant takes premises in its AS-IS condition with no express or implied warranties or representations beyond those contained herein or required by applicable Alabama law. Tenant agrees not to damage the premises through any act or omission, and to be responsible for any damages sustained through the acts or omissions of Tenant, Tenant's family or Tenant's invitees, licensees, and/or guests. If such damages are incurred, Tenant is required to pay for any resulting repairs at the same time and in addition to the next month's rent payment, with consequences for non-payment identical to those for non-payment of rent described herein. At the expiration or termination of the Lease. Tenant shall return the leased premises in as good condition as when taken by Tenant at the commencement of the lease, with only normal wear-and-tear excepted. Tenant shall have the right to remove from the premises Tenant's fixtures placed thereon by Tenant at his expense, provided, however, that Tenant in effecting removal, shall restore the leased premises to as good, safe, sound, orderly and sightly condition as before the addition of Tenant's fixture. Failing this, Tenant shall be obligated to pay for repairs as stated above.

15. **ALTERATIONS:** Tenant shall make no alterations, decorations, additions, or improvements to the leased premises without first obtaining the express written consent of Landlord. Any of the above-described work shall become part of the dwelling. If carried out by independent contractors, said contractors must be approved by Landlord. Tenant shall not contract for work to be done without first placing monies sufficient to satisfy the contract price in an escrow account approved by Landlord. All work shall be done at such times and in such manner as Landlord may designate. If a construction or mechanic's lien is placed on the leased premises as a result of the work, such shall be satisfied by Tenant within ten (10) days thereafter at Tenant's sole expense. Tenant shall be considered in breach of this Lease upon failure to satisfy said lien.

16. **NO ILLEGAL USE:** Tenant shall not perpetrate, allow or suffer any acts or omissions contrary to law or ordinance to be carried out upon the leased premises or in any common area. Upon obtaining actual knowledge of any illegal acts or omissions upon the leased premises, Tenant agrees to immediately inform Landlord and the appropriate authorities. Tenant shall bear responsibility for any and all illegal acts or omissions upon the leased premises and shall be considered in breach of this Lease upon conviction of Tenant or any of Tenant's family or invitees, licensees, and/or guests for any illegal act or omission upon the leased premises- whether known or unknown to Tenant.

17. **NOTICE OF INJURIES:** In the event of any significant injury or damage to Tenant, Tenant's family, or Tenant's invitees, licensees, and/or guests, or any personal property, suffered in the leased premises or in any common area, written notice of same shall be provided by Tenant to Landlord at the address designated for delivery of notices (identical to address for payment of rent) as soon as possible but not later than five (5) days after said injury or damage. Failure to provide such notice shall constitute a breach of this Lease.

18. **LANDLORD'S RIGHT TO MORTGAGE:** Tenant agrees to accept the premises subject to and subordinate to any existing or future mortgage or other lien, and Landlord reserves the right to subject premises to same. Tenant agrees to and hereby irrevocably grants Landlord power of attorney for Tenant for the sole purpose of executing and delivering in the name of the Tenant any document(s) related to the Landlord's right to subject the premises to a mortgage or other lien.

19. **DELAY IN REPAIRS:** Tenant agrees that if any repairs to be made by Landlord are delayed by reasons beyond Landlords control, there shall be no effect on the obligations of Tenant under this Lease.

20. **ABANDONMENT:** Abandonment shall be defined as the absence of the Tenant from the leased premises for a period of seven (7) or more consecutive days while rent or any owing monies remain unpaid- whereupon Tenant will be considered in breach of this Lease. This definition is subordinate to, and shall not in any way impair, the rights and remedies of Landlord under this Lease or applicable Alabama law, except that in case of abandonment, Landlord or Landlord's agents may immediately or any time thereafter enter and re-take the leased premises as provided by applicable Alabama law, and terminate this Lease without notice to Tenant.

21. **NOTICE OF ABSENCE FROM PREMISES:** If Tenant is to be absent from the leased premises for seven (7) or more consecutive days, written notice of such should be served upon Landlord. If such absences are to be customary or frequent, the expected frequency and duration of absence should be summarily noted here:  N/A

Tenant expressly agrees and understands that absence from the premises, with or without notice, in no way obviates the requirement to pay rent and other monies as stated herein, or the consequences of failure to timely pay same.

22. POSSESSION OF PREMISES: Tenant shall not be entitled to possession of the premises designated for lease until the security deposit and first month's rent (or prorated portion thereof), less any applicable promotional discount, is paid in full and the premises designated for lease is vacated by the prior tenant.

23. **DELAY OF POSSESSION**: Tenant expressly agrees that if by reason of the premises being unready for occupancy, or by reason of the previous tenant or occupant of the dwelling holding over, or as a result of any other cause whatsoever, Tenant is unable to enter and occupy the premises, Landlord shall not be liable to Tenant in damages, but shall abate the rent for the period in which the Tenant is unable to occupy the premises.



