IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, ) | 2007 FEB 14 P 12: 23 |
| PLAINTIFF, ) | DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT |
| v. ) | CIVIL CASE NO. 2:07-CV-135-WKW |
| JAMARLO K. GUMBAYTAY, )<br>DBA/THE ELITE REAL ESTATE )<br>CONSULTING GROUP )<br>and, ) | **DEMAND FOR JURY TRIAL** |
| MATTHEW W. BAHR, ) | |
| DEFENDANTS. ) | |

## COMPLAINT AND PETITION FOR INJUNCTIVE RELIEF

COMES NOW, Plaintiff, YOLANDA M. BOSWELL, by and through undersigned Counsel, and brings this complaint and petition for injunctive relief, to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601, et seq. (the Fair Housing Act), and in support thereof states the following:

### JURSIDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 3613(a).

2. Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to the Plaintiff's allegations occurred in the Northern Division of the Middle District of Alabama, the subject property is located in the Northern Division of the Middle


SCANNED
LH 2/14/07

1

District of Alabama, and all parties either reside or do business in the Northern Division of the Middle District of Alabama.

## PARTIES

3. The Plaintiff, YOLANDA M. BOSWELL, is a twenty seven (27) year old female who rents property located at ., Montgomery, Alabama. Other residents at the subject property are her four (4) children and her mother, Jeannette Boswell.

4. The Defendant, Jamarlo K. GumBayTay, is a real estate manager doing business under the name of The Elite Real Estate Consulting Group. He is a resident of Montgomery, Alabama. He acts as the agent for the Defendant Matthew W. Bahr, the owner of the subject property. GumBayTay manages the subject property.

5. The Defendant, Matthew W. Bahr, is a resident of Orlando Florida. He owns the property located at Montgomery, Alabama, subject of this action.

## NARRATIVE STATEMENT OF FACTS

6. During the period of time relevant to this action, the Defendants either owned or managed, or both, the rental property (dwelling) located at Montgomery, Alabama, where the Plaintiff currently resides.

7. The Plaintiff's rental house located at , Montgomery, Alabama, constitutes a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

8. Defendants have violated the Fair Housing Act, 42 U.S.C. §§ 3601, et seq., as amended, by discriminating against the Plaintiff, on the basis of sex in connection

2

with the rental of the subject property.

9. At all times herein relevant, Defendant GumBayTay, in doing the acts or in omitting to act as alleged in this complaint, was the agent, employee, or representative of Defendant Bahr and was acting within the course and scope of his actual or apparent authority pursuant to such agency, employment, or representation; or the alleged acts or omissions of Defendant GumBayTay as agent, employee, or representative were subsequently ratified and/or adopted by Defendant Bahr as a principal or employer.

10. From at least October, 2006, through the present, Defendants have engaged in unlawful discrimination, subjecting the Plaintiff, YOLANDA M. BOSWELL, to unlawful discrimination on the basis of sex, including severe pervasive and unwelcome sexual harassment. Such conduct has taken many forms included but not limited to: reducing the rent in exchange for sexual favors, granting rental discounts in exchange for sexual favors, offering utility payment assistance in exchange for sex, and threatening eviction if the Plaintiff refused said sexual advances.

11. On or about October 1, 2006, Ms. Boswell entered into a residential lease agreement between herself and the lessor, Matthew W. Bahr. The lease was signed on or about October 1, 2006 by Ms. Boswell and Mr. Jamarlo K. GumBayTay, an agent and employee of Elite Real Estate Consulting Group and Mr. Bahr. The lease Ms. Boswell signed indicated that the property located at _____, Montgomery, Alabama, would be rented for $450. See Exhibit "A"

12. On or about October 7, 2006, Ms. Boswell, her mother Jeannette Boswell, and her four children moved into the house located at                    , Montgomery, Alabama.

13. From the beginning of her tenancy, the Plaintiff was approached by Defendant, Gumbaytay. During that conversation he offered to the Plaintiff to reduce her rent in exchange for sex. When the Plaintiff refused his sexual advances, he raised her rent.

14. The Plaintiff was informed subsequently by other tenants and/or previous tenants that they had been subjected to the same or similar behavior by the Defendants.

15. In addition, the Defendants have tied Plaintiff's request for repairs for her dwelling unit to sexual favors.

16. On January 19, 2007, GumBayTay left five handwritten pages on Ms. Boswell's door, indicating his intent to evict her from the subject property for her failure to provide sexual favors. See Exhibit B.

17. Attached to these handwritten pages was a modified lease agreement. GumBayTay changed the section marked rent payments to require Ms. Boswell to pay $550 per month, and had initialed next to the change. This unilateral change in the rental agreement was made after the Plaintiff refused his sexual advances.

