IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA M. BOSWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE. NO. 2:07-cv-135-WKW |
| | ) | (WO) |
| JAMARLO K. GUMBAYTAY | ) | |
| DBA/THE ELITE REAL ESTATE | ) | |
| CONSULTING GROUP, and | ) | |
| MATTHEW W. BAHR | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On February 14, 2007, the plaintiff filed a Motion for Emergency Injunctive Relief. To the extent that the plaintiff moves for a temporary restraining order, the motion is DENIED. Fed .R. Civ. P. 65(b) provides that a temporary restraining order may be granted "[o]nly if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). The court concludes that plaintiff's motion fails to demonstrate irreparable harm on its face. Fed .R. Civ. P. 65(b)(2) requires plaintiff's attorney to certify " to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." *Id*. The plaintiff has not provided such certification.

It is ORDERED that a hearing on plaintiff's request for injunctive relief, construed as a request for a preliminary injunction, is set for February 22, 2007 at 4 p.m. in Courtroom 2E of the Frank M. Johnson Courthouse Complex.

DONE this 14th day of February, 2007.

                                      /s/  W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE