IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:07-cv-135 |
| | ) |
| JAMARLO K. GUMBAYTAY, | ) |
| DBA/THE ELITE REAL ESTATE | ) |
| CONSULTING GROUP | ) |
| and, | ) |
| | ) |
| MATTHEW W. BAHR, | ) |
| | ) |
| DEFENDANTS. | |

FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, YOLANDA M. BOSWELL, by and through undersigned Counsel, and brings this complaint to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601, et seq. (the Fair Housing Act), and in support thereof states the following:

**JURSIDICTION**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 3613(a).

2. Venue is proper under 28 U.S.C. § 1391(b) because the actions giving rise to the Plaintiff's allegations occurred in the Northern Division of the Middle District of Alabama, the subject property is located in the Northern Division of the Middle

PDF created with pdfFactory trial version www.pdffactory.com

District of Alabama, and all parties either reside or do business in the Northern Division of the Middle District of Alabama.

## PARTIES

3. The Plaintiff, YOLANDA M.BOSWELL, is a twenty-seven-year-old female who rents property located at 964 North Gap Loop, Montgomery, Alabama. Other residents at the subject property are her four children and her mother, Jennette Boswell.

4. The Defendant, Jamarlo K. GumBayTay, is a real estate manager doing business under the name of The Elite Real Estate Consulting Group. He is a resident of Montgomery, Alabama. He acts as the agent for the Defendant Matthew W. Bahr, the owner of the subject property. GumBayTay manages the subject property.

5. The Defendant, Matthew W. Bahr, is a resident of Orlando, Florida. He owns the property located at 964 North Gap Loop, Montgomery, Alabama, subject of this action.

## STATEMENT OF FACTS

6. During the period of time relevant to this action, the Defendants either owned or managed, or both, the rental property (dwelling) located at 964 North Gap Loop, Montgomery, Alabama, where the Plaintiff currently resides.

7. The Plaintiff's rental house located at 964 North Gap Loop, Montgomery, Alabama, constitutes a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

8. Defendants have violated the Fair Housing Act, 42 U.S.C. §§ 3601, et seq., as amended, by discriminating against the Plaintiff, and possibly others, on the basis

2

PDF created with pdfFactory trial version www.pdffactory.com

of sex in connection with the rental of the subject property.

9. At all times herein relevant, Defendant GumBayTay, in doing the acts or in omitting to act as alleged in this complaint, was the agent, employee, or representative of Defendant Bahr and was acting within the course and scope of his actual or apparent authority pursuant to such agency, employment, or representation; or the alleged acts or omissions of Defendant GumBayTay as agent, employee, or representative were subsequently ratified and/or adopted by Defendant Bahr as a principal or employer.

10. From at least October, 2006, through the present, Defendants have engaged in unlawful discrimination, subjecting the Plaintiff, YOLANDA M. BOSWELL, to unlawful discrimination on the basis of sex, including severe pervasive and unwelcome sexual harassment. Such conduct has taken many forms included but not limited to: offering rental discounts in exchange for sexual favors, offering utility payment assistance in exchange for sex, and increasing the rent and threatening eviction when Ms. Boswell refused said sexual advances.

11. On or about October 1, 2006, Ms. Boswell entered into a residential lease agreement between herself and the lessor, Defendant Bahr. The lease was signed on or about October 1, 2006 by Ms. Boswell and Defendant GumBayTay, an agent and employee of Elite Real Estate Consulting Group and Defendant Bahr. The lease Ms. Boswell signed indicated that the property located at 964 North Gap Loop, Montgomery, Alabama, would be rented for $450. See Exhibit "A"

12. On or about October 7, 2006, Ms. Boswell, her mother Jennette Boswell, and her four children moved into the house located at 964 North Gap Loop, Montgomery,

3

Alabama.

13. From the beginning of her tenancy, Ms. Boswell was approached by Defendant GumBayTay. He repeatedly offered to reduce her rent in exchange for sex. When Ms. Boswell refused his sexual advances, he raised her rent.

14. Ms. Boswell was informed subsequently by other tenants and/or previous tenants that they had been subjected to the same or similar behavior by Defendant GumBayTay.

15. In addition, Defendant GumBayTay has conditioned repairs Ms. Boswell's has requested for her dwelling unit upon sexual favors.

16. On January 19, 2007, Defendant GumBayTay left five handwritten pages on Ms. Boswell's door, indicating his intent to evict her from the subject property based on her failure to provide sexual favors.   See Exhibit B.

17. Attached to these handwritten pages was a modified lease agreement. Defendant GumBayTay had changed the section marked "rent payments" to require Ms. Boswell to pay $550 in rent per month, and had initialed next to the change. This unilateral change in the rental agreement was made after the Plaintiff refused his sexual advances.

18. On February 2, 2007, Ms. Boswell received a three-page document from Defendant GumBayTay pledging to address the concerns of tenants in a more timely manner with the caveat that "you must keep in touch with me if you expect this type of response." The document outlined tenants' duties and responsibilities, including paying rent on time. However, the document noted that there was always a solution to late rental payments or nonpayment of rent if the

PDF created with pdfFactory trial version www.pdffactory.com

tenant contacts Mr. GumBayTay. See Exhibit C.

## INJUIRES

19. Defendant Bahr knew, or should have known, about Defendant GumBayTay's sexual coercion of tenants and objectionable sexually hostile conduct. In addition, Defendant Bahr is vicariously liable for Defendant GumBayTay's sexual harassment of Ms. Boswell.

