IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

| | | |
|---|---|---|
| **YOLANDA M. BOSWELL** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No |
| | * | 2:07-cv-135-WKW |
| | * | |
| **JAMARLO K. GUMBAYTAY,** | * | |
| **D/B/A/ THE ELITE REAL ESTATE** | * | |
| **CONSULING GROUP** | * | |
| | * | |
| and, | * | |
| | * | |
| **MATTHEW W. BAHR,** | * | |
| | * | |
| Defendants. | * | |

## MOTION TO SET ASIDE DEFAULT JUDGMENT
## PURSUANT TO RULE 55(c)

COMES NOW, the Defendant and prays that this Honorable Court will set aside the entry of default entered in this matter against Defendant, Matthew W. Bahr, on the 29th of June 2001 (Doc. # 21). In support of said motion the Defendant would show the following:

### CONTROLLING LAW

A motion made pursuant to Rule 55(c) is addressed to the sound discretion of the trial court. See *McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir.1970). The court's discretion is tempered by this circuit's preference for a decision on the merits with full participation by the parties. See *Gulf Coast Fans, Inc. v. Midwest Electronics*

*Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir.1984), and *Hinson v. Webster Industries,* 240 F.R.D. 687, (M.D.Ala. 2007).

"Rule 55(c) of the Federal Rules of Civil Procedure states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). Rule 60(b), in turn, provides, in pertinent part, that relief from a "final judgment" for "mistake, inadvertence, surprise or excusable neglect" or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(1), (6). "The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default." *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir.1990). "The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *Id.; Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir.1988)." Citing *Hinson v. Webster Industries,* 240 F.R.D. 687, (M.D.Ala. 2007).

"The Eleventh Circuit has expressed that the "good cause" standard is a liberal one. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion,* 88 F.3d 948, 951 (11th Cir.1996). Although " 'good cause' is not susceptible to a precise formula," the Eleventh Circuit has set out some factors which may aid the court in its determination. *Id.* These factors include, but are not limited to, (1) "whether the default was culpable or willful" which entails an assessment of the plausibility of the defaulting party's excuse; (2) "whether setting [the default] aside would prejudice the adversary," (3) "whether the defaulting party presents a meritorious defense," and (4) "whether the

defaulting party acted promptly to correct the default." *Id.;* *Turner Broadcasting Sys., Inc. v. Sanyo Electric, Inc.,* 33 B.R. 996, 1001 (N.D.Ga.1983), *aff'd without op.,* 742 F.2d 1465 (11th Cir.1984); see also *Kelly v. Florida,* No. 06-11258, 2007 WL 295419 (11th Cir.2007) (unpublished) (quoting *Compania Interamericana, supra,* for the proposition that the Eleventh Circuit has established " 'some general guidelines,' " which although not " 'talismanic,' " may guide the court's Rule 55(c) "good cause" determination). In short, the essence of Rule 55(c) is that an entry of default may be set aside if the party in default demonstrates "good cause," Fed. R. Civ. 55(c), and, as established in this circuit, the foregoing factors provide a means to assist the court in ascertaining whether such cause exists. See *Compania Interamericana,* 88 F.3d at 951." As cited in *Hinson v. Webster Industries,* 240 F.R.D. 687, (M.D.Ala. 2007).

## ARGUMENT

**Excuse**

The Defendant did receive notice by certified mail of the pending legal matter. However, the Defendant is not familiar with the Federal Rules of Civil Procedure and as such was unaware of his status in this lawsuit and his responsibility to respond in a timely fashion. The Defendant has represented to counsel that he has never been a party to a civil lawsuit and was not aware of the proper actions that needed to be taken.

**Prejudice to the Plaintiff**

The Defendant would submit to this court that the Plaintiff would not be prejudiced by this matter proceeding on its merits before this Honorable Court. The Defendant was only recently served with the First Amended Complaint on March 1, 2007. The Plaintiff on order of this Honorable Court has been allowed to precede *In*

*Forma Pauperis*, thus placing no financial hardship on the Plaintiff by any delay. (Doc. # 4).

**Meritorious Defense**

Plaintiff alleges in her complaint that Defendant Gumbaytay is acting as an agent, employee, or representative of Defendant Bahr and that Defendant Gumbaytay was acting within the line and scope of his actual or apparent authority when he made the alleged sexual advancements. Defendant Gumbaytay is not an agent, employee, or representative of Defendant Bahr and Defendant Bahr has not subsequently ratified and/or adopted any of the actions taken by Defendant Gumbaytay towards the Plaintiff. Defendant Bahr is simply the owner of the property at which the Plaintiff resides.

**Actions Taken to Correct Default**

The Defendant has taken immediate action to correct the Entry of Default enter against him on the 29 of June 2007 by contacting counsel and discussing this matter upon his receipt of said order (Doc. # 21). Additionally on receipt of this Honorable Courts order dated 12 day of July 2007 (Doc. # 26), which the Defendant received on the 14 day of July 2007, he finalized his arrangement with counsel to represent him in this matter.

**WEREFORE PREMISES COSIDERED**, Defendant prays that this Honorable Court will find that good cause has been shown in accordance with the Federal Rules of Civil Procedure and set aside the Default Judgment entered by the Court in this matter and give the Defendant the opportunity to answer and defend against Plaintiff's allegations.

Respectfully submitted this the 17th day of July 2007,

_s/ BANJAMIN E. SCHOETTKER_
BENJAMIN E. SCHOETTKER ( SCH091)
CHARLES W. BARFOOT    (BAR123)
Attorneys for Defendant Matthew Bahr

BARFOOT & SCHOETTKER, L.L.C.
608 South Hull Street
Montgomery, AL 36104
Tel. (334) 834-3444
Fax  (334) 262-8897
bes@barfootschoettker.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2007 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Allison E. Neal
American Civil Liberties Union of Alabama
207 Montgomery Street, Suite 910
Montgomery, AL 36106

Emily Martin
Lenora M. Lapidus
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004

Kenneth J. Lay
Legal Services Alabama, Inc.
P.O. Box 11765
Birmingham, AL 35202

Signed electronically
s/BENJAMIN E. SCHOETTKER
BANJAMIN E. SCHOETTKER
ATTORNEY FOR DEFENDANT
MATTHEW BAHR