UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>Plaintiff,<br><br>v.<br><br>JAMARLO K. GUMBAYTAY,<br>D/B/ATHE ELITE REAL ESTATE<br>CONSULTING GROUP<br><br>AND<br><br>MATTHEW K. BAHR,<br><br>Defendants. | Civil Action No. 2:07-CV-135-WKW-TFM<br><br>Honorable W. Keith Watkins, U.S.D.J.<br><br>RESPONSE TO DEFENDANT GUMBAYTAY'S SUGGESTION OF BANKRUPTCY |

COMES NOW the Plaintiff, Yolanda Boswell, by and through her lawyers, and prays that this Honorable Court will deny the request in Defendant Jamarlo K. GumBayTay's Suggestion of Bankruptcy that the Court dismiss or dispose of the instant case. The Suggestion was filed by Attorney Gary Backus, who emphasized that he was not appearing on behalf of Defendant GumBayTay.

Defendant GumBayTay has filed for bankruptcy 4 times in the past 15 years: July 1992 (Chapter 13), February 2001 (Chapter 7), October 2002 (Chapter 13), and August 2003 (Chapter 13, case # 03-32624). The Suggestion posits that Defendant GumBayTay's most recent filing in August 2003 should stay all action in the instant case, although the Suggestion provides neither an explanation of why it should do so nor any citation to authority. Assuming the Suggestion is arguing for the imposition of an automatic stay, Defendant GumBayTay's bankruptcy should

have no such effect on the instant action, as a) Ms. Boswell's cause of action accrued after the bankruptcy was filed, and b) Ms. Boswell's claims allege willful and intentional behavior, and causes of action arising from such behavior are not dischargeable through bankruptcy.

## ARGUMENT

Chapter 11 U.S.C. § 362(a)(1) governs automatic stays of actions due to the filing of a bankruptcy petition. It states in part that:

> " … a petition filed under section 301 … of this title … operates as a stay, applicable to all entities, of … the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title …"

As is clear from the plain language of the statute, an automatic stay would only be appropriate if Ms. Boswell's claim was or could have been brought prior to Defendant GumbayTay's filing for bankruptcy in 2003. However, Ms. Boswell's cause of action did not come into existence until November 2006, when she became a tenant of one of the properties that Defendant GumBayTay manages and was subsequently subjected to sexual harassment. Doc # 18, Amended Complaint, ¶ 10; *In re York*, 13 B.R. 757, 758 (D. Me. 1981) ("Neither [§ 362(a)(1)] nor subsection 362(a)(6) stays the commencement of a judicial proceeding against a Chapter 13 debtor based on a claim which arose after the commencement of a case"); *In re Chateaugay Corp.*, 86 B.R. 33, 37-8 (S.D.N.Y. 1987) ("The automatic stay … does not apply to claims that arise post-petition"); *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 996 (5th Cir. 1985) ("The stay simply does not apply to post-bankruptcy events"); *Taylor v. First Federal Sav. & Loan Ass'n*, 843 F.2d 153, 154 (3d Cir. 1988) ("The automatic stay is not intended to bar proceedings for post-petition claims that could not have been commenced before the petition was filed.")

Moreover, 11 USC § 362(a)(3) has no application to the instant case. That subsection bars any act or action to obtain possession of property of or from the estate or to exercise control

2

over property of the estate. Ms. Boswell's action is one seeking a judgment for money damages, not one for control or possession of any of Defendant GumBayTay's property or estate. *R & R Services, Inc. v. Mo-Ark Towing Co.*, 36 B.R. 126, 128 (E.D. Mo. 1983) (bankruptcy courts do not interfere in non-bankruptcy tort actions against debtor "if the action is not cast to foster interference with the use, control, maintenance and operation of the debtor's property.")

Finally, the instant action should not be stayed because Ms. Boswell's claims against Defendant GumBayTay all allege intentional, willful, and malicious conduct that injured Ms. Boswell, and claims arising from such conduct are not dischargeable through bankruptcy. 11 U.S.C. § 523(a)(6) ("A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt … for willful and malicious injury by the debtor to another entity or to the property of another entity.")

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Ms. Boswell prays that this Honorable Court will deny Defendant GumBayTay's dismissal request in his Suggestion of Bankruptcy and will allow the instant case to continue unabated.

Date: August 24, 2007                              Respectfully submitted,

                                                   _____
                                                   Faith R. Cooper
                                                   Central Alabama Fair Housing Center
                                                   1817 West Second Street
                                                   Montgomery, AL  36106
                                                   (334) 263-4663

                                                   Allison E. Neal (NEA008)
                                                   American Civil Liberties Union of Alabama
                                                   207 Montgomery Street, Suite 910
                                                   Montgomery, AL  36106
                                                   Tel: 334-265-2754
                                                   Fax: 334-269-5666

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL 35202
Tel: 205-397-6540, ext. 102

**Attorneys for Plaintiff**
**Yolanda M. Boswell**


## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:


Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL 36104


I hereby certify that on August 24, 2007, I served the above response/reply upon the following

party by placing a copy of the same in the U.S. Mail, postage prepaid, and properly addressed as

follows:

Jamarlo K. GumBayTay
4013 Tiffany Drive
Montgomery, AL 36110-3003

                                             Signed electronically
                                             s/ Faith Cooper
                                             Faith Cooper
                                             Attorney for Plaintiff

Yolanda M. Boswell