IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION RECEIVED

| | |
|---|---|
| YOLANDA M. BOSWELL<br>Plaintiff, | ) 2007 OCT 22 P 12: 45<br>)<br>) DEBRA P. HACKETT, CLK |
| V. | ) U.S. DISTRICT COURT<br>) Civil Case No. CV-07-135-WKW |
| JAMARLO K. GUMBAYTAY<br>DBA/The Elite Real Estate Consulting<br>Group<br>Defendant | )<br>)<br>)<br>) |

AMENDED answer that specifically responds to the allegations made in the Plaintiff's amended complaint (Doc #18).

There have been various sexual harassment cases in which said females alleged improper behavior on the part of said males. The most recent ones within the last few years are the Duke College students, Anita Hill against now Supreme Court Justice, the Honorable Clarence Thomas, and Tawanna Brawley who alleged several white males raped her. The Defendant, like most Americans, is fed up with said accusations, lies, and deceptions. Ms. Boswell's allegations have no merit because what she stated are all lies and a figment of her imagination. The Defendant flat out denies every sexual harassment charge the Plaintiff has made.

Everything the Plaintiff has said is false, misleading, incompetent, and slanderous. In other words, what she has said never happened. The Plaintiff deceived and lied to the court to keep from getting evicted. She could not afford $550 and told the court she had asked to pay $450.00. Our secretarial service made a mistake with this amount on the lease, and has so noted in a letter to the court as to why and how the mistake happened.

The Defendant cannot afford the luxury of an attorney to defend himself against these allegations. Therefore, the Defendant is prayerful the courts will see through these allegations and dismiss this case. <u>Plaintiff Argument(s)</u> Document 24 File 7/9/07 (see attached).

Note: Both the Plaintiff and her attorneys are not entitled to anything because the arguments presented have been all lies, trumped up by the Plaintiff in order to save herself and her family from being evicted. The Plaintiff has already proven she could not even afford to pay the $450.00 that she claimed was her designated rent amount. The Defendant has been slandered and libeled in the process of these allegations going forward; thus, violating the Defendant's civil and constitutional rights as addressed in the attached brief titled Slander and Libel Damages.

Therefore, the Defendant is praying for relief that this case be dropped and the court in a counter claim award Five Million dollars in civil damages against all parties that pushed forward this suite for these allegations without facts, documentation, or merit.

Respectfully submitted,

*[signature]*

Jamarlo K. GumBayTay, Ph.D.
4013 Tiffany Drive
Montgomery, AL 36110
Tel: 334-202-8676 or 334-241-5986

10/22/07

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
__NorThern__ DIVISION

## CERTIFICATE OF SERVICE

I, _Jamarlo K. GumBayTay_, do hereby Certify that a true and correct copy of the foregoing has been furnished by __U.S. mail__ (manner of service, i.e., U.S. Mail, electronic mail, etc.) on this _23_ day of _Oct_ 200_7_ to:

Kenneth James Lay - Legal Services Alabama, P.O. Box 11765 B'ham, AL 35202

Emily J. Martin & Lenora M. Lapidus, American Civil Lib Union Foundation Women's Right, 125 Broad Street, 18 Floor, NY, NY 10004

Allison Neal, 50 N. Florida Street, Mobile, AL 36607

Faith R. Cooper, Central Alabama Fair Housing Center, 1817 West Second St, Montgomery, AL 36106

_10/22/07_
Date

Signature: _Jamarlo K. GumBayTay_



PLAINTIFF'S EXHIBIT
A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 OCT 22 P 12: 45

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| YOLANDA M. BOSWELL | ) |
|    Plaintiff, | ) |
| | ) |
| V. | )   Civil Case No. CV-07-135-WKW |
| | ) |
| JAMARLO K. GUMBAYTAY | ) |
| DBA/The Elite Real Estate Consulting | ) |
|    Group | ) |
|       Defendant | ) |

PRAYER FOR RELIEF
GAG ORDER REQUESTED

DEFAMATION, LIBEL AND SLANDER LAW is being violated.

Typically, the elements of a cause of action for defamation include:

1.    A false and defamatory statement concerning another;

2.    The unprivileged publication of the statement to a third party (that is, someone other than the person defamed by the statement);

3.    If the defamation matter is of public concern, fault amounting at least to negligence on the part of the publisher; and

4.    Damage to the Defendant (which, in this case is enough to establish mental anguish.

Both the Defendant's civil and constitutional rights are being violated. The Defendant is requesting that this Court stop further distribution, defamation, libel, and slander towards the Defendant to cease. Please review the attached document and the Court will discover the letter in which Central Alabama Fair Housing Center and its relevant partners have forwarded to all of our tenants (I have no idea how they obtained

Elite's list of rental clients). Privacy act laws may have been violated. Tenants have called and expressed concerns as to whom and how their addresses were compromised. Needless to say, they were very upset and not pleased with this "witch hunt" initiated by the Plaintiff's legal team. The Defendant is very concerned that his civil and constitutional rights are being trampled on based on allegations/accusations from the Plaintiff, which has not been proven in a Court of Law.

Thus, in the context of defamation laws, a statement is "published" when it is made to the third party . . . in this case, in print. Under "per se" defation, the allegations are presumed to cause damage to the defendant. Typically, the following may constitute defamation per se: attack on a person's professional character or standing or allegations that the person has committed a crime of moral turpitude -- in this case alleged sexual harassment.

Again, the Defendant is requesting that the Plaintiff and Plaintiff's legal counsel stop invading both the privacy of tenants and the Defendant immediately by ceasing to send out this type of letter and to forward a retraction statement. Furthermore, cease with violation both the Defendant's civil and constitutional right to life, liberty and the pursuit of happiness.

I have applied for social security benefits and retained the law firm of Pitts & Zanaty, LLC to process my claim (see attached letter for details).

In addition to all the aforementioned attachments, I have enclosed other personal and non-personal letters, forms, records, etc., in order for all parties to get the big picture. This is why I have elected to represent myself; I cannot afford an attorney or have the luxury of using a legal team as listed on the Plaintiff's side.

Finally, I am innocent of these allegations, and I am most willing to conduct a lie detector test at my expense, if needed, to help prove my innocence. I have several hundred tenants I can subpoena on my behalf.

I have always tried to help people because I grew up in the housing projects of Opelika, Alabama and I have related to the struggles of my single-parent tenants. Unlike my accusers, I do not depend on the government for handouts, collect a DHR check, or a Section 8 voucher. I have always worked hard and have earned a college education by effort and determination. It is my prayer the Court and the jury will see through this witch hunt, these allegations and accusations and judge the character and spirit of all parties involved.

Respectfully submitted,

Jamarlo K. GumBayTay, Ph.D.
4013 Tiffany Drive
Montgomery, AL 36110
Tel: 334-202-8676 or 334-241-5986

10/22/07

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: _Aclu BB of American Civil Liberties Union Foundation_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _Jamarlo K. GumBayTay_ , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of _Yolanda M. Buswell v. Jamarlo K. GumBayTay_,
(CAPTION OF ACTION)

which is case number _2:07-CV-135-WKW_ in the United States District Court
(DOCKET NUMBER)

for the _Middle_ District of _Alabama Northern Division_.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _10/22/07_ ,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_10/22/07_                _Jamarlo K. GumBayTay_
(DATE)                            (SIGNATURE)

Printed/Typed Name: _Jamarlo K. GumBayTay_

As _____ of _____
        (TITLE)                            (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Exhibit A pages 5 to 32 Stricken and returned to defendant Gumbaytay as directed pursuant to order entered 1/18/2008