UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, | Civil Action No. 2:07-CV-135-WKW-TFM |
| Plaintiff, | Honorable W. Keith Watkins, U.S.D.J. |
| v. | |
| JAMARLO K. GUMBAYTAY, D/B/A THE ELITE REAL ESTATE CONSULTING GROUP | MOTION TO DISMISS DEFENDANT GUMBAYTAY'S COUNTERCLAIMS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT |
| AND | |
| MATTHEW K. BAHR, | |
| Defendants. | |

COMES NOW the Plaintiff, Yolanda Boswell, by and through her attorneys of record, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court to dismiss Defendant Jamarlo GumBayTay's counterclaims for defamation and invasion of privacy on the grounds that he fails to state a claim upon which relief can be granted. In the alternative, the Plaintiff moves the Court under Rule 12(e) to require Defendant GumBayTay to make a more definite statement of his claims, on the grounds that they are so vague or ambiguous that the Plaintiff cannot reasonably be required to frame a more responsive pleading.

## MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), a claim can be dismissed "if the facts as pleaded do not state a claim to relief that is plausible on its face." *Hagans v. Okaloosa County Jail*, 2007 U.S.

Dist. LEXIS 78002 at *2 (N.D. Fla. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69, 1974 (2007) and noting that *Twombly* "retir[ed] the negatively-glossed 'no set of facts' language previously used to describe the motion to dismiss standard"). Dismissal is also appropriate where "allegations - on their face - show that an affirmative defense bars recovery on the claim." *Weissman v. NASD,* Fed. Sec. L. Rep. (CCH) P94,384 (11th Cir. 2007) (citing to *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001)).

**<u>Defamation</u>**

A party bringing a defamation action must allege and prove: "1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement." *McCaig v. Talladega Pub. Co.*, 544 So. 2d 875, 877 (Ala. 1989) (quoting Restatement (2d) of Torts § 558 (1977)).

Read together, Defendant GumBayTay's Answer and Counterclaim filings appear to base a defamation claim on a) the Plaintiff's complaint in the instant case; and b) a letter sent by Plaintiff's counsel on September 21, 2007 to various Section 8 tenants whose properties are managed by Defendant GumBayTay, which he implies accuses him falsely of sexual harassment. However, it should be noted that the only direct allegation of sexual harassment is contained in the complaint in the instant case. The letter makes no such allegation, but merely reports the allegations made in this lawsuit and received in the course of litigation.

Because the complaint in this case and the September 21, 2007 letter are both absolutely and conditionally privileged under defamation law, because truth is an affirmative and complete defense to defamation, and because Defendant GumBayTay failed to properly allege the claim, this Court should dismiss the defamation claim for failing to state a claim for which relief can be

2

granted.

### The Complaint and Letter Are Privileged Under Defamation Law

The Alabama Supreme Court has said that "[a] party to a private litigation … is absolutely privileged to publish defamatory matter concerning another … in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." *Walker v. Majors*, 496 So. 2d 726, 729 (Ala. 1986) (adopting and quoting Restat. 2d of Torts, § 587). See *also* Restat. 2d of Torts, § 587, cmt. a (noting that privilege protects against defamation "irrespective of his purpose in publishing the defamatory matter, of his belief in its truth or even his knowledge of its falsity"). Accordingly, any defamation claim by the Defendant based on the allegedly defamatory nature of the sexual harassment claims contained in the complaint or in other documents related to the litigation must be dismissed, because such allegations are absolutely privileged.

To establish that a communication is "related" to the proceeding, "[i]t is not necessary that the defamatory matter be relevant or material to any issue before the court. It is enough that it have some reference to the subject of the inquiry." Restat. 2d of Torts, § 587, cmt. c. "The issue of the relevancy of the communication is a matter for the determination of the court, and the adjudicated cases have established a liberal view in the interpretation of the language used, and all doubts are resolved in favor of its relevancy or pertinence." *Walker*, 496 So. 2d at 730. Moreover, the statement need not be contained in a document filed with the court.[1] In this case,

---

[1] In adopting the Restatement, the Alabama Supreme Court rejected an earlier state standard that limited the privilege to "libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action," *id*., and subsequent case law has demonstrated that the alleged defamation can be in the form of letters to nonparties and still be protected by absolute privilege. *See, e.g., Walker*, 496 So. 2d at 729 (allegedly defamatory letters sent to prospective buyers in failed sale prior to litigation were privileged); *Barnett v. Mobile County Personnel Bd*., 536 So. 2d 46, 52 (Ala. 1988) (letter sent by Town Board to mayor and town council members prior to litigation that accused plaintiff of fraud; court finds letter privileged); *Borden v. Clement*, 261 B.R. 275 (N.D. Ala. 2001) (comment about "criminal conspiracy" made during meeting was absolutely privileged because it referred to ongoing bankruptcy proceeding and speaker's perception that bankruptcy was fraudulent).

