IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMARLO K. GUMBAYTAY,<br><br>D/B/A THE ELITE REAL ESTATE CONSULTING GROUP<br><br>AND<br><br>MATTHEW W. BAHR<br><br><br>　　　　Defendants. | Civil Case No. 2:07-cv-135-WKW<br><br><br><br>**RESPONSE TO DEFENDANT GUMBAYTAY'S REQUEST FOR CONTINUANCE OF DEPOSITION, AND MOTION FOR EXTENSION OF DEADLINES** |

**Response to Defendant GumBayTay's Request for Continuance of Deposition**

Plaintiff Yolanda Boswell, by and through her attorneys, hereby responds to the belated Motion for Continuance regarding Defendant GumBayTay's June 4, 2008 deposition.

Given that the request for a continuance was filed <u>after</u> the scheduled time for the deposition, it is moot for the Plaintiff to oppose such a continuance. However, pursuant to Federal Rules of Civil Procedure Rule 37(d), the Plaintiff respectfully requests that the Court award the costs of the scheduled deposition to the Plaintiff. In support of this request, the Plaintiff cites the following facts:

1. Plaintiff's counsel spoke to Defendant GumBayTay on May 13, 2008, informed him of their intent to notice a deposition for him for the first week in June, and inquired about his availability during that week. Defendant GumBayTay refused to discuss his availability, but at that early date, informed Plaintiff's counsel that he might be seeking representation;
2. Plaintiff noticed Defendant GumBayTay's deposition by mail on May 21, 2008, a copy of which is attached hereto as Exhibit A;
3. In an excess of caution, Plaintiff also served a subpoena for Defendant GumBayTay's deposition by personal service on May 29, 2008, a copy of which is attached hereto as Exhibit B;

4. Attorney Alfred Newall contacted Plaintiff's counsel for the first time on June 4, 2008 at 8 AM, only one hour before the deposition was scheduled to commence, and stated Defendant GumBayTay would not attend the deposition;
5. **Attorney** Newall did not file Defendant GumBayTay's motion for continuance until many hours <u>after</u> the deposition was scheduled to have occurred.

For these reasons, the Plaintiff is entitled to recover her costs for the scheduled deposition, and requests that the Court order Defendant GumBayTay to pay such costs.

### **Motion for Extension of Discovery Deadline**

Because testimony from Defendant GumBayTay's deposition is relevant to Plaintiff's dispositive motions, and because, as will be set out in greater detail in a Motion to Compel (to be filed shortly with the Court) Defendants GumBayTay and Bahr have yet to produce <u>any</u> requested discovery in this matter, Defendant GumBayTay's failure to attend his deposition renders the June 16, 2008, deadline for dispositive motions difficult to meet. Moreover, Plaintiff believes that in the absence of such discovery, it would be premature to proffer trial witness lists. As such, the Plaintiff respectfully requests that the Court extend the deadlines for submitting dispositive motions and witness lists to July 16, 2008.

Date: June 5, 2008    Respectfully submitted,

    ___/s/ Allison Neal_____
    Kenneth J. Lay
    Legal Services Alabama, Inc.
    PO Box 11765
    Birmingham, AL  35202
    Tel: 205-397-6540, ext. 102

    Faith R. Cooper
    Central Alabama Fair Housing Center
    1817 West Second Street
    Montgomery, AL  36106
    (334) 263-4663

    Allison E. Neal (NEA008)
    American Civil Liberties Union of Alabama
    207 Montgomery Street, Suite 910

Montgomery, AL 36106
Tel: 334-265-2754
Fax: 334-269-5666

Emily Martin (EM-2924)
Lenora M. Lapidus (LL-6592)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

**Attorneys for Plaintiff
Yolanda M. Boswell**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5. 2008, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to the following:

Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL  36104


Alfred Newall
Attorney At Law
P.O. Box 101432
Birmingham, AL 35210

                                        Signed electronically
                                        s/ Allison Neal
                                        Allison Neal
                                        Attorney for Plaintiff
                                        Yolanda M. Boswell

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
|    PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:07-cv-135 |
| | ) |
| JAMARLO K. GUMBAYTAY, | ) |
|   DBA/THE ELITE REAL ESTATE | ) |
|      CONSULTING GROUP | ) |
| and, | ) |
| | ) |
| MATTHEW W. BAHR, | ) |
| | ) |
|    DEFENDANTS. | |

NOTICE OF DEPOSITION

To:   Jamarlo K. GumBayTay

     4013 Tiffany Drive

     Montgomery, AL  36110

Please take notice that on **June 3, 2008 at 9:00 a.m**., the deposition of **Jamarlo K. GumBayTay** will be taken at **207 Montgomery Street, Suite 1100 Montgomery, AL  36104** upon oral examination before a Notary Public or other officer authorized by law to administer oaths, at which time and place you are notified to appear and take part in the examination as shall be fit and proper.  Said examination will be taken in accordance with the Federal Rules of Civil Procedure and will continue from time to time until complete.

The witness is requested to bring any and all of the following to the deposition:

1.　　All documents concerning any rental unit owned by Defendant Bahr

1

and managed by Defendant GumBayTay and/or the Elite Real Estate Consulting Group, including but not limited to, documents setting out, establishing, or detailing the business relationship between the Defendants, such as any employment contract or other contract.

2. All documents setting out, establishing, or otherwise detailing the business relationship between Defendant GumBayTay, the Elite Real State Consulting Group, and Eric Crews.

3. All documents setting out, establishing, or otherwise detailing any business relationship between Defendant GumBayTay and/or the Elite Real Estate Consulting Group and the Montgomery Housing Authority, including any documents prepared by or for the Montgomery Housing Authority concerning rental units owned or managed by Defendant GumBayTay and/or the Elite Real Estate Consulting Group.

