IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

YOLANDA M. BOSWELL,                )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          CASE NO.  2:07-cv-135-WKW
                                   )
JAMARLO K. GUMBAYTAY, *et al.*,    )
                                   )
          Defendants.              )

## <u>ORDER</u>

Pending before the Court is Defendant's *Motion for Continuance of Deposition* (Doc. 57, filed June 3, 2008) and Plaintiff's *Response to Defendant GumBayTay's Request for Continuance of Deposition* (Doc. 58, filed June 5, 2008).[1]

Defendant did not file his motion for continuance until 3:57 p.m on June 3, 2008, several hours after the deposition was scheduled to begin.[2]  The Court was unable to timely rule on the merits of the motion due to the untimely filing.  While the Court understands that

---

[1]     This order does not address Plaintiff's "Motion for Extension of Discovery Deadline" (Doc. 58) which remains pending before the District Court.

[2]     Counsel did contact chambers around 9:00 a.m. on June 3, 2008 to orally request an extension to the scheduled deposition.  However, the Court's law clerk instructed counsel as to several issues.  First, Mr. Newell had not yet filed a Notice of Appearance and as such could not make motions on behalf of his client until he had done so.  Second, the Court does not entertain oral motions such as the one he attempted to request.  Finally, the Court certainly does not entertain any conversations on an *ex parte* basis beyond simple questions (e.g. those questions which do not relate to the substance of the case) which do not merit full conference calls. Counsel did inform the Court's law clerk that he had already informed opposing counsel that neither he nor his client would attend the deposition.

counsel was newly retained, Defendant Gumbaytay has been aware for several weeks of his upcoming deposition. *See* Doc. 58, Exhibits A and B. Such dilatory tactics cannot be tolerated especially since the dispositive motion deadlines is quickly approaching. *See* Doc. 52, Modified Scheduling Order § 2.

Plaintiff must be given the opportunity to conduct the deposition at a reasonable time before the dispositive motion deadline. Therefore, it is **ORDERED** that the deposition shall proceed at <u>Plaintiff's</u> convenience between the date of this order and June 11, 2008. It is further **ORDERED** since Plaintiff failed to attend the deposition on June 3, 2008 and did not provide the Court or plaintiff's counsel adequate time to address the motion for continuance, the deposition shall be taken at the location chosen by plaintiff's counsel.

Moreover, under Fed. R. Civ. P 30(d)(2) and Fed. R. Civ. P 37(d), Plaintiff shall be entitled to reasonable expenses. It is therefore **ORDERED** that the parties shall convene for a Hearing on **June 18, 2008 at 10:00 a.m.** to determine Plaintiff's reasonable expenses in connection with the response to the Motion for Continuance. The hearing shall be held in District Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. The conference shall be attended by at least one of the attorneys representing each of the parties and by any party who is not represented by an attorney.

Since it appears counsel for Defendant Gumbaytay is not on the electronic notification system, the Clerk, this one time only, is **DIRECTED** to send a copy of this order via facsimile in addition to its normal methods of distribution. Further, pursuant to General

Order No. 2:04-mc-3163, counsel is required to register for CM/ECF Electronic Noticing

("E-Noticing") unless he files a pleading showing good cause as to why he should be exempt

from this requirement.[3]

DONE this 6th day of June, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[3]     Available at http://www.almd.uscourts.gov/rulesproc/genorders.htm  Counsel is instructed to review the order so that he is clear on the differences between Electronic Noticing and Electronic Filing.  Further, parties and Counsel are required to be familiar with the local rules and standing orders of the Court.