IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * |
| | * CIVIL CASE NO. 2:07-cv-135 |
| | * |
| JAMARLO K. GUMBAYTAY, | * |
| DBA/ THE ELITE REAL ESTATE | * |
| CONSULTING GROUP | * |
| and, | * |
| | * |
| MATTHEW W. BAHR, | * |
| | * |
| DEFENDANTS. | * |

_____

**MOTION TO STAY CIVIL PROCEEDINGS**
_____

**COMES NOW,** defendant, Matthew W. Bahr and prays that this Honorable Court will stay all civil proceedings against this defendant until any and all criminal investigations are concluded concerning the alleged complaints of the plaintiff in this instant matter. The Fifth Amendment to the Constitution provides, in pertinent part, that "[n]o person ... shall be compelled in any criminal case to be a witness against himself...." Under the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged. Fed.R.Civ.P. 26(b)(1). Even if the rules do not contain specific language exempting privileged information, it is clear that the Fifth Amendment would serve as a shield to any party who feared that complying with discovery would expose him to a risk of self-incrimination. The fact that the privilege is raised in a civil proceeding rather than

a criminal prosecution does not deprive a party of its protection. *Lefkowitz v. Cunningham*, 431 U.S. 801, 805, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977); *McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 69 L.Ed. 158 (1924). Thus, under both the Federal Rules of Civil Procedure and the Constitution, Bahr is under no obligation to disclose to Boswell information that he reasonably believes might be used against him as an accused in a criminal prosecution. If a party reasonably apprehends a risk of self-incrimination, he may claim the privilege though no criminal charges are pending against him, *Savannah Sur. Associates, Inc. v. Master*, 240 Ga. 438, 439, 241 S.E.2d 192, 193 (1978), and even if the risk of prosecution is remote. *In re Master Key Litigation*, 507 F.2d 292, 293 (9th Cir. 1974).

Furthermore, Bahr would ask that this Honorable Court stay any discovery or request for his deposition in this matter based on the Court Order of October 12, 2007 (Document 44). In said Order this court instructed that Bahr and Counsel "will not be entitled to service of notices in the cause, nor to appear in it in any way…" citing *Frow v. De La Varga*, 82 U.S. 552 (1872).

Lastly, Counsel and Bahr are requesting guidance from the Court regarding the Courts latest Order (Document 59), in which the Court has ordered all parties to be present at a hearing set for June 18, 2008. Counsel is unclear as to his attendance at said hearing based on the Courts most recent Order and the Court's Order of October 12, 2008 (Document 44).

## FACTS

Matthew Bahr is and was a resident of Orlando, Florida. At all times during the alleged misconduct of Defendant Gumbaytay, Bahr was residing in Florida. During this time Bahr was purchasing a large number of homes in Montgomery,

Alabama as investment properties. Counsel has been notified by a Federal Agent that Bahr has been identified as a target by the Federal Government involving these purchases to include the property rented to the Plaintiff Boswell which is the subject of this suite. Furthermore, Bahr has retained Counsel to represent him during this Federal investigation.

There have also been multiple state civil suits filed in Montgomery County Alabama concerning the subject properties of the federal investigation. In those suits motions to stay civil proceedings have been filed by counsel and granted by the Honorable Judge Tracy McCooey, pending the outcome of the investigation.

If Bahr is compelled to produce documents and provide a deposition in this matter it will potentially subject him to self-incrimination.

This Honorable Court issued on Order on October 12, 2007 in which it enter a default against Bahr and Ordered that he "will not be entitled to service of notices in the cause, nor to appear in it in any way…" citing *Frow v. De La Varga*, 82 U.S. 552 (1872).

## **ARGUMENT**

Our decisions establish beyond dispute the breadth of the privilege to refuse to respond to questions when the result may be self-incriminatory and the need fully to implement its guaranty. See *Spevack v. Klein*, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967); *Counselman v. Hitchcock*, 142 U.S. 547, 585-586, 12 S.Ct. 195, 206-207, 35 L.Ed. 1110 (1892); *Albertson v. SACB*, 382 U.S. 70, 80, 86 S.Ct. 194, 199, 15 L.Ed.2d 165 (1965). The privilege is applicable to state as well as federal proceedings. *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653

(1964); *Murphy v. Waterfront Commission*, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). The privilege may be waived in appropriate circumstances if the waiver is knowingly and voluntarily made. Answers may be compelled regardless of the privilege if there is immunity from federal and state use of the compelled testimony or its fruits in connection with a criminal prosecution against the person testifying. *Counselman v. Hitchcock,* supra, 142 U.S. at 585-586, 12 S.Ct. at 206-207; *Murphy v. Waterfront Commission, supra*, 378 U.S. at 79, 84 S.Ct. at 1609.

It is believed that if Bahr is compelled to respond to the discovery of the Plaintiff and make himself available for a deposition in this matter he will be called upon to produce documents and answer questions that may cause him to self-incriminate himself in the pending federal investigation.

Additionally, since an entry of default has been entered against Bahr in this matter disallowing him or counsel to appear and defend himself in this matter it would seem inequitable to now require him to respond to the discovery request of the Plaintiff.

**WHEREFORE THESE PREMISES CONSIDERED**, Defendant Bahr pays that this Honorable Court issue an order granting his motion to stay these civil proceedings until the conclusion of the Federal Investigation.

Date: June 6, 2008         Respectfully submitted,

/s/Benjamin E. Schoettker (SCH091)
Attorney for Defendant Matthew W. Bahr
608 South Hull Street
Montgomery, Alabama 36104
(334) 834-3282

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL 35202
Tel: 205-397-6540, ext. 102

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL 36106
(334) 263-4663

Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama
207 Montgomery Street, Suite 910
Montgomery, AL 36106
Tel: 334-265-2754
Fax: 334-269-5666

Emily Martin (EM-2924)
Lenora M. Lapidus (LL-6592)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Alfred Newall
Attorney At Law
P.O. Box 101432
Birmingham, AL 35210

                                                Signed electronically
                                                <u>s/ Benjamin E. Schoettker</u>
                                                Benjamin E. Schoettker
                                                Attorney for Defendant
                                                Matthew W. Bahr