**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| YOLANDA M. BOSWELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:07-cv-135 |
| | ) | |
| JAMARLO K. GUMBAYTAY, | ) | |
| DBA/THE ELITE REAL ESTATE | ) | |
| CONSULTING GROUP | ) | |
| and, | ) | |
| | ) | |
| MATTHEW W. BAHR, | ) | |
| | ) | |
| DEFENDANTS. | | |

---

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND/OR FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 37, Plaintiff has moved this Court to sanction Defendant Jamarlo K. GumBayTay d/b/a/ The Elite Real Estate Consulting Group for the destruction of documents and to compel Defendant GumBayTay to produce whatever documents have not yet been destroyed. The Plaintiff hereby provides this brief in support of that motion.

### BACKGROUND

On April 9, 2008, Plaintiff served a First Request for Production of Documents on Defendant GumBayTay. *See* Exhibit A. On April 15, 2008, Defendant GumBayTay served a First Request for Production of Documents on Plaintiff, to which Defendant attached a "note" stating, "[d]ue to unexpected circumstances/situation beyond his control, all documents requested by Plaintiff's counsel have been destroyed pursu[ant] to provisions of the State of Alabama 1975 § 34-27-20 Ala. Code. *See* Exhibit B.

Defendant GumBayTay enclosed with this document a copy of what appears to be a cease and desist order dated March 31, 2008, served on Defendant GumBayTay and the Elite Real Estate Financial Investment Group by the Alabama Real Estate Commission. *See* Exhibit C. Nothing in this letter suggests that the Alabama Real Estate Commission requested or required that Defendant GumBayTay destroy any documents.

Nor did the relevant provisions of the Alabama Code require Defendant GumBayTay to destroy any records upon receiving such a cease and desist order. On the contrary, Ala. Code § 34-27-37 makes clear that after the Real Estate Commission has issued such an order, should the respondent seek a hearing, the Real Estate Commission may require the respondent to produce relevant documents, subject to enforcement by state court. Ala. Code sec 34-27-37-(b)(c). This statutory scheme plainly does not implicitly or explicitly require a respondent to destroy his business documents upon receipt of a cease and desist order.

On or about April 29, 2008, an employee of Plaintiff's attorney sent a letter to the Alabama Real Estate Commission requesting a written confirmation that it had not requested Defendant GumBayTay to destroy any or all of his records generated pursuant to his unauthorized practice of real estate. *See* Exhibit D. In a letter dated May 13, 2008, the executive director of the Alabama Real Estate Commission confirmed "that at no time was he orally or otherwise instructed to destroy any records." *See* Exhibit E.

On or about May 13, 2008, Plaintiff's attorneys spoke with Defendant GumBayTay concerning Plaintiff's First Request for Production of Documents and the "note" attached to his First Request for Production of Documents indicating that he had destroyed the requested documents, in a good faith attempt to resolve this discovery

2

dispute.  In this conversation, Defendant GumBayTay again stated that he destroyed all responsive documents.  However, upon further questioning, he indicated that there might be some files saved on his laptop computer responsive to Plaintiff's request, and agreed to search for and produce those if Plaintiff's attorneys would provide a written list of the types of documents that Plaintiff sought.  On May 22, 2008, Plaintiff's attorneys sent such a request to Defendant GumBayTay, and gave him until May 29, 2008, to respond. *See* Exhibit F.  As of this date, Plaintiff's attorneys have received no response to this request.

On June 3, 2008, GumBayTay's newly hired attorney, Alfred Newell, in a conversation with an employee of Plaintiff's attorneys referred to "two boxes" of materials GumBayTay produced for him to review concerning this case.

## ARGUMENT

A.    **ELEVENTH CIRCUIT LAW AND THE FACTS OF THIS CASE SUPPORT SANCTIONING DEFENDANT GUMBAYTAY FOR THE DESTRUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS.**

Defendant GumBayTay has not produced any documents responsive to Plaintiff's First Request for the Production of Documents.  He has admitted both the existence of documents responsive to Plaintiff's request and to their destruction, and should be sanctioned accordingly.

"Federal law governs the imposition of spoliation sanctions."  *Martinez v. Brink's, Inc.*, 171 Fed. Appx. 263, 268 n7 (11th Cir. 2006).  However, in circuits such as the Eleventh, where federal courts have not set forth specific guidelines for the imposition of spoliation sanctions, state law can be borrowed by the federal court if such law is "wholly

3

consistent with federal spoliation principles." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). In *Flury*, a case involving allegations of spoliation by the plaintiff, the Eleventh Circuit pronounced the Georgia standard for spoliation as "wholly consistent" with federal law.

The standard adopted in *Flury* examines "(1) whether the [party seeking discovery] was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the [party destroying the evidence] acted in good or bad faith; and (5) the potential for abuse if . . . testimony about the evidence was not excluded." *Flury*, 427 F.3d at 945 (finding plaintiff, in destroying vehicle involved in crash, acted in bad faith and caused great prejudice to defendant carmaker, since defendant could not examine vehicle to determine whether airbag failure caused injuries). The court must also "weigh the degree of the spoliator's culpability against the prejudice to the opposing party." *Id.* at 946.

