IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA M. BOSWELL, | ) | |
| | ) | |
|    PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:07-cv-135 |
| | ) | |
| JAMARLO K. GUMBAYTAY, | ) | |
|   D/B/A/THE ELITE REAL ESTATE | ) | |
|   CONSULTING GROUP. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MATTHEW W. BAHR, | ) | |
| | ) | |
|    DEFENDANTS. | ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY CIVIL PROCEEDINGS**

Plaintiff Yolanda Boswell writes in opposition to Defendant Bahr's Motion to Stay proceedings. As set out below, neither the Fifth Amendment nor this Court's previous order requires or justifies a blanket refusal to comply with discovery requests in this case, and any stay in this matter is inappropriate.

**FACTUAL BACKGROUND**

On April 9, 2008, Plaintiff served her First Request for Production of Documents on Defendant Bahr, appended as Attachment A. Defendant Bahr has produced no documents, nor tendered any objections to Plaintiff's request, other than the blanket refusals set out in his Motion to Stay.

On May 21, 2008, Plaintiff noticed Defendant Bahr for a deposition to take place on June 3, 2008. Counsel for Defendant Bahr thereafter notified Plaintiff's counsel that Mr. Bahr did not

1

intend to appear for the deposition because he was currently the subject of a criminal investigation and wished to exercise his Fifth Amendment rights. After Plaintiff's counsel informed Defendant's counsel that it was incumbent upon him to raise this issue with the Court, Defendant filed the Motion to Stay on June 6, 2008, three days after his deposition was scheduled to have occurred.

## ARGUMENT

**I.  THE FIFTH AMENDMENT DOES NOT EMPOWER DEFENDANT BAHR TO PROVIDE A BLANKET REFUSAL TO ALL DISCOVERY REQUESTS OR TO STAY CIVIL PROCEEDINGS.**

While the Fifth Amendment permits Bahr to refuse to respond to individual questions in a civil litigation when the answer may be self-incriminatory, it does not empower Bahr to preemptively refuse to answer any questions in a deposition or to refuse to produce any and all requested documents.

Defendant Bahr's motion asserts that he is the target of a federal investigation regarding his purchase of various properties, including the property in which Ms. Boswell resided when the harassment that is the subject of this lawsuit occurred. Defendant Bahr's motion does not specify in any way how or, indeed, whether the relevant issues in this case are implicated by this investigation. The circumstances of Defendant Bahr's purchase of the property seem on their face to have little relevance to the questions going to Defendant Bahr's liability here—namely, Defendant Bahr's relationship to Defendant GumBayTay and his relationship to the Plaintiff.

Given that many questions relevant to any particular civil action will bear no relationship to potential criminal activity, "this [Fifth Amendment] protection [from testifying] must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). In other words, "[t]he witness is

not exonerated from answering merely because he declares that in so doing he would incriminate himself--his say-so does not of itself establish the hazard of incrimination." *Id.* In order for the privilege to apply, "it need . . . be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486-87.

For this reason, the Eleventh Circuit has made clear that "[t]he Fifth Amendment privilege against compulsory self-incrimination must be claimed . . . with respect to particular questions." *Anglada v. Sprague*, 822 F.2d 1035, 1037 (11th Cir. 1987). "A defendant's 'blanket' refusal to answer all questions is unacceptable since it forces the reviewing court to speculate as to which questions would tend to incriminate." *Id.* at 1037. The appropriate practice is therefore for Defendant Bahr to appear at the deposition, to answer those questions that do not implicate the Fifth Amendment, and to assert his Fifth Amendment privilege as to any particular questions that reasonably might be expected to result in injurious disclosure, so that the Court might "review . . . assertions of the privilege on a question-by-question basis". *United States v. Agromaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991)).

