**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:07-cv-135 |
| | ) |
| JAMARLO K. GUMBAYTAY, | ) |
| DBA/THE ELITE REAL ESTATE | ) |
| CONSULTING GROUP | ) |
| and, | ) |
| | ) |
| MATTHEW W. BAHR, | ) |
| | ) |
| DEFENDANTS. | |

## NOTICE OF FILING A PROPOSED ORDER RELATING TO THE REQUESTED SANCTIONS

On July 7, 2008, Plaintiff's Counsel submitted a proposed order relating to the requested sanctions to Judge Moorer as ordered orally at the June 18, 2008 hearing and reconfirmed in a written order that same day. Attached is our proposed order and four exhibits in support of the proposed order.

RESPECTFULLY SUBMITTED:

/s/ Allison Neal_____
Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL 35202
Tel: 205-397-6540, ext. 102

1

Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama
Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Benjamin E. Schoettker (SCH091)          Alfred T. Newell

Charles W. Barfoot (BAR123)               PO Box 101432

Barfoot & Schoettker, L.L.C.              Birmingham, AL  35210

608 South Hull Street

Montgomery, AL  36104

_/s/ Allison Neal_____
Allison Neal
Attorney for the Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL, | Civil Case No. 2:07-cv-135-WKW |
| Plaintiff, | |
| v. | |
| JAMARLO K. GUMBAYTAY, DBA/THE ELITE REAL ESTATE CONSULTING GROUP | **PROPOSED ORDER IMPOSING SANCTIONS** |
| AND, | |
| MATTHEW W. BAHR | |
| Defendants. | |

Now comes the Plaintiff Yolanda Boswell and submits two Proposed Orders for Sanctions in the alternative for Defendant GumBayTay's Destruction of Documents, in response to the Court's Order dated June 18, 2008. The proposed orders differ only in the specific sanctions sought

In support of the Proposed Orders, Plaintiff attaches the Declaration of Counsel Allison Neal, which describes all relevant events leading up to and subsequent to the June 18, 2008, hearing regarding Defendant GumBayTay's destruction of documents. The Declaration establishes that Defendant GumBayTay and his Counsel have not acted in good faith with regard to production of documents since Plaintiff's discovery request was issued, and that severe sanctions against Defendant GumBayTay and his Counsel are warranted.

On June 6, 2008, the Plaintiff filed a motion with this Court requesting sanctions against Defendant Jamarlo K. GumBayTay for destruction of documents. Specifically, in

response to a request for documents served on Defendant GumBayTay on April 8, 2008, Defendant GumBayTay stated that he had destroyed all of his business records in April 2008 despite being in litigation with the Plaintiff since February 2007. His explanation to Plaintiff was that he had been obliged to destroy such records as per a Cease and Desist Order issued to him by the Alabama Real Estate Commission on March 31, 2008.

In a hearing before this Court on June 18, 2008, despite his previous statement to Plaintiff that he had destroyed all of his documents, Defendant GumBayTay somehow produced some documents for the first time. At the same time, he testified again that he believed the Cease and Desist order had obliged him to destroy all of his other documents.

Defendant GumBayTay's alleged justification for destruction of these documents is not credible. Nothing in the Real Estate Commission's Order suggests that the Commission requested or required that Defendant GumBayTay destroy any documents. Moreover, in a letter dated May 13, 2008 to an employee of co-counsel Central Alabama Fair Housing Center, the executive director of the Alabama Real Estate Commission confirmed that "at no time was [GumBayTay] orally or otherwise instructed to destroy any records."

Nor did the relevant provisions of the Alabama Code require Defendant GumBayTay to destroy any records upon receiving a cease and desist order. On the contrary, Ala. Code § 34-27-37 makes clear that after the Real Estate Commission has issued such an order, the Commission may require the respondent to produce relevant documents should the respondent seek a hearing. Ala. Code sec 34-27-37-(b)(c). This

statutory scheme plainly does not implicitly or explicitly require a respondent to destroy his business documents upon receipt of a cease and desist order.

