## UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

## NOTICE OF CORRECTION

**From:  Clerk's Office**

**Case Style:**  Boswell v. Gumbaytay, et al

**Case Number:**  2:06-cv-00048-MEF

Referenced Pleading -    2:07-cv-00135-WKW **- doc.  79**

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

2008 JUL 14 P 4:05

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | ) CIVIL CASE NO. |
| | ) 2:07-cv-135 |
| | ) |
| JAMARLO K. GUMBAYTAY | ) |
| DBA/THE ELITE REAL ESTATE CONSULTING GROUP | ) |
| | ) |
| DEFENDANT | ) |
| | ) |

## COUNTERCLAIM

| | |
|---|---|
| JAMARLO K. GUMBAYTAY | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| | ) |
| VS. | ) CIVIL CASE NO. |
| | ) 2:07-cv-135 |
| YOLANDA M. BOSWELL | ) |
| ALLISON NEAL, ACLU | ) |
| AMERICAN CIVIL LIBERTIES UNION | ) |
| CENTRAL ALABAMA FAIR HOUSING AUTHORITY | ) |
| | ) |
| DEFENDANTS | ) |

## AMENDMENT TO COUNTERCLAIM

Comes now Jamarlo K. Gumbaytay, by and through his attorney of record, Alfred T. Newell, on or about, to wit February 14th, 2007 Plaintiff was served with a fraudulent civil suit for alleged sex discrimination, and further charged with sexual harassment, stalking, retaliation and constructive eviction.

Such activity was an attempt at conspiracy by then plaintiff, Yolanda Boswell and attorney Allison Neal of the American Civil Liberties Union. Neal conspired with this crack whore who is trying to blackmail or otherwise recover moneys from Mr.Gumbaytay.

Wherefore premises considered, Plaintiff asks this honorable court to take jurisdiction, and plaintiff further avers that the judge herein ruled correctly as to his slander claim; but further amends his complaint to include malicious prosecution, and such actions obviously constitutes abuse of process and is vexatious litigation and conspiracy to defraud the public at large or more specifically, Jamarlo K. Gumbaytay named herein.

## ADDITIONAL FACTS:

Even before detectives handed in their reports, it was obvious that Allison Neal, and/or the ACLU and/or the CAFHA, and/or Legal Services of Alabama provided expensive recording equipment and/or computer technology for Boswell, instructing her and/or assisting her in producing high quality recorded CD's of telephone conversations between herself and Gumbaytay; effectively instructing their client how to set him up (ENTRAPMENT AND INSTIGATION?) for sexual harassment charges with "manufactured evidence", thereby conspiring with her and creating a situation where Boswell could live rent free and possibly end up with a free house from Gumbaytay and/or the landlord, further assisting their "esteemed client" in the art of ruining the life of a well educated veteran, a business man who tried to provide an honest service as agent to landlords (real estate investors) and the CAFHA alike.

Gumbaytay, the man from which Boswell signed a lease for Section 8 qualified housing, responded to her plumbing complaints in a professional manner in these CD's, even feigned interest in taking her to dinner, inviting her on a trip he was planning due to his continuing SEMINARY education, and even mentioned he'd like to know what she wanted for her life in her future, while considering how to offer her some assistance and religious counseling regarding making improvements in her life, while trying to take care of her toilet and plumbing problems and trying to talk to her regarding when they could get together meaning and saying: "WHEN ARE YOU GOING TO PAY THE RENT?", reminding her she put him in a predicament with the landlord (his client) by not coming back and signing that second lease with the corrected amount on it.

Boswell then turns this phone tapped information into a charge of sexual harassment, also claiming (without plausible witnesses) he's stalking her, harassing her by phone, threatening her, choking her, and so forth, in order to get out of paying her rent.

On these recorded CD's Boswell responds to an offer for a date by clearly stating, "Men pay me for that" and, "I'll have to get back to you on that." She did not respond by telling him to leave her alone and not ask her out again; instead, she is leaving the subject open for future discussion while trying to get more MANUFACTURED EVIDENCE via Neal's instructions, and thereby set Gumbaytay up for Neal's pre-proposed charge of sexual harassment.

## CAUSE FOR REASONABLE DOUBT:

1. The technology used to record Boswell's calls to Gumbaytay can be easily copied, edited, rearranged to imply just about anything and/or faked altogether.

2. Subject being recorded without his/her knowledge can be led into conversations that can make it appear he/she is committing the crime of sexual harassment.

3. Subject being recorded can be mimicked by another male or female and easily set up on such devices.

4. Gumbaytay does not remember all the conversations he had with Boswell, therefore, someone else may be imitating or mimicking his voice on these CD's to lend credence to Boswell's case.