24. **MATERIALITY OF APPLICATION TO RENT:** All representations made by Tenant(s) on the Application to Rent (or Retitled document) are material to the grant of this Lease, and the Lease is granted only on condition of the truthfulness and accuracy of said representations. If a failure to disclose or lack of truthfulness is discovered on said Application, Landlord may deem Tenant to be in breach of this Lease.

25. **MODIFICATION OF THIS LEASE:** Any modification of this lease shall not be binding upon Landlord unless in writing and signed by Landlord or Landlord's authorized agent. No oral representation shall be effective to modify this Lease. If, as per the terms of this paragraph, any provision of this lease is newly added, modified, or stricken out, the remainder of this Lease shall remain in full force and effect.

26. **REMEDIES NOT EXCLUSIVE:** The remedies and rights contained in and conveyed by this Lease are cumulative, and are not exclusive of other rights, remedies and benefits allowed by applicable Alabama law.

27. **SEVERABILITY:** If any provision herein, or any portion thereof, is rendered invalid by operation of law, judgment, or court order, the remaining provisions and/or portions of provisions shall remain valid and enforceable and shall be construed to so remain.

28. **NO WAIVER:** The failure of Landlord to insist upon the strict performance of the terms, covenants, and agreements herein shall not be construed as a waiver or relinquishment of Landlord's right thereafter to enforce any such term, covenant, or condition, but the same shall continue in full force and effect. No act or omission of Landlord shall be considered a waiver of any of the terms or conditions of this Lease, nor excuse any conduct contrary to the terms and conditions of this Lease, nor be considered to create a pattern of conduct between the Landlord and Tenant upon -which Tenant may rely upon if contrary to the terms and conditions of this Lease.

29. **ATTORNEY FEES:** In the event that Landlord employees an attorney to collect any rents or other charges due hereunder by Tenant or to enforce any of Tenant's covenants herein or to protect the interest of the Landlord hereunder, Tenant agrees to pay a reasonable attorney's fee and all expenses and costs incurred thereby.

30. **HEIRS AND ASSIGNS:** It is agreed and understood that all covenants of this lease shall succeed to and be binding upon the respective heirs, executors, administrators, successors and, except as provided herein, assigns of the parties hereto, but nothing contained herein shall be construed so as to allow the Tenant to transfer or assign this lease in violation of any term hereof.

31. **DESTRUCTION OF PREMISES:** In the event the leased premises shall be destroyed or rendered totally -untenable by fire, windstorm, or any other cause beyond the control of Landlord, then this Lease shall cease and terminate as of the date of such destruction, and the rent shall then be accounted for between Landlord and Tenant up to the time of such damage or destruction of said premises as if being prorated as of that date. In the event the leased premises are damaged by fire, windstorm or other cause beyond the control of Landlord so as to render the same partially untenable, but repairable within a reasonable time, then this lease shall remain in force and effect and the Landlord shall, within said reasonable time, restore said

promises to substantially the condition the premises were in prior to said damage, and there shall be an abatement in rent in proportion to the relationship the damaged portion of the leased premises bears to the whole of said premises.

32. **EMINENT DOMAIN:** In the event that the leased premises shall be taken by eminent domain, the rent shall be prorated to the date of taking and this Lease shall terminate on that date.

33. *LANDLORD ENTRY AND LIEN.* In addition to the rights provided by applicable Alabama law, Landlord shall have the right to enter the leased premises at all reasonable times for the purpose of inspecting the same and/or showing the same to prospective tenants or purchasers, and to make such reasonable repairs and alterations as may be deemed necessary by Landlord for the preservation of the leased premised or the building and to remove any alterations, additions, fixtures, and any other objects which may be affixed or erected in violation of the terms of this Lease. Landlord shall give reasonable notice of intent to enter premises except in the case of an emergency. Furthermore, Landlord retains a Landlord's Lien on all personal property placed upon the premises to secure the payment of rent and any damages to the leased premises.

34. GOVERNING LAW: This Lease is governed by the statutory and case law of the State of Alabama.

35. LEAD-BASED PAINT DISCLOSURE: **HOUSING BUILT BEFORE 1978 MAY CONTAIN LEAD-BASED PAINT. LEAD FROM PAINT, PAINT CHIPS, AND DUST CAN POSE HEALTH HAZARDS IF NOT MANAGED PROPERLY. LEAD EXPOSURE IS ESPECIALLY HARMFUL TO YOUNG CHILDREN AND PREGNANT WOMEN. BEFORE RENTING PRE-1978 HOUSING, LESSORS MUST DISCLOSE THE PRESENCE OF KNOWN LEAD-BASED PAINT AND/OR LEAD-BASED PAINT HAZARDS IN THE DWELLING. LEASES MUST ALSO RECEIVE A FEDERALLY APPROVED PAMPHLET ON LEAD POISONING PREVENTION.**

Landlord states as follows: [Landlord check one]

☐ The leased premise was constructed in 1978 or later.