18. On February 2, 2007, Ms. Boswell received a three-page document from Mr. GumBayTay pledging to address the concerns of the tenants in a timelier manner with the caveat that "you must keep in touch with me if you expect this type of response." The document outlined tenants' duties and responsibilities, including paying rent on time. However, the document noted that there was always a

solution to late rental payments or nonpayment of rent if the tenant contacts Mr. GumBayTay. See Exhibit C.

## INJURIES

19. Defendant Bahr knew, or should have known, about Defendant GumBayTay's sexual coercion of tenants and objectionable pervasive conduct.

20. Defendants have injured the Plaintiff in violation of the Fair Housing Act by discriminating against the Plaintiff, on the basis of sex in connection with the rental of the subject property. By reason of Defendants' unlawful acts and practices, Plaintiff Boswell has suffered violation of her civil rights and emotional distress, including humiliation and mental anguish. Accordingly, Plaintiff is entitled to compensatory damages.

21. The acts and failures of Defendants were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Ms. Boswell, thus entitling her to an award of punitive damages against Defendants.

22. Defendants' actions threaten Ms. Boswell and her family with imminent and irreparable injury, including eviction and displacement from their home; the severing of personal, family, and community ties; discrimination; and even homelessness.

## CLAIMS

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of the complaint herein.

24. The conduct of the Defendants described above constitutes:

   a. A denial of housing or making housing unavailable because of sex, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

5

b. Discrimination in the terms, conditions, or privileges of the rental of, dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b);

c. The making of statements with respect to the rental of dwellings that indicates a preference, limitation, or discrimination based on sex, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c); and

d. Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

25. The Plaintiff is an aggrieved person as defined in 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants' conduct.

26. Defendants' conduct was intentional, willful, and conducted in complete disregard of the rights of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Court enter an ORDER that:

1. This Court takes jurisdiction over this matter and grants the Plaintiff a trial by struck jury;

2. Declares that Defendants' discriminatory practices violate the Fair Housing Act;

3. Enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, pursuant to 42 U.S.C. § 3613 (c)(6), from:

    a. Discriminating on account of sex against any person in any aspect of

the rental of a dwelling;

b. Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act; failing or refusing to take such affirmative steps as may be necessary to restore as nearly as practicable , the Plaintiff to the position she would have been but for the discriminatory conduct;

c. Taking any state court housing law action or self-help remedy to involuntarily remove the Plaintiff from the subject property; and

d. Taking any action, with or without judicial process, to evict, eject, remove, bar or otherwise interfere with Plaintiff's right to enjoy and maintain peaceful and quiet possession of her residence at .

Montgomery, Alabama.

4. Further enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, to:

a. Take such affirmative steps as may be necessary to restore, as nearly as practicable, the Plaintiff to the position she would have been in but for the discriminatory conduct and

b. Take such affirmative steps as may be necessary to prevent such discrimination, harassment, and retaliation in the future.

5. Awards appropriate monetary damages to fully compensate the Plaintiff as an aggrieved person by Defendants' discriminatory housing practices for injuries caused by the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3613(c)(1);

6. Awards punitive damages because of the intentional and willful nature of the Defendants' conduct, pursuant to 42 U.S.C. and 3613(c) (1).

7. Awards Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 3613(c).

8. Grants such other and further relief as this Court deems just and proper under the circumstances.

IN SUMMATION, the Plaintiff further prays for such additional relief as the interests of justice may require.

RESPECTFULLY SUBMITTED:

_Kenneth J. Lay_
KENNETH J. LAY
LEGAL SERVICES ALABAMA, INC.
P.O. BOX 11765
BIRMINGHAM, ALABAMA 35202
(205) 397-6540 EXT. 102
ATTORNEY FOR THE PLAINTIFF

_Connie J. M. Q. Baker_
CONNIE J. M. Q. BAKER
LEGAL SERVICES ALABAMA, INC.
207 MONTGOMERY STREET, SUITE 1100
MONTGOMERY, AL 36104
PHONE: (334) 832-4570
FAX: (334) 241-8683
ATTORNEY FOR THE PLAINTIFF

8

## JURY TRIAL DEMAND

Plaintiff in this matter hereby requests a trial by struck jury.

_____
CONNIE J.M.C. BAKER
ATTORNEY FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of February, 2007, I have served the above foregoing pleading upon the Defendants by placing copies of same in the U.S. Mail, postage prepaid, properly addressed as follows:

| | |
|---|---|
| Jamario K. GumBayTay | Matthew W. Bahr |
| 4013 Tiffany Drive | 1569 Amaryllis Circle |
| Montgomery, AL 36110-3003 | Orlando Florida 32825 |

_____
CONNIE J.M.C. BAKER