20. Defendants have injured Ms. Boswell in violation of the Fair Housing Act by discriminating against Ms. Boswell on the basis of sex in connection with the rental of the subject property. By reason of Defendants' unlawful acts and practices, Ms. Boswell has suffered violation of her civil rights and emotional distress, including humiliation and mental anguish. Accordingly, Ms. Boswell is entitled to compensatory damages.

21. The acts and failures of Defendants were intentional, wanton, malicious, oppressive, reckless, and callously indifferent to the rights of Ms. Boswell, thus entitling her to an award of punitive damages against Defendants.

22. Defendants' actions threaten Ms. Boswell and her family with imminent and irreparable injury, including eviction and displacement from their home; the severing of personal, family, and community ties; discrimination; and even homelessness.

## CLAIMS

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of the complaint herein.

24. The conduct of the Defendants described above constitutes:

5

PDF created with pdfFactory trial version www.pdffactory.com

a. A denial of housing or making housing unavailable because of sex, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

b. Discrimination in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b);

c. The making of statements with respect to the rental of dwellings that indicates a preference, limitation, or discrimination based on sex, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c); and

d. Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617

25. The Plaintiff is an aggrieved person as defined in 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants' conduct.

26. Defendants' conduct was intentional, willful, and conducted in complete disregard of the rights of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court:

1. Take jurisdiction over this matter and grants the Plaintiff a trial by struck jury;

2. Declare that Defendants' discriminatory practices violate the Fair Housing Act;

3. Enjoin Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, pursuant to 42 U.S.C. § 3613 (c)(6), from:

6

PDF created with pdfFactory trial version www.pdffactory.com

    a.    Discriminating on account of sex against any person in any aspect of the rental of a dwelling;

    b.    Interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

    c.    Taking any state court housing law action or self-help remedy to involuntarily remove the Plaintiff from the subject property; and

    d.    Taking any action, with or without judicial process, to evict, eject, remove, bar or otherwise interfere with Plaintiff's right to enjoy and maintain peaceful and quiet possession of her residence at 964 North Gap Loop, Montgomery, Alabama.

4.    Further enjoin Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, to:

    a.    Take such affirmative steps as may be necessary to restore, as nearly as practicable, the Plaintiff to the position she would have been in but for the discriminatory conduct and

    b.    Take such affirmative steps as may be necessary to prevent such discrimination, harassment, and retaliation in the future.

5.    Award appropriate monetary damages to fully compensate the Plaintiff as a person aggrieved by Defendants' discriminatory housing practices for injuries caused by the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3613(c)(1);

6.    Award punitive damages because of the intentional and willful nature of the

PDF created with pdfFactory trial version www.pdffactory.com

Defendants' conduct, pursuant to 42 U.S.C. and 3613(c) (1);

7. Award Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 3613(c);

8. Grant such other and further relief as this Court deems just and proper under the circumstances.

IN SUMMATION, the Plaintiff further prays for such additional relief as the interests of justice may require.

RESPECTFULLY SUBMITTED:

Signed electronically
/s ALLISON E. NEAL
KENNETH J. LAY
LEGAL SERVICES ALABAMA, INC.
P.O. BOX 11765
BIRMINGHAM, ALABAMA 35202
(205) 397-6540 EXT. 102


CONNIE J. M. C. BAKER
LEGAL SERVICES ALABAMA, INC.
207 MONTGOMERY SREET, SUITE 1100
MONTGOMERY, AL 36104
PHONE: (334) 832-4570
FAX: (334) 241-8683

8

PDF created with pdfFactory trial version www.pdffactory.com

ALLISON E. NEAL
AMERICAN CIVIL LIBERTIES UNION
OF ALABAMA FOUNDATION
207 MONTGOMERY STREET, SUITE 910
MONTGOMERY, AL  36104
PHONE: (334) 265-2754 EXT. 203
FAX: (334) 269-5666



EMIILY J. MARTIN
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION WOMEN'S RIGHTS PROJECT
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY  10004
PHONE: (212) 549-2615
FAX: (212) 549-2580



LENORA M. LAPIDUS, ESQ.
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION WOMEN'S RIGHTS PROJECT
125 BROAD STREET, 18TH FLOOR
NEW YORK, NY  10004
PHONE: (212) 549-2668
FAX: (212) 549-2580

ATTORNEYS FOR THE PLAINTIFF

PDF created with pdfFactory trial version www.pdffactory.com

## JURY TRIAL DEMAND

Plaintiff in this matter hereby requests a trial by struck jury.

                                        Signed electronically
                                        s/ ALLISON E. NEAL_____
                                        ALLISON E. NEAL
                                        ATTORNEY FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2007, I have served the above foregoing pleading upon the Defendants by placing copies of the same in the U.S. mail, postage prepaid, properly addressed as follows:

| | |
|---|---|
| Jamarlo K. GumBayTay | Matthew W. Bahr |
| 4013 Tiffany Drive | 1569 Amaryllis Circle |
| Montgomery, AL  36110-3003 | Orlando, Florida  32825 |

                                        Signed electronically
                                        /s ALLISON E. NEAL_____
                                        ALLISON E. NEAL
                                        ATTORNEY FOR THE PLAINTIFF

PDF created with pdfFactory trial version www.pdffactory.com