3

the September 21, 2007 letter sent to other tenants whose property is or was managed by Defendant GumBayTay was undisputedly related to the instant proceeding, as it sought to determine whether other people had been subjected to the same sexual harassment alleged by the Plaintiff such that the Plaintiff's claim would be bolstered. As such, it was absolutely privileged regardless of whether it was defamatory or not.

Alternatively, the communication to other tenants of Defendant GumBayTay was protected by a qualified privilege:

> "'Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication *is one in which the party has an interest, and it is made to another having a corresponding interest, the communication is privileged, if made in good faith and without actual malice* … The duty under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof, although in fact he is mistaken.'"

*Willis v. Demopolis Nursing Home, Inc., Ala.*, 336 So.2d 1117 (Ala. 1976) (emphasis added). *See also Browning v. Birmingham News*, 348 So. 2d 455 (Ala. 1977) (finding mayor's comments in newspaper about getting rid of bad company was conditionally privileged); *Nelson v. Lapeyrouse Grain Corp.*, 534 So. 2d 1085, 1092 (Ala. 1988) (privilege is an affirmative defense). Here, Plaintiff's counsel sent the letter to tenants of Defendant GumBayTay due to the respective organizational missions of counsel to assist all victims of sexual discrimination, and the communication was made in good faith without malice. As such, it was conditionally privileged and the counterclaim must be dismissed.

<u>As a Collection of True Statements and Non-Statements, the Letter Was Not Defamatory</u>

Truth is "always an absolute defense to any action for libel or slander." *McCaig v. Talladega Publishing Co.*, 544 So. 2d 875, 879 (Ala. 1989). See also *Sanders v. Smitherman*, 776 So. 2d 68, 72 (Ala. 2000) ("truth is a complete bar to a defamation action"); *Deutcsh v. Birmingham Post Co.*, 603 So. 2d 910, 911 (Ala. 1992) (*per curiam*) ("If the published

4

statements are true, there is no actionable cause for libel."). Moreover, to be defamatory, a communication must "tend to '[so] harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Clark v. America's First Credit Union*, 585 So. 2d 1367, 1370 (Ala. 1991) (citation omitted).

The first paragraph of the September 21 letter states three facts: 1) the belief that the recipient of the letter lives in a property managed by Defendant GumBayTay; 2) that the Plaintiff's counsel is working with 3 tenants who reported to counsel that they had been sexually harassed by Defendant GumBayTay; 3) that Plaintiff's counsel filed the instant case.

Statements #1 and #3 are undeniably true, and additionally there is no way in which statement #1 could harm Defendant GumBayTay's reputation. *McCaig, supra*. With regards to statement #2, Defendant GumBayTay's defamation claim is apparently based on the belief that the letter accuses him of sexual harassment. However, statement #2 only outlines that Plaintiff's counsel received reports to that effect, not that Defendant GumBayTay definitively harassed tenants. Nowhere in his counterclaim does the Defendant dispute whether Plaintiff's counsel did, in fact, receive these reports, and thus he has failed to state a defamation counterclaim based on statement #2. Moreover, this statement is protected as a statement of truth. *McCaig, supra*. In support of its truth, Plaintiff's Counsel submits the attached declaration as Exhibit 1, which describes the two complaints received prior to sending out the letter (the third complaint mentioned was that of the Plaintiff herself).

The second and third paragraphs of the letter do not contain any statements or opinions; they merely request that any tenants that have experienced sexual harassment contact counsel for the Plaintiff. The only "fact" in the 2nd paragraph, an explanation of different forms of "sexual harassment", is an accurate statement of the law and does not refer to Defendant GumBayTay. As such, these paragraphs do not contain any actionable statements injurious to Defendant

5

GumBayTay's reputation. *Clark*, *supra*.

<u>Defendant GumBayTay Has Failed to Adequately Plead Defamation</u>

Defendant GumBayTay has the burden of alleging all the elements of the defamation claim, and in particular that the Plaintiff was negligent in the making of statements. *Mead Corp. v. Hicks*, 448 So. 2d 308, 313 (Ala. 1983) ("the standard of proof with regard to an allegedly defamatory statement as to private figures is as follows: The plaintiff must prove by a preponderance of the evidence that the defendant was negligent in making the statement.")

Even construing the counterclaim liberally due to Defendant GumBayTay's *pro se* status, one cannot perceive any alleged facts pointing to Plaintiff Counsel's negligence. As such, the complaint is defective and due to be dismissed. "[C]onclusory allegations in the complaint need not be taken as true and the plaintiff must allege sufficient facts to support his allegations." *Marine Coatings of Alabama, Inc. v. United States*, 792 F.2d 1565, 1568 (11th Cir. 1986).