4. All documents concerning a housing unit owned or managed by Defendant GumBayTay and/or the Elite Real Estate Consulting Group sent to current, past, or prospective tenants of said unit.

5. All documents concerning any previous formal or informal complaint or allegation of sexual harassment, sexual abuse, or discrimination made against Defendant GumBayTay and/or Elite Real Estate Consulting Group, including but not limited to documents relating to any previous termination of employment on these bases.

6. All documents concerning any previous formal or informal complaint or allegation of improper practice made against Defendant GumBayTay in

   his capacity as a manager of rental properties and/or against Elite Real Estate Consulting Group.

7. All documents concerning the tenancy of Yolanda Boswell in 964 North Gap Loop.

8. All documents reflecting any communication between Defendant GumBayTay and Yolanda Boswell.

9. Any and all written material that you will use in preparation of a deposition or trial in this matter.

         RESPECTFULLY SUBMITTED:

         _____
         Allison E. Neal (NEA008)
         American Civil Liberties Union of Alabama Foundation
         207 Montgomery Street, Suite 910
         Montgomery, AL 36104
         Phone: (334) 265-2754, ext. 203
         Fax: (334) 269-5666

         Faith R. Cooper
         Central Alabama Fair Housing Center
         1817 West Second Street
         Montgomery, AL 36106
         (334) 263-4663

         Lenora M. Lapidus (LL-6592)
         Emily Martin (EM-2924)
         Women's Rights Project
         American Civil Liberties Union Foundation
         125 Broad Street, 18th Floor

         New York, NY 10004
         Tel: 212-519-7816

Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of May, 2008, I have served the above foregoing by placing copies of the same in the U.S. mail, postage prepaid, properly address to the following:

| | |
|---|---|
| Benjamin E. Schoettker (SCH091) | Jamarlo K. GumBayTay |
| Charles W. Barfoot (BAR123) | 4013 Tiffany Drive |
| Barfoot & Schoettker, L.L.C. | Montgomery, AL  36110 |
| 608 South Hull Street | |
| Montgomery, AL  36104 | |

_____
Allison E. Neal
Attorney for the Plaintiff

4

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____

Boswell

V.

GumBayTay

SUBPOENA IN A CIVIL CASE

Case Number:[1] 2:07-cv-135-WKW

TO: Jamarlo K. GumBayTay

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 207 Montgomery Street, Suite 1110 Montgomery, AL 36104 | 6/3/2008 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Notice of Deposition attached

| PLACE | DATE AND TIME |
|---|---|
| 207 Montgomery Street, Suite 1110 Montgomery, AL 36104 | 6/3/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Allison Neal* — Attorney for plaintiff | 5/29/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Allison Neal, 207 Montgomery Street, Suite 910 Montgomery, AL 36104 (334) 265-2754, x 203

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/29/2008 | 4013 Tiffany Dr. Montgomery, AL 36110 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ~~Jamado K. GumBayTay~~ Bennie Lewis on behalf of GumBay | Personally served |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Sam Freeman | Office Assistant, ACLU of Alabama |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5/29/2008
DATE

Sam Singleton-F
SIGNATURE OF SERVER

207 Montgomery St, Ste 910
ADDRESS OF SERVER

Montgomery, AL 36104

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

May 27, 2008

Jamarlo K. GumBayTay
4013 Tiffany Drive
Montgomery, AL  36110

Mr. GumBayTay:

Enclosed please find a notice of subpoena.  We request that you appear at 207 Montgomery Street, Suite 1100 Montgomery, AL  36104 and produce the documents listed herein on June 3, 2008 at 9:00 a.m.


Sincerely,


Allison Neal, Staff Attorney
(334) 265-2754, x 203

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>              Plaintiff,<br><br>              v.<br><br>JAMARLO K. GUMBAYTAY,<br>DBA/THE ELITE REAL ESTATE<br>CONSULTING GROUP<br><br>AND,<br><br>MATTHEW W. BAHR<br><br><br>              Defendants. | Civil Case No. 2:07-cv-135-WKW<br><br><br><br>NOTICE OF SUBPOENA |

**PLEASE TAKE NOTICE**, that attached is a true and correct copy of the subpoena

served pursuant to Fed. R. Civ. P. 45, upon:

    Jamarlo K. GumBayTay
    4013 Tiffany Drive
    Montgomery, AL  36110

Pursuant to the Federal Rules of Civil Procedure Plaintiff Yolanda Boswell will

request the Defendant Jamarlo K. GumBayTay to appear at 207 Montgomery Street,

Suite 110 Montgomery, AL  36104 on June 3, 2008 at 9:00 a.m.  At such time, Defendant

GumBayTay shall also produce and permit inspection and copying of the documents

listed in the attached notice of deposition.

                                                  Respectfully submitted,

                                                  _____
                                                  Allison E. Neal (NEA008)
                                                  American Civil Liberties Union of Alabama
                                                  207 Montgomery Street, Suite 910

        Montgomery, AL  36106
        Tel: 334-265-2754
        Fax: 334-269-5666

        Emily Martin (EM-2924)
        Lenora M. Lapidus (LL-6592)
        Women's Rights Project
        American Civil Liberties Union Foundation
        125 Broad Street, 18th Floor
        New York, NY 10004
        Tel: 212-519-7816
        Fax: 212-549-2580

        Kenneth J. Lay
        Legal Services Alabama, Inc.
        P.O. Box 11765
        Birmingham, AL 35202
        (205) 397-6540 Ext. 102

        Faith R. Cooper
        Central Alabama Fair Housing Center
        1817 West Second Street
        Montgomery, AL  36106
        (334) 263-4663

        Attorneys for the Plaintiff

Dated: May 27, 2008