As to the first factor, Plaintiff Boswell was prejudiced as a result of Defendant GumBayTay's destruction of all documents relating to his rental management. The responsive documents destroyed by Defendant GumBayTay are important to Plaintiff's case. Plaintiff's First Request for the Production of Documents asks, among other things, for "[a]ll documents reflecting any communication between Defendants GumBayTay and Yolanda Boswell." *See* Exhibit A. Upon information and belief, Plaintiff alleges that these documents would assist in proving that Defendant GumBayTay engaged in unlawful sexual harassment.

Plaintiff's First Request for the Production of Documents also asks for "[a]ll documents concerning any rental unit owned by Defendant Bahr and managed by

Defendant GumBayTay and/or the Elite Real Estate Consulting Group, including but not limited to, documents setting out, establishing, or detailing the business relationship between the Defendants, such as any employment contract or other contract." *See* Exhibit A. Plaintiff believes that these documents would prove that Defendant GumBayTay was the agent of Defendant Bahr, thereby establishing Defendant Bahr's liability for Defendant GumBayTay's harassment.

As to the second factor, the prejudice Plaintiff Boswell has experienced by Defendant GumBayTay's destruction of documents relating to his rental management cannot be cured. On April 9, 2008, Plaintiff served a First Request for Production of Documents on Defendant Bahr asking for the same types of documents requested of Defendant GumBayTay. *See* Exhibit G. On or about May 21, 2008, Plaintiff served Defendant Bahr with a notice of deposition for June 3, 2008. *See* exhibit H. The following week Plaintiff was informed by Defendant Bahr that no response would be forthcoming because Defendant Bahr is under criminal investigation relating to the same properties and intends to assert his Fifth Amendment rights in this case. Thus, even assuming that Defendant Bahr has the same documents previously possessed by Defendant GumBayTay, Plaintiff will likely not be able to obtain such documents from this secondary source.

Third, the practical importance of the evidence is incalculable. As stated above, upon information and belief, Plaintiff Boswell believes that responsive documents would establish Defendant Bahr and Defendant GumBayTay's agency relationship and Defendant GumBayTay's harassment of the Plaintiff. Moreover, these documents would likely have led to other discoverable information (such as other harassment victims) that

5

could have established a pattern and practice carried out by Defendant GumBayTay. As such, these documents were important to proving her case against Defendants.

Fourth, Defendant GumBayTay acted in bad faith. His assertion that he believed was required to destroy his records as per the cease and desist order issued by the Alabama Real Estate Commission is not credible because a) no such directive was ever made to Defendant GumBayTay, as indicated in the Commission's letter to Plaintiff's Counsel (Exhibit E); b) the statute cited in the cease and desist order itself makes no reference to destroying records, and in fact indicates that such records will be necessary in some instances; c) Defendant GumBayTay had been in active litigation with the Plaintiff for over a year and knew that records related to the Plaintiff could be relevant to the litigation. These facts demonstrate that the spoliation was not done in good faith.

Fifth, if Defendant GumBayTay is permitted to introduce testimony about the matters addressed in the destroyed documents, the potential for abuse is high. By destroying the relevant documentary evidence, GumBayTay has allowed himself to reshape the facts reflected in those documents at his convenience, unless the court prevents this by barring him from introducing testimony on the relevant subjects.

Two other elements courts have examined in instances of spoliation, whether "the missing evidence existed at one time ... [and whether] the alleged spoliator had a duty to preserve the evidence", *Floeter v. City of Orlando*, 2007 U.S. Dist. LEXIS 9527 at *15 (M.D. Fla. 2007), are also demonstrated in our case. Regarding the first element, there is no question in that the responsive documents did exist, since GumBayTay admits to destroying them. As to the second element, "[t]his obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation - most commonly

when suit has already been filed ..." *Sapeu v. Bland*, 2007 U.S. Dist. LEXIS 66606 at *3 n3 (S.D. Ga. 2007) (citations omitted).  "[F]ederal law, which controls, makes clear that a litigant 'is under a duty to preserve what it knows, or reasonably should know, is relevant [to litigation or potential litigation] . . . .'" *St. Cyr v. Flying J Inc.,* 2007 U.S. Dist. LEXIS 42502 at *8 (M.D. Fla. 2007) (citations omitted).  Again, litigation between the parties had been ongoing for over a year at the time that Defendant GumBayTay chose to destroy his records.

Therefore, Plaintiff requests that this Court sanction Defendant GumBayTay for the destruction of relevant documents by either (a) entering default judgment against Defendant GumBayTay based on his willful destruction of evidence, OR (b) issuing orders that (i) prohibit Defendant GumBayTay from introducing or relying on testimony as to the existence or contents of any document that he subsequently destroyed and (ii) presume that the destroyed documents establish that Defendant GumBayTay was, at all relevant times, acting as an agent for Defendant Bahr, and instructing any jury to this effect.