Defendant Bahr's attempt to avoid his obligation to produce any and all requested documents in this case must also fail. Just as the Fifth Amendment does not empower Defendant Bahr to provide a blanket refusal to answer questions in deposition, so it does not permit a blanket refusal to produce documents. *Agromaniz*, 925 F.2d at 1356 ("[A] blanket refusal to produce records … will not support a fifth amendment claim.") Plaintiff primarily seeks documents setting out Defendant Bahr's business relationship with Defendant GumBayTay, documents concerning Plaintiff's tenancy, documents concerning or reflecting communications with Defendant Bahr's tenants, and documents concerning or reflecting communications with the

Montgomery Housing Authority. Again, there is no obvious relationship between these documents and a criminal investigation involving Bahr's purchase of the property in which Plaintiff came to reside.

Moreover, most if not all of the requested documents are voluntarily produced business records, and as the Supreme Court has held, the contents of voluntarily produced business records do not implicate the Fifth Amendment, as such documents do not reflect compelled statements. *United States v. Doe*, 465 U.S. 605, 611-12 (1984). While on some occasions, the act of producing voluntarily created documents might itself have incriminating testimonial value as an admission that such documents exist and are under the control of the producing party, *id.* at 612-13, any relevant claim of privilege must be made on a document-by-document basis, subject to the Court's review as to the applicability of the privilege. *Agromaniz*, 925 F.2d at 1356. Defendant Bahr has failed to make any such claim.

Given that Defendant Bahr has no basis for a refusal to appear at his deposition or to produce any and all requested documents, he certainly has no basis for his much broader request that the entire proceeding against him be stayed until the conclusion of any and all criminal investigations.

To the extent that Defendant Bahr asserts his Fifth Amendment privilege, he appropriately risks the consequences in this litigation that flow from his silence. Any other conclusion "would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." *U.S. v. Rylander*, 460 U.S. 752, 758 (1983). "Those who choose to remain silent must bear the consequence of a lack of evidence." *Arango v. U.S. Dep't of Treasury*, 115 F.3d 922, 927 (11th

4

Cir. 1997) (internal quotation marks and citation omitted). In deciding whether to invoke the Fifth Amendment, "[p]arties . . . must weigh the relative advantages of silence and explanation." *Id.* (internal quotation marks and citation omitted). "In other words, a 'party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence,' and the claim of privilege will not prevent an adverse finding or even summary judgment if the litigant does not present sufficient evidence to satisfy the usual evidentiary burdens in the litigation." *United States v. Certain Real Property and Premises Known as 4003-4005 5th Ave.,* 55 F.3d 78, 83 (2d Cir.1995) (quoting *United States v. Taylor,* 975 F.2d 402, 404 (7th Cir.1992)). Given the Court's previous ruling that Bahr is prohibited from introducing evidence or putting forward a defense in this case given his default, his argument for a stay is even further compromised.

II.   **THIS COURT'S ORDER OF OCTOBER 12, 2007, DOES NOT RELIEVE DEFENDANT BAHR OF HIS DISCOVERY OBLIGATIONS.**

On October 12, 2007, this Court ordered that as a result of Defendant Bahr's default, he would not be entitled to appear in this case. Defendant Bahr now inappropriately attempts to convert this ruling into a protective order limiting Plaintiff's ability to collect and present evidence by complaining that it would be "inequitable" to require him to comply with discovery requests given the default. It would be illogicalto conclude that when Defendant Bahr defaulted in this case and as a result lost the right to mount a defense to Plaintiff's claims, he thereby gained the right to deny Plaintiff any and all relevant discovery and thus to block Plaintiff's preparation of her case. Discovery cannot be disallowed on this basis.

While Defendant Bahr has forfeited his own right to present evidence in this case, this does not relieve him of his obligation to respond to appropriately tendered discovery requests. Plaintiff may depose him, just as she might depose anyone whose testimony was likely to lead to the discovery of relevant evidence, whether a defendant or third party. She may seek documents

from him, just as she might request or subpoena any documents likely to lead to the discovery of relevant evidence from any defendant or third party.

## CONCLUSION

For the reasons set out above, Plaintiff requests that this Court deny Defendant Bahr's motion to stay.