Moreover, there is evidence that Defendant GumBayTay is either continuing to withhold documents from Plaintiff or destroyed such documents at a time when he was on clear and undeniable notice of the demand for such documents. Defendant GumBayTay's bookkeeper, Lynn Norsworthy, stated in her June 20, 2008 deposition that she turned over 3 boxes of documents to Defendant GumBayTay at some point in May 2008, at least 3 weeks after Plaintiff served her request for documents upon Defendant GumBayTay on April 8, 2008. Not only would 3 boxes of documents represent more documents than were turned over to Plaintiff in the June 18, 2008 hearing, but the types of documents that Ms. Norsworthy testified she provided to Defendant GumBayTay were not among the documents provided to the Plaintiff at the hearing.

Finally, Defendant GumBayTay and his counsel Al Newell have willfully disregarded this Court's instructions issued orally at the June 18, 2008 hearing. This Court ordered Mr. Newell to meet with his client by June 23, 2008, in order to determine whether there were possibly any additional documents responsive to Plaintiff's request that had not been turned over, and then to schedule a meeting with Plaintiff's counsel. When Plaintiff's counsel did not hear from Mr. Newell, they contacted him on June 26, and he admitted he had not had any conversation with his client about the missing documents. Despite admitting he had not spoken to his client, Mr. Newell continued to insist that there were no other documents available. Mr. Newell said he would speak to his client, but Plaintiff's counsel did not hear back from Mr. Newell and had to wait to pose the question directly to Defendant GumBayTay at his June 30, 2008 deposition.

The evidence demonstrates that Defendant GumBayTay has acted in bad faith with regard to the Plaintiff's discovery request, and the Plaintiff's case has been subjected to incurable prejudice as a result of this destruction of important evidence.  For these reasons, and with the degree of willfulness of Defendant GumBayTay's conduct in mind, the Plaintiff requests that the Court impose the following sanctions against Defendant GumBayTay and Counsel Al Newell, as set out in the alternative proposed orders:

1. Dismiss Defendant GumBayTay's counterclaim for "defamation, libel, and slander" with prejudice;

2. Enter default against Defendant GumBayTay with regard to Plaintiff's claim against him under the Fair Housing Act;

3. If the Court does not enter a default against Defendant GumBayTay as requested above, then bar Defendant GumBayTay from introducing into evidence, relying upon in testimony, or referring to in motions or responses any documents not provided to Plaintiff as of June 30, 2008, and instruct the jury that a rebuttable presumption exists that at all times relevant to this case, Defendant GumBayTay acted as the agent for Defendant Bahr;

4. Order Defendant GumBayTay to pay reasonable attorney's fees for all time spent on the matter of the production of documents subsequent to the Request for Discovery being served on April 8, 2008;

5. Order Attorney Al Newell to pay $500 to Plaintiff's co-counsel for his willful disregard of this Court's June 18, 2008 order and the consequent delay it caused them.

July 7, 2008                                    RESPECTFULLY SUBMITTED:

                                               _ /s/ Allison Neal_____

                                               Allison E. Neal (NEA008)
                                               American Civil Liberties Union of Alabama
                                               Foundation
                                               207 Montgomery Street, Suite 910

Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>         Plaintiff,<br><br>         v.<br><br>JAMARLO K. GUMBAYTAY,<br>DBA/THE ELITE REAL ESTATE<br>CONSULTING GROUP<br>AND,<br><br>MATTHEW W. BAHR<br><br><br>         Defendants. | Civil Case No. 2:07-cv-135-WKW |

## <u>ORDER</u>

This matter comes before the Court by Plaintiff's motion for sanctions against Defendant GumBayTay for willful destruction of relevant evidence. In light of the evidence presented, the Court finds that Defendant GumBayTay and his counsel have acted in bad faith with regard to the Plaintiff's discovery request, and the Plaintiff's case has been subjected to incurable prejudice as a result of this destruction of important evidence. For these reasons, and with the degree of willfulness of Defendant GumBayTay's conduct in mind, the Court issues the following Order for Sanctions Against Defendant GumBayTay and Counsel Al Newall:

1. Defendant GumBayTay's counterclaim for "defamation, libel, and slander" is dismissed with prejudice;

2. A default is entered against Defendant GumBayTay with regard to Plaintiff's claim against him under the Fair Housing Act;

3.  Defendant GumBayTay shall pay reasonable attorney's fees for all time spent on the matter of the production of documents subsequent to the Request for Discovery being served on April 8, 2008;

4.  Attorney Al Newell shall pay $500 to Plaintiff's co-counsel for his willful disregard of this Court's June 18, 2008 order and the consequent delay it caused them.

DONE this _____ day of _____, 2008

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>             Plaintiff,<br><br>          v.<br><br>JAMARLO K. GUMBAYTAY,<br>DBA/THE ELITE REAL ESTATE<br>CONSULTING GROUP<br><br>AND,<br><br>MATTHEW W. BAHR<br><br><br>             Defendants. | Civil Case No. 2:07-cv-135-WKW |

## <u>ORDER (IN THE ALTERNATIVE)</u>

This matter comes before the Court by Plaintiff's motion for sanctions against Defendant GumBayTay for willful destruction of relevant evidence.  In light of the evidence presented, the Court finds that Defendant GumBayTay and his counsel have acted in bad faith with regard to the Plaintiff's discovery request, and the Plaintiff's case has been subjected to incurable prejudice as a result of this destruction of important evidence.  For these reasons, the Court issues the following Order for Sanctions Against Defendant GumBayTay and Counsel Al Newell:

1. Defendant GumBayTay's counterclaim for "defamation, libel, and slander" is dismissed with prejudice;

2. Defendant GumBayTay is barred from introducing into evidence, relying upon in testimony, or referring to in motions or responses any documents not provided to Plaintiff as of June 30, 2008;

3. The jury shall be instructed that a rebuttable presumption exists that at all times relevant to this case, Defendant GumBayTay acted as the agent for Defendant Bahr;

4. Defendant GumBayTay shall pay reasonable attorney's fees for all time spent on the matter of the production of documents subsequent to the Request for Discovery being served on April 8, 2008;

5. Attorney Al Newell shall pay $500 to Plaintiff's co-counsel for his willful disregard of this Court's June 18, 2008 order and the consequent delay it caused them.

DONE this ـــــ day of ـــــــــــ, 2008

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

<u>EXHIBIT 1</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL, | Civil Case No. 2:07-cv-135-WKW |
| Plaintiff, | |
| v. | |
| JAMARLO K. GUMBAYTAY, DBA/THE ELITE REAL ESTATE CONSULTING GROUP | **DECLARATION OF ALLISON NEAL IN SUPPORT OF PLAINTIFF'S PROPOSED ORDER IMPOSING SANCTIONS** |
| AND, | |
| MATTHEW W. BAHR | |
| Defendants. | |

ALLISON E. NEAL declares and states the following:

1.   I am the staff attorney for the American Civil Liberties Union of Alabama, co-counsel for Plaintiff Yolanda M. Boswell in the above-captioned matter.

2.   I make this declaration, based upon my personal knowledge and review of the relevant documents, in support of Plaintiff's proposed order imposing sanctions on Defendant Jamarlo K. GumBayTay pursuant to Federal Rule of Civil Procedure 56(b) and on Defendant GumBayTay's counsel pursuant to Federal Rule of Civil Procedure 11.

3.   In Defendant GumBayTay's response to Plaintiff's First Request for Production of Documents, he indicated that he had destroyed all documents responsive to Plaintiff's request pursuant to a Cease and Desist Order he had received from the Alabama Real Estate Commission.  *See* Exhibits 2 and 3.  However, in a letter

dated May 13, 2008, the executive director of the Alabama Real Estate

Commission confirmed "that at no time was [GumBayTay] orally or otherwise

instructed to destroy any records." *See* Exhibit 4.