5. Most every female can get a male to ask her for a date or compliment her appearance just by the tone of her voice.

6. Crack whores like Boswell are relative experts at leading conversations to their benefit in order to solicit moneys from their mark.

7. Boswell's motivation: to live rent free and get money and/or free housing from the "fat cats"

8. Neal's motivation: likely she has political aspirations and such a case would be a feather in her cap (I can see the headlines now: Poor Black Single Mom Wins Suit Against Rich Landlord and Investor.
Sub headline: "Court awarded Boswell free housing formerly owned by landlord's agent"

9. ACLU motivation: just more publicity for their cause, i.e. more contributions for the non-profit if they get media and they've already ruined this man Gumbaytay's reputation with media generated at the start of this via newspaper articles. (EXHIBIT 1A) CAFHA Housing Authority motivation: just caught up in this and violated Gumbaytay's privacy in order to comply with Neal's request/demand for his tenant list; CAFHA further compounded the situation by sending each of Gumbaytay's tenants a letter asking if any of them had any SEXUAL HARRASSMENT COMPLAINTS AND/OR DISCRIMINATION COMPLAINTS ABOUT JAMARLO GUMBAYTAY. As a result of their violation of his privacy, we now have THREE UNRELIABLE crack whores as complainants out of a list of 110 Section 8 housing tenants, THREE unreliable complainants, two of which have not as yet to our knowledge even signed their IDENDICALLY WORDED complaints; so now there are three poverty stricken Section 8 complainants who want a piece of Gumbaytay's action, when in fact the first one has already used and MANIPULATED the ACLU AND ITS POWER to effectively bankrupt this poor man!

Allison Neal and/or the ACLU **created** a case against Plaintiff without probable cause, demanded the Housing Authority assist by turning over a list of all his tenants having had complaints and/or their addresses; the Housing Authority then wrote a letter to these tenants searching for more possible "sexual harassment" complainants naming him personally in their inquiry with very specific, **leading questions** regarding his behavior, to try and establish a possible pattern of sexual discrimination, thereby **violating Gumbaytay's privacy**.

**DEFINITION OF DISCRIMINATION:** TO MAKE A DISTINCTION IN FAVOR OF OR AGAINST A PERSON OR THING ON THE BASIS OF THE GROUP, CLASS OR CATEGORY (i.e., sex, age, race or ethnic background, religion, political persuasion, how they make a living, what country they are from, etc.) TO WHICH THAT PERSON OR THING BELONGS, RATHER THAN ACCORDING TO ACTUAL MERIT. (HE RENTED TO HER BECAUSE SHE WAS A FEMALE?) SEXUAL DISCRIMINATION AS DEFINED BY THE LAW IN RESPECT TO LEASING PROPERTIES MEANS THAT HE **REFUSED** TO RENT TO HER BECAUSE SHE WAS FEMALE. GUMBAYTAY COMMITTED NO SUCH ACT AND IF ANYTHING GAVE HER AND OTHERS WHO WERE CONSIDERED RISKS A CHANCE TO HAVE HOUSING AND STILL HAD TO LEGALLY EVICT BOSWELL FOR NON-PAYMENT OF RENT.

Discrimination is not the issue; otherwise Gumbaytay would never have leased properties to any single female. The majority of his tenants are single females who qualify for Section 8 Housing assistance, and the majority of those say he's a good man, many say he has extended a helping hand in time of need expecting nothing in return and view him as somewhat of a guardian angel. The majority of properties he handled were in areas designated as undesirable due to high crime rates or older neighborhoods, buildings in disrepair, etc.

The stalking charge is ludicrous. Boswell lived in an undesirable area with high crime rates, where no one in their right mind would likely sit in their car for hours, week after week, month after month and "stalk" a crack whore Section 8 tenant; especially an educated man like Gumbaytay who dressed professionally, drove a nice Mercedes, gave the impression of wealth, and carries himself with the confidence of a successful man, yet cares enough to try and help people like Boswell lift themselves up out of poverty. Boswell twisted his offers for a date into harassment charges and the ACLU conspired with the Housing Authority to turn that into discrimination and other charges compounding, hitting this man with everything at once to put him out of business

Mr. Gumbaytay is in fact a former high school teacher, a minister (not as yet ordained) studying to get his credentials, after having educated himself working his way through 20 years of college, already holding more degrees than GOD allows, and a disabled veteran, just trying to subsidize his income, one of thousands who suffer from post traumatic stress disorder due to combat duty overseas in Dessert Storm.