☒ The leased premise was constructed prior to 1978. Landlord has conformed with all federal requirements regarding lead-based paint disclosure including the completion and mutual signing with Tenant and any agents, of the Lead-Based Paint Disclosure Form attached hereto and incorporated into this lease as a part hereof. All associated information required by the Disclosure form (if any) was furnished to Tenant, and Tenant received the EPA pamphlet *"Protect Your Family from Lead in Your Home."*

36. **ADDITIONAL PROVISIONS:**

_____
_____
_____
_____
_____
_____

\* \* \*

**WITNESS THE SIGNATURES OF THE PARTIES TO THIS RESIDENTIAL LEASE AGREEMENT:**

LANDLORD   Matthew W. Bahr, Lessor

Sign: *Jamarlo K GumBayTay*          Print: Jamarlo K. GumBayTay, Agent     Date: 10/1/06

TENANT

Sign:                                 Print: Yolanda Boswell, Lessee     Date: 10/1/06

Addendum to Lease for <u>964 North Gap Loop, Montgomery, AL 36110</u>

The tenant is expected to keep the outside of his residence clean and neat including but not limited to:

☐    Lawn should be kept cut, raked and edged

☐    No junked or abandoned vehicles on property

☐    No trash/paper/debris in yard or on lawn

☐    No automobiles parked on lawn

☐    Other _____

If any of these problems should be brought to the attention of the tenant, and nothing is done in five (5) days, Agent is authorized hire an outside contractor to resolve the issue. If this action has to be taken, you will be billed for these services on your next month's rent. If you refuse to pay such fees, legal action will be taken against you in accordance with Alabama Laws.

Signed: _____
Yolanda Boswell, Lessee

Date: _____

# Exhibit C

Exhibit C

ELITE ENTERPRISE
4013 TIFFANY DRIVE
MONTGOMERY, AL 36110-3003
(202) 202-8676

MEMORANDUM

From The Desk Of Jamarlo K. Gumbaytay Ph.D., EDS
To All Tenant New and Old

RE: Goals and Objective (My pledge to you)

Greeting!  Happy New Year!!!  I'm hopeful that all is well with you and your loved ones.

It is my desire to continue to work with all new and old tenants in the upcoming year.  Thus, I've set some goals and objectives to accomplish for this new year.

On behalf of all of your landlords, I pledge to, (one) address all service calls within 48 hours of receipt.  Depending on the nature of the call, I pledge to have all work completed within five (5) business days.   However you must keep in touch with me on a daily basis if you expect this type of response.  Once I issue a service call out to Eric Crews and his crew, I have no way of knowing the status of a call unless you keep me informed.  You have a right to expect service within a reasonable time frame.  Thus, it's my duty to see that this happens.

I pledge to inspect your property at lease once every four months.  It's very important to both Elite and your landlord that you do your part in maintaining your rental unit.  Even though you are renting, please treat your home as if you own it with the property care and respect.  Thus, you must keep in touch with Ms. Wanda Johnson.  In order to schedule an appointment with her ASAP!  She can be reached at (334) 220-4650.  This is her cell # so do leave a message in the event you do not reach her.

I pledge to meet all new tenants within the first sixty (60) days of this year.  Thus, if you just came under Elite's management within the past one hundred

and twenty (120) days or less, please call me as soon as you can to schedule an in house appointment with you. I will be happy to visit with you in your home at your convenience so you can get to know your management team. Remember you can always reach me at (334) 202-8676 (24/7). It's a must that this visit must take place within the first sixty (60) days so we can update your file.

Most of you don't have applications on file and/or updated leases. Some of you have changed job(s) and phone numbers. Remember it's your responsibility to provide us with this information in order to keep your file(s) current and in the event of an emergency. Therefore, please complete the enclosed application today then hold on to it until we meet in person.

Last but not least, I pledge to notify your landlord within seventy-two (72) hours of a service call if the work has not been completed as discussed. However, "There are always exceptions to the rule". Regardless, your concerns are our concerns both Elite's and your landlords.

Now, here's what I need for you to do for me. It is your duty and responsibility to keep your home clean and in good condition both inside and out. That means no junked or abandoned vehicles on the premises. Don't park on the lawn under any circumstances. You will be fined if warned more than twice. If said fines are not paid, I can assure you either it will come from your deposit and/or you will be sued to collect the fines. Also, it is your duty and responsibility to call me if you are going to be late with your rent payment or not pay it at all due to unforeseen circumstances. There's always a solution to the problem if you talk to me. Late fees, if not paid, will be deducted from your deposit and/or you will be sued to collect. A notice will be forwarded to Director Cathy Harris of the Montgomery Housing Authority explaining to them if and when such action will be taken. MHA will also be notified in writing if you continue to be this sort of problem. Any and all negative occurrences in our unit(s) that is your responsibility will be reported (i.e. lawn not being maintained, junked or abandoned vehicles, late fees and non payment of your share of the rent) to MHA.