Defendant GumBayTay's counterclaim requests $5 million, but does not allege special damages. Alabama law does not allow presumed damages where the alleged defamatory statements involve a matter of public concern. *Beneficial Management Corp. v. Evans*, 421 So. 2d 92, 95 (Ala. 1982) (noting that *Gertz v. Robert Welch, Inc*., 418 U.S. 323 (1974), abolished presumed damages in general, and stating that "we hereby recognize this to be the law of Alabama"), *overruled in part by Nelson v. Lapeyrouse Grain Corp*., 534 So. 2d 1085, 1092 n.3 (Ala. 1988) (noting that U.S. Supreme Court decided in *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985), that states can allow presumed damages where matter <u>not</u> of public concern, and overruling *Beneficial Management*'s elimination of presumed damages for

non-public concern defamation only).² Special damages require evidence that the statements resulted in a "material loss capable of being measured in money." *Butler v. Argo*, 871 So. 2d 1, 19 (Ala. 2003). The counterclaim contains no such evidence, and as such is fatally deficient and must be dismissed.

Defendant GumBayTay's counterclaim is also deficient in its allegations of actual malice. "If the matter is of public concern, then the defamed private individual must prove by clear and convincing evidence that the statements were made with actual malice, that is, 'with knowledge that [the statements were] false or with reckless disregard of whether [they] were false or not.'" *Cottrell v. NCAA*, 2007 Ala. LEXIS 104 at *87 (Ala. 2007). The matter at stake, namely the pervasive sexual harassment of low-income women, is doubtless a matter of public concern. *Morgan v. Ford*, 6 F.3d 750, 754-55 (11th Cir. 1993) ("[W]e heartily agree ... that sexual harassment in the workplace is a matter of important social interest", particularly where purpose of speech is not to further private interest but rather "raise issues of public concern … relate [] concerns about sexual harassment to the public, or attempt to involve the public in any manner."); *Wilson v. Univ. of Tex. Health Ctr.*, 973 F.2d 1263, 1269 (5th Cir. 1992) ("The content of Wilson's speech--reports of sexual harassment perpetrated on her and other women at UTHC --is of great public concern.")

Finally, assuming that Defendant GumBayTay's request for $5 million includes punitive damages, in order to obtain such damages he must allege actual malice for that reason, usually in the form of ""previous ill will, hostility, threats, rivalry, other actions, former libels or slanders, and the like, emanating from the defendant, or by the violence of the defendant's language, the mode and extent of publication, and the like.'" *Reynolds Metals Co. v. Mays*, 547 So. 2d 518,

---

² See also *Cousins v. T.G. & Y. Stores Co.*, 514 So. 2d 904, 907 n3 (Ala. 1987) (noting that there was open question at time "as to whether the common law rule of defamation per se (requiring no proof of injury) ought to be revitalized in those cases within the fact patterns contemplated by *Dun & Bradstreet* [i.e., non-public concerns]", but not suggesting revitalization of presumptive damages doctrine where matter is of public concern and therefore not within fact pattern of *Dun & Bradstreet*).

525-26 (Ala. 1989). His complaint does not allege malice, and is therefore deficient.

**<u>Invasion of Privacy</u>**

While Defendant labels his counterclaim as one for "Defamation, Libel, and Slander," he makes passing reference to invasion of privacy. While it is unclear whether he intends to bring a counterclaim on this ground, the Plaintiff seeks to dismiss any such claim because Defendant fails entirely to specify the precise contours of the alleged privacy invasion or the facts underlying that claim, and thus fails to state a claim for which relief can be granted.

"Invasion of privacy consists of four limited and distinct wrongs: (1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use." *Johnston v. Fuller*, 706 So. 2d 700, 701 (Ala. 1997). At best, the Plaintiff could construe the counterclaim to assert an invasion of seclusion for Defendant GumBayTay's tenants and false light for himself based on the letter sent by Plaintiff's counsel on September 21, 2007 to various Section 8 tenants whose properties are managed by Defendant GumBayTay.

Defendant GumBayTay lacks the standing to assert the privacy rights of his tenants because he has not alleged, and could not allege, an injury in fact to himself sufficient to confer third party standing. *Craig v. Boren*, 429 U.S. 190, 194 (1976). With respect to himself, the only possible privacy claim is "false light". Such a claim is subject to the same privilege defense as his defamation claim, as absolute privilege is not limited to defamation. *Walker*, 496 So.2d at 729 (citing Restat 2d of Torts, § 587, which gives absolute and unqualified privilege to parties to litigation to "publish defamatory matter concerning another"). Moreover, for such a claim, "the information made public must be false." *Butler v. Town of Argo*, 871 So. 2d 1, 12 (Ala. 2003).

8

As already described *supra*, the letter contained mostly non-statements, and the few factual statements it did contain were true. As such, no "false light" claim is possible.