B.    **THE PARTICULAR SANCTIONS SOUGHT BY THE PLAINTIFF ARE SUPPORTED BY CIRCUIT LAW.**

If the court finds spoliation, appropriate sanctions include: "(1) dismissal of the case [if the plaintiff has engaged in spoliation]; (2) exclusion of [related] testimony; or (3) a jury instruction on spoliation of evidence which raises a presumption against the spoliator." *Flury*, 427 F.3d at 946.  Moreover, "[t]he courts have the inherent power to enter a default judgment as punishment for a defendant's destruction of documents." *Optowave*, 2006 U.S. Dist. LEXIS 81345 at 25.  Other sanctions can be appropriate, such as:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence; (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action of proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

*Id* at *23-24.  Thus, the Plaintiff's request for default judgment and evidentiary presumptions are supported by law in this circuit.

### C. IN ADDITION TO IMPOSING SANCTIONS, THE COURT SHOULD COMPEL DEFENDANT GUMBAYTAY TO PRODUCE ALL EXISTING RESPONSIVE DOCUMENTS.

As stated above, in a conversation with Plaintiff's attorneys on or about May 13, 2008, Defendant GumBayTay indicated that there might be some files on his laptop computer responsive to Plaintiff's request, and agreed to produce those if Plaintiff's attorneys would provide a written list of the type of documents that Plaintiff was requesting.  On May 22, 2008, Plaintiff's attorneys sent such a request to Defendant GumBayTay, and gave him until May 29, 2008 to respond (Exhibit F).  As of this date, Plaintiff's attorneys have received no response to this request.  Additionally, on June 3, 2008, GumBayTay's newly hired attorney, Alfred Newell, in a conversation with an employee of Plaintiff's attorneys referred to "two boxes" of materials GumBayTay produced for him to review concerning the above styled case.  It is at least plausible that some of these documents fall within Plaintiff's discovery requests.

### CONCLUSION

For the foregoing reasons, Plaintiff motion to compel and/or for sanctions should be granted.

RESPECTFULLY SUBMITTED:


 /s/ Allison Neal_____
Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama
Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor

New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL  36104


I hereby certify that on this 6th day of June, 2008, I have served the above foregoing by placing copies of the same in the U.S. mail, postage prepaid, and properly address to the following:


Alfred T. Newell
PO Box 101432
Birmingham, AL  35210




 /s/ Allison Neal_____
Allison E. Neal
Attorney for the Plaintiff

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
|       PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:07-cv-135 |
| | ) |
| JAMARLO K. GUMBAYTAY, | ) |
|   DBA/THE ELITE REAL ESTATE | ) |
|       CONSULTING GROUP | ) |
| and, | ) |
| | ) |
| MATTHEW W. BAHR, | ) |
| | ) |
|       DEFENDANTS. | |

---

### FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

COMES NOW, Plaintiff, YOLANDA M. BOSWELL, by and through undersigned

Counsel, pursuant to Fed. R. Civ. P. 34, and requests that Defendant Jamarlo K.

GumBayTay respond within 30 days to the following requests:

1. That Defendant GumBayTay produce and permit counsel for the plaintiff to

    inspect and copy each of the following documents:

    a. All documents concerning any rental unit owned by Defendant Bahr

        and managed by Defendant GumBayTay and/or the Elite Real Estate

        Consulting Group, including but not limited to, documents setting out,

        establishing, or detailing the business relationship between the

        Defendants, such as any employment contract or other contract.

    b. All documents setting out, establishing, or otherwise detailing the

        business relationship between Defendant GumBayTay, the Elite Real

1

Estate Consulting Group, and Eric Crews.

c.  All documents setting out, establishing, or otherwise detailing any
    business relationship between Defendant GumBayTay and/or the Elite
    Real Estate Consulting Group and the Montgomery Housing
    Authority, including any documents prepared by or for the
    Montgomery Housing Authority concerning rental units owned or
    managed by Defendant GumBayTay and/or the Elite Real Estate
    Consulting Group.

d.  All documents concerning a housing unit owned or managed by
    Defendant GumBayTay and/or the Elite Real Estate Consulting Group
    sent to current, past, or prospective tenants of said unit.

e.  All documents concerning any previous formal or informal complaint
    or allegation of sexual harassment, sexual abuse, or discrimination
    made against Defendant GumBayTay and/or Elite Real Estate
    Consulting Group, including but not limited to documents relating to
    any previous termination of employment on these bases.

f.  All documents concerning any previous formal or informal complaint
    or allegation of improper practice made against Defendant
    GumBayTay in his capacity as a manager of rental properties and/or
    against Elite Real Estate Consulting Group.

g.  All documents concerning the tenancy of Yolanda Boswell in 964
    North Gap Loop.

h.  All documents reflecting any communication between Defendants

2

GumBayTay and Yolanda Boswell.