Dated: June 13, 2008                              Respectfully submitted,

                                                  Allison E. Neal (NEA008)
                                                  American Civil Liberties Union of Alabama
                                                  Foundation
                                                  207 Montgomery Street, Suite 910
                                                  Montgomery, AL  36104
                                                  Phone: (334) 265-2754, ext. 203
                                                  Fax: (334) 269-5666

                                                  Faith R. Cooper
                                                  Central Alabama Fair Housing Center
                                                  1817 West Second Street
                                                  Montgomery, AL  36106
                                                  (334) 263-4663

                                                  Lenora M. Lapidus (LL-6592)
                                                  Emily Martin (EM-2924)
                                                  Women's Rights Project
                                                  American Civil Liberties Union Foundation
                                                  125 Broad Street, 18th Floor
                                                  New York, NY 10004
                                                  Tel: 212-519-7816
                                                  Fax: 212-549-2580

                                                  Kenneth J. Lay
                                                  Legal Services Alabama, Inc.
                                                  PO Box 11765
                                                  Birmingham, AL  35202
                                                  Tel: 205-397-6540, ext. 102

                                                  Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2008, I have served the above foregoing by placing copies of the same in the U.S. mail, postage prepaid, properly address to the following:

Benjamin E. Schoettker (SCH091)       Alfred T. Newell
Charles W. Barfoot (BAR123)           PO Box 101432
Barfoot & Schoettker, L.L.C.          Birmingham, AL  35210
608 South Hull Street
Montgomery, AL  36104


_____
Allison E. Neal
Attorney for the Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:07-cv-135 |
| | ) |
| JAMARLO K. GUMBAYTAY, | ) |
|   DBA/THE ELITE REAL ESTATE | ) |
|       CONSULTING GROUP | ) |
| and, | ) |
| | ) |
| MATTHEW W. BAHR, | ) |
| | ) |
| DEFENDANTS. | |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Plaintiff, YOLANDA M. BOSWELL, by and through undersigned Counsel, pursuant to Fed. R. Civ. P. 34, and requests that Defendant Matthew W. Bahr respond within 30 days to the following requests:

1. That Defendant Bahr produce and permit counsel for the plaintiff to inspect and copy each of the following documents:

    a. All documents concerning any rental unit owned by Defendant Bahr and managed by Defendant GumBayTay and/or the Elite Real Estate Consulting Group, including but not limited to, all communications between Defendants, all executed leases, and all documents establishing, setting out, or otherwise detailing the business relationship between the Defendants, such as an employment contract or any other contract.

b. All documents concerning or reflecting communications between Defendant Bahr and his past or current tenants, including but not limited to any communications setting out complaints about Defendant GumBayTay.

c. All documents concerning or reflecting communications between Defendant Bahr and the Montgomery Housing Authority relating to properties owned or managed by Defendant Bahr, including but not limited to communications addressing complaints about GumBayTay.

d. All documents concerning the tenancy of Yolanda Boswell in 964 North Gap Loop.

e. All documents reflecting any communication between Defendant Bahr and Yolanda Boswell.

RESPECTFULLY SUBMITTED:

_____
Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

2

        Lenora M. Lapidus (LL-6592)
        Emily Martin (EM-2924)
        Women's Rights Project
        American Civil Liberties Union Foundation
        125 Broad Street, 18th Floor

        New York, NY 10004
        Tel: 212-519-7816
        Fax: 212-549-2580

        Kenneth J. Lay
        Legal Services Alabama, Inc.
        PO Box 11765
        Birmingham, AL 35202
        Tel: 205-397-6540, ext. 102

        Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2008, I have served the above foregoing by placing copies of the same in the U.S. mail, postage prepaid,, properly address to the following:

Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL 36104


Jamarlo K. GumBayTay
4013 Tiffany Drive
Montgomery, AL 36110-3003




        _____
        Allison E. Neal
        Attorney for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v.   ) | CIVIL CASE NO. 2:07-cv-135 |
| ) | |
| JAMARLO K. GUMBAYTAY, ) | |
| D/B/A/THE ELITE REAL ESTATE ) | |
| CONSULTING GROUP. ) | |
| ) | |
| and ) | |
| ) | |
| MATTHEW W. BAHR, ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S OPPOSITION TO MOTION TO STAY CIVIL PROCEEDINGS**

Plaintiff Yolanda Boswell writes in opposition to Defendant Bahr's Motion to Stay proceedings. As set out below, neither the Fifth Amendment nor this Court's previous order requires or justifies a blanket refusal to comply with discovery requests in this case, and any stay in this matter is inappropriate.