4.  In a hearing on Plaintiff's Motion to Compel and for Sanctions, held on June 18,

2008, Mr. GumBayTay provided some documents to me.  Judge Moorer

instructed Al Newell, Counsel for Defendant Jamarlo GumBayTay, to determine

from his client whether there were any additional documents responsive to our

discovery request that had not been already turned over or destroyed, and arrange

a meeting with us by June 23, 2008.

5.  I deposed Mrs. Lynn Norsworthy, a bookkeeper for Jamarlo GumBayTay, on

June 20, 2008.  I have not yet received the transcript of this deposition, but will

forward the relevant portions to this Court as soon as it is prepared.  In her

deposition, Ms. Norsworthy stated under oath that she had turned over three

letter-sized boxes of documents to Mr. GumBayTay at some point in May of

2008, well after the time that we made our discovery request to Mr. GumBayTay

and put him on notice as to the relevance of such documents.  Some of the

documents that she described turning over to Mr. GumBayTay, such as Housing

Assistance Payment contracts, correspondence with the property owners, and

agreements between Mr. GumBayTay and the property owners, were not among

the documents that he turned over at the June 18, 2008 hearing.

6.  On June 26, 2008, when we had not heard from Mr. Newell, John Pollock of the

Central Alabama Fair Housing Center and I called Mr. Newell.  In this

conversation, we learned that Mr. Newell had not asked his client whether there

were any other documents responsive to our request, contrary to the order of this Court. But he nevertheless asserted that there were no more responsive documents that he was aware of. He also agreed to ask his client about this, as per the Court's order.

7. On June 30, 2008, after we completed Mr. GumBayTay's deposition, I again asked Mr. Newell whether he and his client had any other documents responsive to our First Request for the Production of Documents. He again stated that all documents were given to us at the time of the June 18, 2008, hearing.

8. I asked Mr. GumBayTay about these documents during our June 30, 2008 deposition. He testified that all documents other than what he had already given us had been destroyed in response to the cease and desist order from the Alabama Real Estate Commission. I have not yet received the transcript of this deposition, but will forward the relevant portions to this Court as soon as it is prepared.

9. At the June 30, 2008 deposition, I also asked Mr. GumBayTay about the three letter-sized boxes Ms. Norsworthy referred to in her deposition. He testified that he was not sure of the content or quantity of the documents given to him by Ms. Norsworthy or approximately when he received them. He also testified that these documents were also destroyed in response to the cease and desist order from the Alabama Real Estate Commission. Again, I have not yet received the transcript of this deposition, but will forward the relevant portion to the Court as soon as it is prepared.

/s/ Allison Neal_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| YOLANDA M. BOSWELL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:07-cv-135 |
| | ) | |
| JAMARLO K. GUMBAYTAY, | ) | |
| DBA/THE ELITE REAL ESTATE | ) | |
| CONSULTING GROUP | ) | |
| and, | ) | |
| | ) | |
| MATTHEW W. BAHR, | ) | |
| | ) | |
| DEFENDANTS. | | |

---

## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

COMES NOW, Plaintiff, YOLANDA M. BOSWELL, by and through undersigned

Counsel, pursuant to Fed. R. Civ. P. 34, and requests that Defendant Jamarlo K.

GumBayTay respond within 30 days to the following requests:

1. That Defendant GumBayTay produce and permit counsel for the plaintiff to

inspect and copy each of the following documents:

a. All documents concerning any rental unit owned by Defendant Bahr

and managed by Defendant GumBayTay and/or the Elite Real Estate

Consulting Group, including but not limited to, documents setting out,

establishing, or detailing the business relationship between the

Defendants, such as any employment contract or other contract.

b. All documents setting out, establishing, or otherwise detailing the

business relationship between Defendant GumBayTay, the Elite Real

1

Estate Consulting Group, and Eric Crews.

c.  All documents setting out, establishing, or otherwise detailing any business relationship between Defendant GumBayTay and/or the Elite Real Estate Consulting Group and the Montgomery Housing Authority, including any documents prepared by or for the Montgomery Housing Authority concerning rental units owned or managed by Defendant GumBayTay and/or the Elite Real Estate Consulting Group.