Plaintiff's attorney also asserts that under the Alabama Litigation Accountability Act the named Defendants herein are responsible for all costs including the $500 Mr. Newell has already been blackmailed into paying Code of Ala. 12-19-270 and 12-19-272. Wherefore premises considered Plaintiff asks this honorable court to award $2 million dollars in compensatory and punitive damages.

(ATT: THE HONORABLE TERRY F. MOORER,
U.S. MAGISTRATE JUDGE)

## MOTION FOR SUMMARY JUDGEMENT

Comes now the Defendant, Jamario K. Gumbaytay, by counsel, and hereby moves this Court pursuant to Federal R. Civ. P. 56 to grant summary judgment in his favor as to each count asserted by the Plaintiffs in the Complaint as grounds for this motion, the Defendant states as follows:

Mr. Gumbaytay has been professionally framed by one Allison Neal through a conspiracy with a crack whore, Yolanda Boswell. At no time did Mr. Gumbaytay refuse to rent to Boswell, therefore there is no discrimination, no harassment, no retaliation (she never declined his advances, no motive for him to retaliate), no blackmailing her, nor extorting her for more rent than that for which she qualified as Section 8. The facts are indisputable. No genuine issues of them still exist, except those which will be tried in the counterclaim.

Further, Mr. Newell asserts that under the Alabama Litigation Accountability Act the named Defendants herein are responsible for all costs including the $500 Mr. Newell has already paid, Code of Ala. 12-19-270 and 12-19-272.

We are only asking for summary judgment as to this original claim of Yolanda Boswell. Mr. Newell intends to try the counterclaim.

**RESPECTFULLY SUBMITTED**

*Alfred T. Newell*

**ALFRED T. NEWELL**
**ATTORNEY AT LAW**
P.O. BOX 101432
BIRMINGHAM, AL 35210
(205) 956-8281
FAX (205) 951-2855

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon opposing attorneys or parties by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid this 9th day of July, 2008.

*Alfred T. Newell*

**ALFRED T. NEWELL**
**ATTORNEY AT LAW**
**P. O. BOX 101432**
**BIRMINGHAM, AL 35210**
**(205) 956-8281**
**FAX (205) 951-2855**

**ALLISON E. NEAL**                    334-265-2754  ext. 203
**AMERICAN CIVIL LIBERTIES UNION**
**OF ALABAMA FOUNDATION**
**207 MONTGOMERY STREET, SUITE 910**
**MONTGOMERY, AL 36104**

**FAITH R. COOPER**                    334-263-4663
**CENTRAL ALABAMA**
**FAIR HOUSING CENTER**
**1817 WEST SECOND STREET**
**MONTGOMERY, AL 36106**

**KENNETH J. LAY**                    205-397-6540  ext. 102
**LEGAL SERVICES OF ALABAMA, INC.**
**P.O. BOX 11765**
**BIRMINGHAM, AL 35202**

**LENORA LAPIDUS**
**WOMEN'S RIGHTS PROJECT**
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
**125 BROAD STREET 18TH FLOOR**
**NEW YORK, NY 10004**

**EMILY MARTIN**
**WOMEN'S RIGHTS PROJECT**
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
**125 BROAD STREET 18TH FLOOR**
**NEW YORK, NY 10004**

**ATTORNEYS FOR DEFENDANT**

Section 12-19-272

## Court to award fees and costs against attorney or party who brought action without substantial justification; voluntary dismissal.

(a) Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part;

(b) When a court determines reasonable attorneys' fees or costs should be assessed it shall assess the payment thereof against the offending attorneys or parties, or both, and in its discretion may allocate among them, as it determines most just, and may assess the full amount or any portion thereof to any offending attorney or party;

(c) The court shall assess attorneys' fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification, or that the action or any part thereof, or any claim or defense therein, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including but not limited to abuses of discovery procedures available under the Alabama Rules of Civil Procedure;

(d) No attorneys' fees or costs shall be assessed if a voluntary dismissal is filed as to any action, claim or defense within 90 days after filing, or during any reasonable extension granted by the court, for good cause shown, on motion filed prior to the expiration of said 90 day period;

(e) No party, except an attorney licensed to practice law in this state, who is appearing without an attorney shall be assessed attorneys' fees unless the court finds that the party clearly knew or reasonably should have known that his action, claim or defense or any part thereof was without substantial justification.

*(Acts 1987, No. 87-186, p. 254, §3.)*

**Section 12-19-270**

**Short title.**

This article may be cited as the Alabama Litigation Accountability Act.

*(Acts 1987, No. 87-186, p. 254, §1.)*