We want to be fair and reasonable with you, however, everyone is not doing what they are required to do. Thus, from this point forward I will do my

best to make sure nothing will be over looked.  Remember, you have the same rights of fair and reasonable treatment as our tenants.  In the event you are not happy or satisfied with our services, please put it in writing to me first.  Then, and only then, if the matter is not being resolved, you have the right to forward that copy to the MHA.

I look forward to a wonderful business relationship with each and every one of you this year.  Remember, I am here to answer any questions or concerns you have.

Sincerely,

Jamarlo K. Gumbaytay

ELITE ENTERPRISE
4013 TIFFANY DRIVE
MONTGOMERY, AL  36110-3003
(202) 202-8676

MEMORANDUM

From The Desk Of Jamarlo K. Gumbaytay Ph.D., EDS
To All Tenant New and Old

RE: Goals and Objective (My pledge to you)

Greeting!  Happy New Year!!!  I'm hopeful that all is well with you and your
loved ones.

It is my desire to continue to work with all new and old tenants in the
upcoming year.  Thus, I've set some goals and objectives to accomplish for
this new year.

On behalf of all of your landlords, I pledge to, (one) address all service calls
within 48 hours of receipt.  Depending on the nature of the call, I pledge to
have all work completed within five (5) business days.  However you must
keep in touch with me on a daily basis if you expect this type of response.
Once I issue a service call out to Eric Crews and his crew, I have no way of
knowing the status of a call unless you keep me informed.  You have a right
to expect service within a reasonable time frame.  Thus, it's my duty to see
that this happens.

I pledge to inspect your property at lease once every four months.  It's very
important to both Elite and your landlord that you do your part in
maintaining your rental unit.  Even though you are renting, please treat your
home as if you own it with the property care and respect.  Thus, you must
keep in touch with Ms. Wanda Johnson.  In order to schedule an appointment
with her ASAP!  She can be reached at (334) 220-4650.  This is her cell #
so do leave a message in the event you do not reach her.

I pledge to meet all new tenants within the first sixty (60) days of this year.
Thus, if you just came under Elite's management within the past one hundred

and twenty (120) days or less, please call me as soon as you can to schedule an in house appointment with you. I will be happy to visit with you in your home at your convenience so you can get to know your management team. Remember you can always reach me at (334) 202-8676 (24/7). It's a must that this visit must take place within the first sixty (60) days so we can update your file.

Most of you don't have applications on file and/or updated leases. Some of you have changed job(s) and phone numbers. Remember it's your responsibility to provide us with this information in order to keep your file(s) current and in the event of an emergency. Therefore, please complete the enclosed application today then hold on to it until we meet in person.

Last but not least, I pledge to notify your landlord within seventy-two (72) hours of a service call if the work has not been completed as discussed. However, "There are always exceptions to the rule". Regardless, your concerns are our concerns both Elite's and your landlords.

Now, here's what I need for you to do for me. It is your duty and responsibility to keep your home clean and in good condition both inside and out. That means no junked or abandoned vehicles on the premises. Don't park on the lawn under any circumstances. You will be fined if warned more than twice. If said fines are not paid, I can assure you either it will come from your deposit and/or you will be sued to collect the fines. Also, it is your duty and responsibility to call me if you are going to be late with your rent payment or not pay it at all due to unforeseen circumstances. There's always a solution to the problem if you talk to me. Late fees, if not paid, will be deducted from your deposit and/or you will be sued to collect. A notice will be forwarded to Director Cathy Harris of the Montgomery Housing Authority explaining to them if and when such action will be taken. MHA will also be notified in writing if you continue to be this sort of problem. Any and all negative occurrences in our unit(s) that is your responsibility will be reported (i.e. lawn not being maintained, junked or abandoned vehicles, late fees and non payment of your share of the rent) to MHA.

We want to be fair and reasonable with you, however, everyone is not doing what they are required to do. Thus, from this point forward I will do my

best to make sure nothing will be over looked.  Remember, you have the same rights of fair and reasonable treatment as our tenants.  In the event you are not happy or satisfied with our services, please put it in writing to me first. Then, and only then, if the matter is not being resolved, you have the right to forward that copy to the MHA.

I look forward to a wonderful business relationship with each and every one of you this year.  Remember, I am here to answer any questions or concerns you have.

Sincerely,

Jamarlo K. Gumbaytay