## MOTION FOR MORE DEFINITE STATEMENT

Should the Court decline the Plaintiff's 12(b)(6) motion, the Plaintiff would respectfully request in the alternative that the Court order Defendant GumBayTay pursuant to Fed. R. Civ. P. 12(e) to submit a more definite statement of his counterclaim so that the Plaintiff can properly frame a responsive pleading.

For purposes of the 12(b)(6) motion, the Plaintiff has attempted to construe and interpret the counterclaim as liberally as possible. However, it is very difficult to determine the exact scope of Defendant GumBayTay's allegations and requests for relief. To wit:

- It is unclear whether he is seeking to sue the Plaintiff, the organizations representing her, or her individual attorneys;

- His privacy claim fails to specify the exact nature of the alleged invasion or the specific type of privacy claim being brought;

- His Answer to the Plaintiff's Complaint, dated October 22, 2007, Defendant GumBayTay requests $5 million in damages, but in his separate "counterclaim" document, he appears to only request injunctive relief in the form of a "gag order";

- He does not allege which specific statements are defamatory;

- He does not specify whether the damages sought are compensatory, punitive, nominal, or other;

- His allegation of civil and constitutional violations is entirely devoid of details.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Ms. Boswell prays that this Honorable Court will dismiss Defendant GumBayTay's counterclaims, or in the alternative, require him to make a more a definite statement of his claims, and notify Defendant of the possibility of sanctions under Rule 11 of the Federal Rules of Civil Procedure should he pursue frivolous claims.

Date: November 9, 2007                    Respectfully Submitted:


                                          s/s  Kenneth J. Lay
                                          _____
                                          Kenneth J. Lay
                                          Legal Services Alabama, Inc.
                                          PO Box 11765
                                          Birmingham, AL  35202
                                          Tel: 205-397-6540, ext. 102

                                          Faith R. Cooper
                                          Central Alabama Fair Housing Center
                                          1817 West Second Street
                                          Montgomery, AL  36106
                                          (334) 263-4663

                                          Allison E. Neal (NEA008)
                                          American Civil Liberties Union of Alabama
                                          207 Montgomery Street, Suite 910
                                          Montgomery, AL  36106
                                          Tel: 334-265-2754
                                          Fax: 334-269-5666

                                          Lenora M. Lapidus (LL-6592)
                                          Emily Martin (EM-2924)
                                          Women's Rights Project
                                          American Civil Liberties Union Foundation
                                          125 Broad Street, 18th Floor
                                          New York, NY 10004
                                          Tel: 212-519-7816
                                          Fax: 212-549-2580

                                          **Attorneys for Plaintiff Yolanda M. Boswell**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9. 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL  36104

I hereby certify that on November 9, 2007, I served the above response/reply upon the following party by placing a copy of the same in the U.S. Mail, postage prepaid, and properly addressed as follows:

Jamarlo K. GumBayTay
4013 Tiffany Drive
Montgomery, AL  36110-3003

                                        Signed electronically
                                        s/ Kenneth Lay
                                        Kenneth Lay
                                        Attorney for Plaintiff
                                        Yolanda M. Boswell

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMARLO K. GUMBAYTAY,<br>DBA/THE ELITE REAL ESTATE<br>CONSULTING GROUP<br><br>AND,<br><br>MATTHEW W. BAHR<br><br>　　　　Defendants. | Civil Case No. 2:07-cv-135-WKW<br><br><br><br>DECLARATION OF FAITH COOPER<br>IN SUPPORT OF MOTION TO<br>DISMISS COUNTERCLAIM |

FAITH COOPER, Esq., declares and states the following:

1. I am the Executive Director of the Central Alabama Fair Housing Center, co-counsel for Plaintiff Yolanda M. Boswell in the above-captioned matter.

2. I make this declaration, based upon my personal knowledge and review of the relevant documents, in support of Plaintiff's motion to dismiss Defendant Jamarlo K. GumBayTay's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. On August 23, 2007, a woman who resided in a Section 8 property managed by Defendant GumBayTay contacted our office after being referred to us by the Montgomery Housing Authority. She reported to us that Defendant GumBayTay had sexually harassed her repeatedly since the time she had moved in to her apartment. Plaintiff's counsel agreed to work with this complainant.

4. On September 6, 2007, a woman was referred to our office by the Plaintiff and reported that she had been sexually harassed by Defendant GumBayTay ever since the time he assumed a management position for her Section 8 unit. Plaintiff' counsel agreed to work with this complainant as well.

5. Based on the complaints received above, as well as the Plaintiff's complaint, Plaintiff's counsel sent out a letter on September 21, 2007, to tenants whose properties are or were managed by Mr. GumBayTay.

/s/ Faith Cooper
Faith Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL 36106
(334) 263-4663