RESPECTFULLY SUBMITTED:

_____
Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama
Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor

New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2008, I have served the foregoing by placing copies of the same in the U.S. mail, postage prepaid, and properly addressed to the following:

Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL  36104

Jamarlo K. GumBayTay
4013 Tiffany Drive
Montgomery, AL  36110-3003


_____
Allison E. Neal
Attorney for the Plaintiff

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

YOLANDA M. BOSWELL                )
        Plaintiff,                        )
                                  )
v.                                )       Civil Case No. 2:07-cv-135
                                  )
JAMARLO K. GUMBAYTAY              )
DBA/The Elite Real Estate Consulting   )
    Group                         )
        Defendant             )

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW, Defendant, Jamarlo K. GumBayTay, by and through undersigned counsel, pursuant to Fed Civ.p. 34, and requests that the Plaintiff respond within 30 days to the following requests:

1. That Plaintiff Boswell produce and permit Defendant, Jamarlo K. GumBayTay to inspect and copy each of the following documents:

    a.     All documents concerning the rental unit once occupied by Plaintiff Boswell, including but not limited to, all communications between Plaintiff and Defendant, all executed leases, verbal or recorded conversations, witnesses, establishing, grounds, and the basis for said charges outlined in Civil Case No. 2.07-cv-135, any and all written communication detailing the business relationship between the Plaintiff and Mr. Bahr, such as an employment contract or any other contract or record provided to Plaintiff, or any other person, agency, or organization;

    b.     All documents/verbal or recorded conversations reflecting communication between Plaintiff and Defendant that transpired, including but not limited to any communication setting out complaint from Plaintiff.

    c.     All documents concerning or reflecting communication between Defendant and the Montgomery Housing Authority relating to properties allegedly managed by Defendant, including but not limited to communication addressing complaints about GumBayTay.

    d.     All documents concerning the tenancy of Yolanda Boswell in 964 North Gap Road.

e.    All documents reflecting any communication between Defendant and Plaintiff.

NOTE: In response to your request certified on 9 April 08, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 34, and request that Defendant Jamarlo K. GumBayTay respond within 30 days to said/stated request listed in Civil Case No. 2:07-cv-135. Due to unexpected circumstances/situation beyond his control, all documents requested by Plaintiff's counsel have been destroyed pursuit to provisions of the State of Alabama 1975 § 34-27-30 Ala. Code. Defendant was summoned before the State of Alabama Real Estate Commission in the matter of the Cease and Desist Order (see attached for proof). Thus, all requests from the Real Estate Commission have been satisfied as stated in § 34-27-369(c) Ala. Code.

Therefore, documents of any and all concerns of said Real Estate Commission were addressed under a Cease and Desist order. Thus, Defendant GumBayTay hereby requests from Plaintiff's counsel all recordings, documents, files, etc. in its files for review by Defendant and copies made for Defendant's file and/or records.

Respectfully submitted,


Jamarlo K. GumBayTay, Ph.D.
4013 Tiffany Drive
Montgomery, AL 36110
Tel: 334-202-8676 or 334-241-5986

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2008, I have served the above foregoing by placing copies of the same in the U. S. Mail, postage prepaid, properly addressed to the following:

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second St.
Montgomery, AL 36106

Emily J. Martin
American Civil Liberties Union
Foundation of Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004

Kenneth James Lay
Legal Services Alabama
P. O. Box 11765
Birmingham, AL 35202

Lenora M. Lapidus
American Civil Liberties Union
Foundation Women's rights Project
125 Broad Street, 18th Floor
New York, NY 10004

Allison Neal
American Civil Liberties Union
Alabama Foundation
207 Montgomery St., Suite 910
Montgomery, AL 36104

_____
Jamarlo K. GumBayTay
Defendant

BEFORE THE STATE OF ALABAMA
REAL ESTATE COMMISSION

IN THE MATTER OF THE
CEASE AND DESIST ORDER                    INVESTIGATIVE FILE I-12,630

Dr. Jamarlo K. Gumbaytay, The Elite Real Estate Financial Investment Group, 4013
Tiffany Drive, Montgomery, Alabama 36110

　　　　Respondents

## CEASE AND DESIST ORDER

1. Respondents are not licensed by the Alabama Real Estate Commission under Articles 1 and 2 of Chapter 27, Title 34 Ala. Code

2. On or about February 28, 2008, it came to the attention of the Alabama Real Estate Commission that Respondents were performing rental management on behalf of the owners of a number of properties and that Respondents were to be paid for their services.

3. During the month of March 2008, interviews by Alabama Real Estate Commission staff personnel, with tenants and other interested parties, confirmed to the Commission that Respondents were indeed in the property rental business on behalf of owners.