**FACTUAL BACKGROUND**

On April 9, 2008, Plaintiff served her First Request for Production of Documents on Defendant Bahr, appended as Attachment A. Defendant Bahr has produced no documents, nor tendered any objections to Plaintiff's request, other than the blanket refusals set out in his Motion to Stay.

On May 21, 2008, Plaintiff noticed Defendant Bahr for a deposition to take place on June 3, 2008. Counsel for Defendant Bahr thereafter notified Plaintiff's counsel that Mr. Bahr did not

1

intend to appear for the deposition because he was currently the subject of a criminal investigation and wished to exercise his Fifth Amendment rights. After Plaintiff's counsel informed Defendant's counsel that it was incumbent upon him to raise this issue with the Court, Defendant filed the Motion to Stay on June 6, 2008, three days after his deposition was scheduled to have occurred.

## ARGUMENT

I. **THE FIFTH AMENDMENT DOES NOT EMPOWER DEFENDANT BAHR TO PROVIDE A BLANKET REFUSAL TO ALL DISCOVERY REQUESTS OR TO STAY CIVIL PROCEEDINGS.**

While the Fifth Amendment permits Bahr to refuse to respond to individual questions in a civil litigation when the answer may be self-incriminatory, it does not empower Bahr to preemptively refuse to answer any questions in a deposition or to refuse to produce any and all requested documents.

Defendant Bahr's motion asserts that he is the target of a federal investigation regarding his purchase of various properties, including the property in which Ms. Boswell resided when the harassment that is the subject of this lawsuit occurred. Defendant Bahr's motion does not specify in any way how or, indeed, whether the relevant issues in this case are implicated by this investigation. The circumstances of Defendant Bahr's purchase of the property seem on their face to have little relevance to the questions going to Defendant Bahr's liability here—namely, Defendant Bahr's relationship to Defendant GumBayTay and his relationship to the Plaintiff.

Given that many questions relevant to any particular civil action will bear no relationship to potential criminal activity, "this [Fifth Amendment] protection [from testifying] must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). In other words, "[t]he witness is

not exonerated from answering merely because he declares that in so doing he would incriminate himself--his say-so does not of itself establish the hazard of incrimination." *Id.* In order for the privilege to apply, "it need . . . be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486-87.

For this reason, the Eleventh Circuit has made clear that "[t]he Fifth Amendment privilege against compulsory self-incrimination must be claimed . . . with respect to particular questions." *Anglada v. Sprague*, 822 F.2d 1035, 1037 (11th Cir. 1987). "A defendant's 'blanket' refusal to answer all questions is unacceptable since it forces the reviewing court to speculate as to which questions would tend to incriminate." *Id.* at 1037. The appropriate practice is therefore for Defendant Bahr to appear at the deposition, to answer those questions that do not implicate the Fifth Amendment, and to assert his Fifth Amendment privilege as to any particular questions that reasonably might be expected to result in injurious disclosure, so that the Court might "review . . . assertions of the privilege on a question-by-question basis". *United States v. Agromaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991)).

Defendant Bahr's attempt to avoid his obligation to produce any and all requested documents in this case must also fail. Just as the Fifth Amendment does not empower Defendant Bahr to provide a blanket refusal to answer questions in deposition, so it does not permit a blanket refusal to produce documents. *Agromaniz*, 925 F.2d at 1356 ("[A] blanket refusal to produce records … will not support a fifth amendment claim.") Plaintiff primarily seeks documents setting out Defendant Bahr's business relationship with Defendant GumBayTay, documents concerning Plaintiff's tenancy, documents concerning or reflecting communications with Defendant Bahr's tenants, and documents concerning or reflecting communications with the

3

Montgomery Housing Authority. Again, there is no obvious relationship between these documents and a criminal investigation involving Bahr's purchase of the property in which Plaintiff came to reside.