d.  All documents concerning a housing unit owned or managed by Defendant GumBayTay and/or the Elite Real Estate Consulting Group sent to current, past, or prospective tenants of said unit.

e.  All documents concerning any previous formal or informal complaint or allegation of sexual harassment, sexual abuse, or discrimination made against Defendant GumBayTay and/or Elite Real Estate Consulting Group, including but not limited to documents relating to any previous termination of employment on these bases.

f.  All documents concerning any previous formal or informal complaint or allegation of improper practice made against Defendant GumBayTay in his capacity as a manager of rental properties and/or against Elite Real Estate Consulting Group.

g.  All documents concerning the tenancy of Yolanda Boswell in 964 North Gap Loop.

h.  All documents reflecting any communication between Defendants

GumBayTay and Yolanda Boswell.


RESPECTFULLY SUBMITTED:


_____
Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama
Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

Lenora M. Lapidus (LL-6592)
Emily Martin (EM-2924)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor

New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

Attorneys for Plaintiff

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2008, I have served the foregoing by placing copies of the same in the U.S. mail, postage prepaid, and properly addressed to the following:

Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL  36104

Jamarlo K. GumBayTay
4013 Tiffany Drive
Montgomery, AL  36110-3003

_____
Allison E. Neal
Attorney for the Plaintiff

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

YOLANDA M. BOSWELL       )
     Plaintiff,             )
                      )
                      )
v.                       )       Civil Case No. 2:07-cv-135
                      )
JAMARLO K. GUMBAYTAY      )
DBA/The Elite Real Estate Consulting  )
    Group                )
         Defendant        )

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW, Defendant, Jamarlo K. GumBayTay, by and through undersigned counsel, pursuant to Fed Civ.p. 34, and requests that the Plaintiff respond within 30 days to the following requests:

1. That Plaintiff Boswell produce and permit Defendant, Jamarlo K. GumBayTay to inspect and copy each of the following documents:

    a.    All documents concerning the rental unit once occupied by Plaintiff Boswell, including but not limited to, all communications between Plaintiff and Defendant, all executed leases, verbal or recorded conversations, witnesses, establishing, grounds, and the basis for said charges outlined in Civil Case No. 2.07-cv-135, any and all written communication detailing the business relationship between the Plaintiff and Mr. Bahr, such as an employment contract or any other contract or record provided to Plaintiff, or any other person, agency, or organization;

    b.    All documents/verbal or recorded conversations reflecting communication between Plaintiff and Defendant that transpired, including but not limited to any communication setting out complaint from Plaintiff.

    c.    All documents concerning or reflecting communication between Defendant and the Montgomery Housing Authority relating to properties allegedly managed by Defendant, including but not limited to communication addressing complaints about GumBayTay.

    d.    All documents concerning the tenancy of Yolanda Boswell in 964 North Gap Road.

e.      All documents reflecting any communication between Defendant and Plaintiff.

NOTE: In response to your request certified on 9 April 08, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 34, and request that Defendant Jamarlo K. GumBayTay respond within 30 days to said/stated request listed in Civil Case No. 2:07-cv-135. Due to unexpected circumstances/situation beyond his control, all documents requested by Plaintiff's counsel have been destroyed pursuit to provisions of the State of Alabama 1975 § 34-27-30 Ala. Code. Defendant was summoned before the State of Alabama Real Estate Commission in the matter of the Cease and Desist Order (see attached for proof). Thus, all requests from the Real Estate Commission have been satisfied as stated in § 34-27-369(c) Ala. Code.

Therefore, documents of any and all concerns of said Real Estate Commission were addressed under a Cease and Desist order. Thus, Defendant GumBayTay hereby requests from Plaintiff's counsel all recordings, documents, files, etc. in its files for review by Defendant and copies made for Defendant's file and/or records.