4. On March 26, 2008, Respondent Gumbaytay visited the Alabama Real Estate Commission offices and agreed that the allegations were true and further agreed to cease such property management beginning right away. Respondent Gumbaytay stated that owners would be notified that they would have to engage a licensed real estate company and broker for their services. Respondent Gumbaytay was made aware of the provisions of the Code of Alabama 1975, as amended, as set out below:

§ 34-27-30 Ala. Code

It shall be unlawful for any person, partnership, corporation, or branch office, for a fee, commission or other valuable consideration, or with the intention or expectation of receiving or collecting a fee, commission or other valuable consideration from another, to do any of the following unless he is licensed under Articles 1 and 2 of this chapter:
(1) Sell, exchange, purchase, rent, or lease real estate situated within the State of Alabama.
(2) Offer to sell, exchange, purchase, rent, or lease real estate situated within the State of Alabama.
(3) Negotiate or attempt to negotiate the listing, sale, exchange, purchase, rental, or leasing of real estate situated within the State of Alabama.
(4) List or offer or attempt or agree to list real estate for sale, rental, lease, exchange, or trade situated within the State of Alabama.
(5) Auction, offer or attempt or agree to auction, real estate situated within the State of Alabama.
(6) Buy or sell or offer to buy or sell, or otherwise deal in options on real estate situated within the State of Alabama.
(7) Aid, attempt, or offer to aid in locating or obtaining for purchase, rent, or lease any real estate situated within the State of Alabama.
(8) Procure or assist in procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate situated within the State of Alabama.
(9) Procure or assist in the procuring of properties for the purpose of effecting the sale, exchange, lease or rental of real estate situated within the State of Alabama.
(10) Present himself or be presented as being able to perform an act for which a license is required.

PAGE 2 OF THE
CEASE AND DESIST ORDER                    INVESTIGATIVE FILE I-12,630

Dr. Jamarlo K. Gumbaytay, The Elite Real Estate Financial Investment Group, 4013
Tiffany Drive, Montgomery, Alabama 36110

        Respondents

§34-27-36(c)(1) Ala. Code

Notwithstanding any other provisions of law, the commission may issue an
order requiring any accused person, firm, corporation, or any business entity to
cease and desist from activities requiring a license under this chapter when the
accused person, firm, corporation, or any business entity is not licensed under this
chapter. The order shall be entered by the executive director after a finding of
probable cause by the commission staff. The order shall become final 15 days
after its service upon the accused, unless the accused requests a hearing before
the commission. Upon hearing the case and finding violations, the commission
may make the cease and desist order final and the commission may impose a fine
for each violation in an amount consistent with the range of fines applicable to
licensees, and in addition, may impose a fine in the amount of any gain or
economic benefit that was derived from the violation, and in addition, may impose a
fine in the amount of the commission's costs incurred. Any fines not paid as
ordered shall be enforceable in any court with competent jurisdiction and proper venue.

Respondents are ordered to Cease and Desist in renting, leasing, or dealing in options in
real estate situated within the State of Alabama, not owned by Respondents, until such
time as they are duly licensed by the Alabama Real Estate Commission.

In witness whereof I have hereunto set my hand and the seal of the Alabama Real Estate
Commission the ____31st____ day of ____March____ 2008.

                    D. Philip Lasater, Executive Director
                    ALABAMA REAL ESTATE COMMISSION

Sworn to and subscribed before me this 31st day of ____March____, 2008.

                    _____
                    NOTARY PUBLIC

                    Certificate of Service

    I, D. Philip Lasater, Executive Director of the Alabama Real Estate Commission, certify
that I have served the above named Respondents with a copy of the above order by causing a
copy of same to be placed in the United States Mail, Certified, Return Receipt Requested,
addressed to the Respondents at the address that appears above.

BEFORE THE STATE OF ALABAMA
REAL ESTATE COMMISSION

IN THE MATTER OF THE
CEASE AND DESIST ORDER                    INVESTIGATIVE FILE I-12,630

Dr. Jamarlo K. Gumbaytay, The Elite Real Estate Financial Investment Group, 4013
Tiffany Drive, Montgomery, Alabama 36110

      Respondents

<u>CEASE AND DESIST ORDER</u>

1.  Respondents are not licensed by the Alabama Real Estate Commission under Articles
1 and 2 of Chapter 27, Title 34 Ala. Code

2.  On or about February 28, 2008, it came to the attention of the Alabama Real Estate
Commission that Respondents were performing rental management on behalf of the
owners of a number of properties and that Respondents were to be paid for their services.

3.  During the month of March 2008, interviews by Alabama Real Estate Commission
staff personnel, with tenants and other interested parties, confirmed to the Commission
that Respondents were indeed in the property rental business on behalf of owners.