Moreover, most if not all of the requested documents are voluntarily produced business records, and as the Supreme Court has held, the contents of voluntarily produced business records do not implicate the Fifth Amendment, as such documents do not reflect compelled statements. *United States v. Doe*, 465 U.S. 605, 611-12 (1984). While on some occasions, the act of producing voluntarily created documents might itself have incriminating testimonial value as an admission that such documents exist and are under the control of the producing party, *id.* at 612-13, any relevant claim of privilege must be made on a document-by-document basis, subject to the Court's review as to the applicability of the privilege. *Agromaniz*, 925 F.2d at 1356. Defendant Bahr has failed to make any such claim.

Given that Defendant Bahr has no basis for a refusal to appear at his deposition or to produce any and all requested documents, he certainly has no basis for his much broader request that the entire proceeding against him be stayed until the conclusion of any and all criminal investigations.

To the extent that Defendant Bahr asserts his Fifth Amendment privilege, he appropriately risks the consequences in this litigation that flow from his silence. Any other conclusion "would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." *U.S. v. Rylander*, 460 U.S. 752, 758 (1983). "Those who choose to remain silent must bear the consequence of a lack of evidence." *Arango v. U.S. Dep't of Treasury*, 115 F.3d 922, 927 (11th

4

Cir. 1997) (internal quotation marks and citation omitted). In deciding whether to invoke the Fifth Amendment, "[p]arties . . . must weigh the relative advantages of silence and explanation." *Id.* (internal quotation marks and citation omitted). "In other words, a 'party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence,' and the claim of privilege will not prevent an adverse finding or even summary judgment if the litigant does not present sufficient evidence to satisfy the usual evidentiary burdens in the litigation." *United States v. Certain Real Property and Premises Known as 4003-4005 5th Ave.,* 55 F.3d 78, 83 (2d Cir.1995) (quoting *United States v. Taylor,* 975 F.2d 402, 404 (7th Cir.1992)). Given the Court's previous ruling that Bahr is prohibited from introducing evidence or putting forward a defense in this case given his default, his argument for a stay is even further compromised.

## II.    THIS COURT'S ORDER OF OCTOBER 12, 2007, DOES NOT RELIEVE DEFENDANT BAHR OF HIS DISCOVERY OBLIGATIONS.

On October 12, 2007, this Court ordered that as a result of Defendant Bahr's default, he would not be entitled to appear in this case. Defendant Bahr now inappropriately attempts to convert this ruling into a protective order limiting Plaintiff's ability to collect and present evidence by complaining that it would be "inequitable" to require him to comply with discovery requests given the default. It would be illogicalto conclude that when Defendant Bahr defaulted in this case and as a result lost the right to mount a defense to Plaintiff's claims, he thereby gained the right to deny Plaintiff any and all relevant discovery and thus to block Plaintiff's preparation of her case. Discovery cannot be disallowed on this basis.

While Defendant Bahr has forfeited his own right to present evidence in this case, this does not relieve him of his obligation to respond to appropriately tendered discovery requests. Plaintiff may depose him, just as she might depose anyone whose testimony was likely to lead to the discovery of relevant evidence, whether a defendant or third party. She may seek documents

5

from him, just as she might request or subpoena any documents likely to lead to the discovery of relevant evidence from any defendant or third party.

## CONCLUSION

For the reasons set out above, Plaintiff requests that this Court deny Defendant Bahr's motion to stay.

Dated: June 13, 2008                               Respectfully submitted,


/s/ Allison E. Neal_____

Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

6

...

Attorneys for Plaintiff

Case 2:07-cv-00135-WKW-TFM   Document 65-3   Filed 06/13/2008   Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2008, I have served the above foregoing by placing copies of the same in the U.S. mail, postage prepaid, properly address to the following:

Benjamin E. Schoettker (SCH091)  Alfred T. Newell
Charles W. Barfoot (BAR123)  PO Box 101432
Barfoot & Schoettker, L.L.C.  Birmingham, AL  35210
608 South Hull Street
Montgomery, AL  36104


　　　　　　　　　　　　　　　　　　　　　　_/s/ Allison E. Neal_____
　　　　　　　　　　　　　　　　　　　　　　Allison E. Neal
　　　　　　　　　　　　　　　　　　　　　　Attorney for the Plaintiff