Respectfully submitted,


Jamarlo K. GumBayTay, Ph.D.
4013 Tiffany Drive
Montgomery, AL 36110
Tel: 334-202-8676 or 334-241-5986

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2008, I have served the above foregoing by placing copies of the same in the U. S. Mail, postage prepaid, properly addressed to the following:

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second St.
Montgomery, AL 36106

Emily J. Martin
American Civil Liberties Union
Foundation of Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004

Kenneth James Lay
Legal Services Alabama
P. O. Box 11765
Birmingham, AL 35202

Lenora M. Lapidus
American Civil Liberties Union
Foundation Women's rights Project
125 Broad Street, 18th Floor
New York, NY 10004

Allison Neal
American Civil Liberties Union
Alabama Foundation
207 Montgomery St., Suite 910
Montgomery, AL 36104


_____
Jamarlo K. GumBayTay
Defendant

BEFORE THE STATE OF ALABAMA
REAL ESTATE COMMISSION

IN THE MATTER OF THE
CEASE AND DESIST ORDER

INVESTIGATIVE FILE I-12,630

Dr. Jamarlo K. Gumbaytay, The Elite Real Estate Financial Investment Group, 4013
Tiffany Drive, Montgomery, Alabama 36110

Respondents

## CEASE AND DESIST ORDER

1. Respondents are not licensed by the Alabama Real Estate Commission under Articles
1 and 2 of Chapter 27, Title 34 Ala. Code

2. On or about February 28, 2008, it came to the attention of the Alabama Real Estate
Commission that Respondents were performing rental management on behalf of the
owners of a number of properties and that Respondents were to be paid for their services.

3. During the month of March 2008, interviews by Alabama Real Estate Commission
staff personnel, with tenants and other interested parties, confirmed to the Commission
that Respondents were indeed in the property rental business on behalf of owners.

4. On March 26, 2008, Respondent Gumbaytay visited the Alabama Real Estate
Commission offices and agreed that the allegations were true and further agreed to cease
such property management beginning right away. Respondent Gumbaytay stated that
owners would be notified that they would have to engage a licensed real estate company
and broker for their services. Respondent Gumbaytay was made aware of the provisions
of the Code of Alabama 1975, as amended, as set out below:

§ 34-27-30 Ala. Code

It shall be unlawful for any person, partnership, corporation, or branch
office, for a fee, commission or other valuable consideration, or with the
intention or expectation of receiving or collecting a fee, commission or other
valuable consideration from another, to do any of the following unless he is
licensed under Articles 1 and 2 of this chapter:
(1) Sell, exchange, purchase, rent, or lease real estate situated within the State of Alabama.
(2) Offer to sell, exchange, purchase, rent, or lease real estate situated within the State of
Alabama.
(3) Negotiate or attempt to negotiate the listing, sale, exchange, purchase,
rental, or leasing of real estate situated within the State of Alabama.
(4) List or offer or attempt or agree to list real estate for sale, rental,
lease, exchange, or trade situated within the State of Alabama.
(5) Auction, offer or attempt or agree to auction, real estate situated within the State of Alabama.
(6) Buy or sell or offer to buy or sell, or otherwise deal in options on real
estate situated within the State of Alabama.
(7) Aid, attempt, or offer to aid in locating or obtaining for purchase,
rent, or lease any real estate within the State of Alabama.
(8) Procure or assist in procuring of prospects for the purpose of effecting
the sale, exchange, lease, or rental of real estate situated within the State of Alabama.
(9) Procure or assist in the procuring of properties for the purpose of
effecting the sale, exchange, lease or rental of real estate situated within the State of Alabama.
(10) Present himself or be presented as being able to perform an act for
which a license is required.