4.  On March 26, 2008, Respondent Gumbaytay visited the Alabama Real Estate
Commission offices and agreed that the allegations were true and further agreed to cease
such property management beginning right away.  Respondent Gumbaytay stated that
owners would be notified that they would have to engage a licensed real estate company
and broker for their services.  Respondent Gumbaytay was made aware of the provisions
of the <u>Code of Alabama</u> 1975, as amended, as set out below:

§ 34-27-30 Ala. Code

It shall be unlawful for any person, partnership, corporation, or branch
office, for a fee, commission or other valuable consideration, or with the
intention or expectation of receiving or collecting a fee, commission or other
valuable consideration from another, to do any of the following unless he is
licensed under Articles 1 and 2 of this chapter:
(1) Sell, exchange, purchase, rent, or lease real estate situated within the State of Alabama.
(2) Offer to sell, exchange, purchase, rent, or lease real estate situated within the State of
Alabama.
(3) Negotiate or attempt to negotiate the listing, sale, exchange, purchase,
rental, or leasing of real estate situated within the State of Alabama.
(4) List or offer or attempt or agree to list real estate for sale, rental,
lease, exchange, or trade situated within the State of Alabama.
(5) Auction, offer or attempt or agree to auction, real estate situated within the State of Alabama.
(6) Buy or sell or offer to buy or sell, or otherwise deal in options on real
estate situated within the State of Alabama.
(7) Aid, attempt, or offer to aid in locating or obtaining for purchase,
rent, or lease any real estate within the State of Alabama.
(8) Procure or assist in procuring of prospects for the purpose of effecting
the sale, exchange, lease, or rental of real estate situated within the State of Alabama.
(9) Procure or assist in the procuring of properties for the purpose of
effecting the sale, exchange, lease or rental of real estate situated within the State of Alabama.
(10) Present himself or be presented as being able to perform an act for
which a license is required.

PAGE 2 OF THE
CEASE AND DESIST ORDER                        INVESTIGATIVE FILE I-12,630

Dr. Jamarlo K. Gumbaytay, The Elite Real Estate Financial Investment Group, 4013
Tiffany Drive, Montgomery, Alabama 36110

       Respondents

§34-27-36(c)(1) Ala. Code

Notwithstanding any other provisions of law, the commission may issue an
order requiring any accused person, firm, corporation, or any business entity to
cease and desist from activities requiring a license under this chapter when the
accused person, firm, corporation, or any business entity is not licensed under this
chapter. The order shall be entered by the executive director after a finding of
probable cause by the commission staff. The order shall become final 15 days
after its service upon the accused, unless the accused requests a hearing before
the commission. Upon hearing the case and finding violations, the commission
may make the cease and desist order final and the commission may impose a fine
for each violation in an amount consistent with the range of fines applicable to
licensees, and in addition, may impose a fine in the amount of any gain or
economic benefit that was derived from the violation, and in addition, may impose a
fine in the amount of the commission's costs incurred. Any fines not paid as
ordered shall be enforceable in any court with competent jurisdiction and proper venue.

Respondents are ordered to Cease and Desist in renting, leasing, or dealing in options in
real estate situated within the State of Alabama, not owned by Respondents, until such
time as they are duly licensed by the Alabama Real Estate Commission.

In witness whereof I have hereunto set my hand and the seal of the Alabama Real Estate
Commission the _____31st_____ day of _____March_____ 2008.

                             D. Philip Lasater, Executive Director
                             ALABAMA REAL ESTATE COMMISSION

Sworn to and subscribed before me this _31st_ day of _____March_____, 2008.

                           Reginald J. Foster
                           NOTARY PUBLIC

Certificate of Service

    I, D. Philip Lasater, Executive Director of the Alabama Real Estate Commission, certify
that I have served the above named Respondents with a copy of the above order by causing a
copy of same to be placed in the United States Mail, Certified, Return Receipt Requested,
addressed to the Respondents at the address that appears above.



**Central Alabama Fair Housing Center**

1817 West Second Street
Montgomery, AL 36106
(334) 263-4663 [voice]
(334) 263-4664 [facsimile]
fairhousing@cafhc.org [email]

Charles Sowell
General Counsel, Alabama Real Estate Commission
c/o State Capitol
Montgomery, AL 36130

April 29, 2008

Mr. Sowell:

This letter is a followup to a conversation I had with one of the Commission's

investigators today.  It is in reference to Investigative File I-12,630, specifically the Cease &

Desist Order dated March 31, 2008 and issued against Respondents Jamarlo GumBayTay and the

Elite Real Estate Financial Group.  Pursuant to the Order, respondents were order to "Cease and

Desist in renting, leasing, or dealing in options in real estate situated within the State of

Alabama, not owned by Respondents, until such time as they are duly licensed by the Alabama

Real Estate Commission."

We are in active civil litigation against Mr. GumBayTay, and in response to a discovery

request issued by us to Mr. GumBayTay in early April 2008 for copies of his rental records and

other business records related to his rental management, Mr. GumBayTay responded that:

> "Due to unexpected circumstances/situation beyond his control, all documents requested
> by Plaintiff's counsel have been destroyed pursuit [sic] to provisions of the State of
> Alabama 1975 § 34-27-30 Ala. Code.  Defendant was summoned before the State of

1

Alabama Real Estate Commission in the matter of the Cease and Desist Order (see attached for proof.)  Thus, all requests from the Real Estate Commission have been satisfied as stated in § 34-27-369(c) Ala. Code.  Therefore, documents of any and all concerns of said Real Estate Commission were addressed under a Cease and Desist order."