PAGE 2 OF THE
CEASE AND DESIST ORDER                    INVESTIGATIVE FILE I-12,630

Dr. Jamarlo K. Gumbaytay, The Elite Real Estate Financial Investment Group, 4013
Tiffany Drive, Montgomery, Alabama 36110

      Respondents

§34-27-36(c)(1) Ala. Code

Notwithstanding any other provisions of law, the commission may issue an
order requiring any accused person, firm, corporation, or any business entity to
cease and desist from activities requiring a license under this chapter when the
accused person, firm, corporation, or any business entity is not licensed under this
chapter. The order shall be entered by the executive director after a finding of
probable cause by the commission staff. The order shall become final 15 days
after its service upon the accused, unless the accused requests a hearing before
the commission. Upon hearing the case and finding violations, the commission
may make the cease and desist order final and the commission may impose a fine
for each violation in an amount consistent with the range of fines applicable to
licensees, and in addition, may impose a fine in the amount of any gain or
economic benefit that was derived from the violation, and in addition, may impose a
fine in the amount of the commission's costs incurred. Any fines not paid as
ordered shall be enforceable in any court with competent jurisdiction and proper venue.

Respondents are ordered to Cease and Desist in renting, leasing, or dealing in options in
real estate situated within the State of Alabama, not owned by Respondents, until such
time as they are duly licensed by the Alabama Real Estate Commission.

In witness whereof I have hereunto set my hand and the seal of the Alabama Real Estate
Commission the _____31 st_____ day of _____March_____ 2008.

                                                     D. Philip Lasater, Executive Director
                                      ALABAMA REAL ESTATE COMMISSION

Sworn to and subscribed before me this 31 st day of _____March_____, 2008.

                Reginald J. Fasters
                NOTARY PUBLIC

Certificate of Service

    I, D. Philip Lasater, Executive Director of the Alabama Real Estate Commission, certify
that I have served the above named Respondents with a copy of the above order by causing a
copy of same to be placed in the United States Mail, Certified, Return Receipt Requested,
addressed to the Respondents at the address that appears above.



**ALABAMA**
**Real Estate Commission**

D. PHILIP LASATER, Executive Director
PATRICIA ANDERSON, Assistant Executive Director

1201 Carmichael Way  •  Montgomery, Alabama 36106
Telephone: 334.242.5544    Fax: 334.270.9118
**arec.alabama.gov**

May 13, 2008

Mr. John Pollock
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, Alabama 36106

RE:  Dr. Jamarlo K. Gumbaytay
I-12,630

Dear Mr. Pollock

In response to your request to the Commission regarding the Cease and Desist Order dated March 31, 2008, issued to Dr. Gambaytay, we have interviewed the investigators assigned to the inquiry that led to the issuance of that order. We have confirmed that at no time was he orally or otherwise instructed to destroy any records. We have no writings that would have suggested that he destroy any records.

To have ordered him to destroy records would have exceeded the Commission's authority under the Code of Alabama 1975, as amended, Section 34-27-36 (c) (1), the portion of the Alabama Real Estate License Law, as amended, under which the order was issued. Further, if Dr. Gumbaytay was licensed, we would not have told him to destroy any records because all records are required to be kept by licensed real estate brokers for three years pursuant to Section 34-27-36 (a)(31). Copies of these two portions of the law are enclosed.

Very truly yours

D. Philip Lasater
Executive Director

DPL/pcb

Enclosures: One

34-27-36 (c) (1)  Notwithstanding any other provisions of law, the commission may issue an order requiring any accused person, firm, corporation, or any business entity to cease and desist from activities requiring a license under this chapter when the accused person, firm, corporation, or any business entity is not licensed under this chapter. The order shall be entered by the executive director after a finding of probable cause by the commission staff.  The order shall become final 15 days after its service upon the accused, unless the accused requests a hearing before the commission.  Upon hearing the case and finding violations, the commission may make the cease and desist order final and the commission may impose a fine for each violation in an amount consistent with the range of fines applicable to licensees, and in addition, may impose a fine in the amount of any gain or economic benefit that was derived from the violation, and in addition, may impose a fine in the amount of the commission's costs incurred.  Any fines not paid as ordered shall be enforceable in any court with competent jurisdiction and proper venue.


34-27-36 (a)(31) If a qualifying broker or company, failing to keep their files copies of all contracts, leases, listings, and other records pertinent to real estate transactions for a period of three years.