Our review of the Commission's Order in File I-12,630 reveals nothing that instructs or suggests to Respondents in any way that they should destroy any or all business records generated pursuant to their unauthorized practice of real estate.   Nor is there anything in the cited statutory provisions that would lend support for these actions (Mr. GumBayTay's reference above to § 34-27-369(c) Ala. Code is likely an errant reference to Ala. Code § 34-27-36(c)(1), which is cited in your Order), and it is our understanding from your office that you would not have made any oral representations as to the necessity of destruction of records.

We would appreciate it if your legal department was able to issue a letter on Commission stationary stating that neither in its interactions nor final Order nor any other time did the Commission instruct or direct Mr. GumBayTay, either orally or in writing, to destroy records, nor did the Commission ever suggest any such course of action or state that such a course of action was required by statute, Commission policy, or any other law in Alabama.   We are hopeful that your office could respond to this request quickly, owing to the deadlines inherent in the discovery process.

If you have any questions about this, please do not hesitate to contact me.

Sincerely,


John Pollock
CAFHC Enforcement Director

2



**D. PHILIP LASATER**, Executive Director
**PATRICIA ANDERSON**, Assistant Executive Director

1201 Carmichael Way · Montgomery, Alabama 36106
Telephone: 334.242.5544   Fax: 334.270.9118
**arec.alabama.gov**

May 13, 2008

Mr. John Pollock
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, Alabama 36106

RE:  Dr. Jamarlo K. Gumbaytay<br>I-12,630

Dear Mr. Pollock

In response to your request to the Commission regarding the Cease and Desist Order dated March 31, 2008, issued to Dr. Gambaytay, we have interviewed the investigators assigned to the inquiry that led to the issuance of that order. We have confirmed that at no time was he orally or otherwise instructed to destroy any records. We have no writings that would have suggested that he destroy any records.

To have ordered him to destroy records would have exceeded the Commission's authority under the Code of Alabama 1975, as amended, Section 34-27-36 (c) (1), the portion of the Alabama Real Estate License Law, as amended, under which the order was issued. Further, if Dr. Gumbaytay was licensed, we would not have told him to destroy any records because all records are required to be kept by licensed real estate brokers for three years pursuant to Section 34-27-36 (a)(31). Copies of these two portions of the law are enclosed.

Very truly yours

D. Philip Lasater
Executive Director

DPL/pcb

Enclosures: One

34-27-36 (c) (1)  Notwithstanding any other provisions of law, the commission may issue an order requiring any accused person, firm, corporation, or any business entity to cease and desist from activities requiring a license under this chapter when the accused person, firm, corporation, or any business entity is not licensed under this chapter. The order shall be entered by the executive director after a finding of probable cause by the commission staff.  The order shall become final 15 days after its service upon the accused, unless the accused requests a hearing before the commission.  Upon hearing the case and finding violations, the commission may make the cease and desist order final and the commission may impose a fine for each violation in an amount consistent with the range of fines applicable to licensees, and in addition, may impose a fine in the amount of any gain or economic benefit that was derived from the violation, and in addition, may impose a fine in the amount of the commission's costs incurred.  Any fines not paid as ordered shall be enforceable in any court with competent jurisdiction and proper venue.

34-27-36 (a)(31) If a qualifying broker or company, failing to keep their files copies of all contracts, leases, listings, and other records pertinent to real estate transactions for a period of three years.

**EMILY J. MARTIN**
*DEPUTY DIRECTOR*
T/212.549.2615
emartin@aclu.org

May 22, 2008

Jamarlo K. GumBayTay
4013 Tiffany Drive
Montgomery, AL 36110-3003

*VIA FEDERAL EXPRESS*

### Re: *Boswell v. GumBayTay et al.*, Civil Case No. 2:07-cv-135

Dear Mr. GumBayTay:

During our telephone conversation last week regarding your destruction of the documents that we have sought in the above case, you agreed to instruct Ms. Bassett, your part-time assistant, to search your laptop computer for responsive documents as long as we provided a written list of the type of documents for which she should search. This list is set out below.

1. Any correspondence or drafts of correspondence, including email, between you or someone writing on your behalf and any of the following:
     a. Matthew Bahr;
     b. Matthew Bahr's attorney(s);
     c. Matthew Bahr's family members;
     d. Eric Crews;
     e. Montgomery Housing Authority staff or representatives;
     f. Yolanda Boswell;
     g. Tenants of properties that you managed in the past.

2. Any contracts or agreements or drafts of contracts or agreements between you and any of the following:
     a. Matthew Bahr;
     b. Matthew Bahr's family members;
     c. Eric Crews;
     d. Montgomery Housing Authority staff or representatives;
     e. Yolanda Boswell;
     f. Tenants of properties that you managed in the past.

3. Any documents or drafts of documents relating to any past complaints made against you relating to sexual harassment, sexual misconduct, or improper or unlawful behavior as a manager of rental

properties (whether or not sexual in nature).  (For example, any documents relating to the complaint made to the Alabama Real Estate Commission would fall under this heading.)

    4.  Any documents or drafts of documents referring to Yolanda Boswell.

    We request that you provide any documents located through this search no later than Thursday, May 29, 2008.  Thank you for your cooperation.


Sincerely,


Emily Martin
Attorney for Plaintiff

cc:    Benjamin E. Schoettker
       Charles W. Barfoot

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:07-cv-135 |
| | ) |
| JAMARLO K. GUMBAYTAY, | ) |
| DBA/THE ELITE REAL ESTATE | ) |
| CONSULTING GROUP | ) |
| and, | ) |
| | ) |
| MATTHEW W. BAHR, | ) |
| | ) |
| DEFENDANTS. | |

---

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Plaintiff, YOLANDA M. BOSWELL, by and through undersigned

Counsel, pursuant to Fed. R. Civ. P. 34, and requests that Defendant Matthew W. Bahr

respond within 30 days to the following requests:

1. That Defendant Bahr produce and permit counsel for the plaintiff to inspect

   and copy each of the following documents:

   a. All documents concerning any rental unit owned by Defendant Bahr

      and managed by Defendant GumBayTay and/or the Elite Real Estate

      Consulting Group, including but not limited to, all communications

      between Defendants, all executed leases, and all documents

      establishing, setting out, or otherwise detailing the business

      relationship between the Defendants, such as an employment contract

      or any other contract.

1

b.  All documents concerning or reflecting communications between
    Defendant Bahr and his past or current tenants, including but not
    limited to any communications setting out complaints about Defendant
    GumBayTay.

c.  All documents concerning or reflecting communications between
    Defendant Bahr and the Montgomery Housing Authority relating to
    properties owned or managed by Defendant Bahr, including but not
    limited to communications addressing complaints about GumBayTay.

d.  All documents concerning the tenancy of Yolanda Boswell in 964
    North Gap Loop.

e.  All documents reflecting any communication between Defendant Bahr
    and Yolanda Boswell.

RESPECTFULLY SUBMITTED:

_____
Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama
Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

2

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor

New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2008, I have served the above foregoing by placing copies of the same in the U.S. mail, postage prepaid,, properly address to the following:

Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL  36104


Jamarlo K. GumBayTay
4013 Tiffany Drive
Montgomery, AL  36110-3003




_____
Allison E. Neal
Attorney for the Plaintiff

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:07-cv-135 |
| | ) |
| JAMARLO K. GUMBAYTAY, | ) |
| DBA/THE ELITE REAL ESTATE | ) |
| CONSULTING GROUP | ) |
| and, | ) |
| | ) |
| MATTHEW W. BAHR, | ) |
| | ) |
| DEFENDANTS. | |

<u>NOTICE OF DEPOSITION</u>

To:    Benjamin E. Schoettker (SCH091)

Charles W. Barfoot (BAR123)

Barfoot & Schoettker, L.L.C.

608 South Hull Street

Montgomery, AL  36104

Please take notice that on **June 3, 2008 at 1:30 p.m**., the deposition of **Matthew W. Bahr** will be taken at **207 Montgomery Street, Suite 1100 Montgomery, AL 36104** upon oral examination before a Notary Public or other officer authorized by law to administer oaths, at which time and place you are notified to appear and take part in the examination as shall be fit and proper.  Said examination will be taken in accordance with the Federal Rules of Civil Procedure and will continue from time to time until complete.

The witness is requested to bring any and all of the following to the deposition:

1

1.    Any and all documents concerning any rental unit owned by Defendant Bahr and managed by Defendant GumBayTay and/or the Elite Real Estate Consulting Group, including but not limited to, all communications between Defendants, all executed leases, and all documents establishing, setting out, or otherwise detailing the business relationship between the Defendants, such as an employment contract or any other contract.

2.    All documents concerning or reflecting communications between Defendant Bahr and his past or current tenants, including but not limited to any communications setting out complaints about Defendant GumBayTay.

3.    All documents concerning or reflecting communications between Defendant Bahr and the Montgomery Housing Authority relating to properties owned or managed by Defendant Bahr, including but not limited to communications addressing complaints about GumBayTay.

4.    All documents concerning the tenancy of Yolanda Boswell in 964 North Gap Loop.

5.    All documents reflecting any communication between Defendant Bahr and Yolanda Boswell.

6.    Any and all written material that you will use in preparation of a deposition or trial in this matter.

RESPECTFULLY SUBMITTED:

_____
Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama
Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of May, 2008, I have served the above foregoing by

placing copies of the same in the U.S. mail, postage prepaid, properly address to the following:

Benjamin E. Schoettker (SCH091)          Jamarlo K. GumBayTay

Charles W. Barfoot (BAR123)              4013 Tiffany Drive

Barfoot & Schoettker, L.L.C.             Montgomery, AL  36110

608 South Hull Street

Montgomery, AL  36104


_____
Allison E. Neal
Attorney for the Plaintiff