# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, | Civil Action No. 2:07-CV-135-WKW-TFM |
| Plaintiff, | Honorable W. Keith Watkins, U.S.D.J. |
| v. | |
| JAMARLO K. GUMBAYTAY, D/B/ATHE ELITE REAL ESTATE CONSULTING GROUP | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT GUMBAYTAY'S COUNTERCLAIM** |
| AND | |
| MATTHEW K. BAHR, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 56(b), Plaintiff Yolanda Boswell moves for summary judgment as to Defendant Jamarlo GumBayTay's counterclaim for defamation,[1] as there is no dispute of material fact and the Court can appropriately enter judgment for Plaintiff as a matter of law. Should Plaintiff's motion for summary judgment be denied, Plaintiff respectfully renews her motion under Rule 12(e) to require Defendant GumBayTay to make a more definite statement of his claims, on the grounds that his pleadings are so vague or ambiguous that Plaintiff cannot reasonably be required to frame a more responsive pleading.

## STATEMENT OF FACTS

---

[1] Defendant GumBayTay counterclaimed for "defamation, libel and slander", but libel and slander are merely types of defamation.

Plaintiff filed her complaint in the instant action on February 14, 2007. On August 23, 2007, a woman was referred to Plaintiff's counsel Central Alabama Fair Housing Center who stated she had experienced sexual harassment by Defendant GumBayTay. On September 6, 2007, a different woman was referred to Plaintiff's counsel Central Alabama Fair Housing Center by Plaintiff, and this woman also asserted she had experienced sexual harassment by Defendant GumBayTay.

On or about September 26, 2007, Plaintiff's counsel sent letters to some tenants in the Section 8 rental voucher program whose houses or apartments were managed by Defendant GumBayTay. The letter stated that Plaintiff's counsel had received three complaints of sexual harassment by Mr. GumBayTay (one of which was the instant case) and had filed one of those cases already in federal court (referring to the instant case). The letter went on to define sexual harassment, explained that the Fair Housing Act would protect any complainant from retaliation, and stated that Plaintiff's counsel was willing to speak with any tenant who had experienced harassment.

## PROCEDURAL HISTORY

On October 22, 2007, Defendant GumBayTay filed a counterclaim against Plaintiff and apparently her counsel as well for "defamation, slander, and libel", as well as for invasion of privacy. Defendant GumBayTay's counterclaim was apparently based on the letter sent by Plaintiff's counsel, as well as the filing of the instant case. In an amended Answer to Plaintiff's complaint that he also filed on October 22, 2007, Defendant GumBayTay indicated he was seeking $5 million for his counterclaim.

On November 9, 2007, Plaintiff filed a motion to dismiss the counterclaim on the grounds of absolute/qualified privilege and truth, and in the alternative Plaintiff filed a motion for a more definite statement as to the nature of Defendant GumBayTay's counterclaim. On January 18,

2008, this Court granted Plaintiff's motion to dismiss with regards to invasion of privacy, but denied with regards to defamation, due to the court's view that summary judgment was "the more appropriate forum for sorting out these counterclaims in view of the absence of an attorney representing Defendant GumBayTay." This Court also denied Plaintiff's motion for a more definite statement.

Defendant GumBayTay's counsel entered a notice of appearance on June 3, 2008. On July 10, 2008, Defendant GumBayTay's counsel filed a motion to amend the counterclaim to add malicious prosecution, abuse of process, and conspiracy. This court denied the motion to amend as untimely on July 11, 2008.

## ARGUMENT

Read together, Defendant GumBayTay's Answer and Counterclaim allege defamation, apparently based on a) the Plaintiff's complaint in this case; and b) a letter sent by Plaintiff's counsel on September 21, 2007, to various Section 8 tenants whose properties are managed by Defendant GumBayTay. Because the statements in the complaint and the letter are both absolutely and conditionally privileged under defamation law, because truth is an affirmative and complete defense to defamation, and because the relevant statements address a matter of public concern and Defendant GumBayTay has failed to properly allege or prove malice, this Court should grant Plaintiff's summary judgment motion because there is no genuine dispute of material fact and the court can make a determination as a matter of law.

Under Fed. R. Civ. P. 56(b), a court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Royal Surplus Lines Ins. Co. v. Coachman Indus.*, 184 Fed. Appx. 894, 899 (11th Cir. 2006). "If the movant is successful on this score, the

burden of production shifts to the non-moving party who must then come forward with sufficient evidence of each and every element that he or she must prove." *Continental Cas. Co. v. Wendt*, 205 F.3d 1258, 1261 (11th Cir. 2000).

"Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Brown v. Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). While evidence is viewed in a light most favorable to the non-moving party, "this … does not mean that [the court is] constrained to accept all the nonmovant's factual characterizations and legal arguments. If no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir. 1994). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* (emphasis in original), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). "The mere existence of a scintilla of evidence in support of the [the nonmovant's] position will be insufficient." *Id.*

I.    <u>The Complaint and Letter Are Protected By Both Absolute and Qualified Privilege as a Matter of Law</u>

Defamation is a common law claim, governed by state law. Under Alabama law, a party bringing a defamation action must allege and prove: "1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement." *McCaig v. Talladega Pub. Co.*, 544 So. 2d 875, 877 (Ala. 1989)

(quoting Restatement (2d) of Torts § 558 (1977)).  Because the communications that Defendant GumBayTay complains of are privileged, they cannot constitute defamation.

The Alabama Supreme Court has said that "[a] party to a private litigation … is absolutely privileged to publish defamatory matter concerning another … in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding."  *Walker v. Majors*, 496 So. 2d 726, 729 (Ala. 1986) (adopting and quoting Restat. 2d of Torts, § 587).  See *also* Restat. 2d of Torts, § 587, cmt. a (noting that privilege protects a plaintiff against a defamation claim "irrespective of his purpose in publishing the defamatory matter, of his belief in its truth or even his knowledge of its falsity").

To establish that a communication is "related" to the proceeding, "[i]t is not necessary that the defamatory matter be relevant or material to any issue before the court.  It is enough that it have some reference to the subject of the inquiry."  Restat. 2d of Torts, § 587, cmt. c.  "The issue of the relevancy of the communication is a matter for the determination of the court, and the adjudicated cases have established a liberal view in the interpretation of the language used, and all doubts are resolved in favor of its relevancy or pertinence."  *Walker*, 496 So. 2d at 730.  Moreover, the statement need not be in a court-filed document in order to be "related to the proceeding"; out-of-court letters to nonparties are covered as well.  *See, e.g., id.* at 729 (allegedly defamatory letters sent to prospective buyers in failed sale prior to litigation were privileged); *Barnett v. Mobile County Personnel Bd.*, 536 So. 2d 46, 52 (Ala. 1988) (letter sent by Town Board to mayor and town council members prior to litigation that accused plaintiff of fraud was privileged); *Borden v. Clement*, 261 B.R. 275 (N.D. Ala. 2001) (comment about "criminal conspiracy" made during meeting was absolutely privileged because it referred to ongoing

bankruptcy proceeding and speaker's perception that bankruptcy was fraudulent).[2]

Accordingly, any defamation claim by the Defendant based on the allegedly defamatory nature of the sexual harassment claims contained in the complaint or in other documents related to the litigation must be dismissed, because such allegations are absolutely privileged. The complaint filed in this case is certainly related to the instant proceeding. The September 21, 2007 letter sent to other tenants whose property is or was managed by Defendant GumBayTay was also undisputedly related to the instant proceeding, as it sought to determine whether other people had been subjected to the same sexual harassment alleged by Plaintiff, for the purpose of locating witnesses who might bolster Plaintiff's claim. As such, it was absolutely privileged as a matter of law, and Plaintiff is accordingly entitled to summary judgment on the defamation claim.

Additionally, the communication to other tenants regarding Defendant GumBayTay was protected by a qualified privilege, because it was in part prompted by a concern for the rights and well-being of his other tenants:

> Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest, and it is made to another having a corresponding interest, the communication is privileged …. The duty under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is … moral in its nature …. Where the defendant acted in the discharge of any public or private duty, whether legal or moral, which the ordinary exigencies of society, or his own private interest, or even that of another, called upon him to perform, the law simply … gives protection to the defendant ….

*Ex parte Blue Cross & Blue Shield*, 773 So. 2d 475, 478-79 (Ala. 2000) (citations omitted). In asserting this privilege, "the defendant need not plead good faith (the absence of actual malice) and does not bear the burden of proving good faith to establish the defense of qualified

---

[2] In adopting the Restatement, the Alabama Supreme Court rejected an earlier state standard that limited the privilege to "libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action." *Walker*, 496 So. 2d at 730.

privilege." *Id*.  Instead, "the plaintiff must plead defamation with actual malice and bears the burden of proving defamation with actual malice to prevail against a defense of qualified privilege …" *Id*.  *See, e.g.*, *Browning v. Birmingham News*, 348 So. 2d 455 (Ala. 1977) (finding mayor's comments in newspaper about getting rid of bad company was conditionally privileged).

Here, Plaintiff's counsel sent the letter to tenants of Defendant GumBayTay due to the organizational missions of counsel (the Central Alabama Fair Housing Center, Legal Services of Alabama, and the American Civil Liberties Union) to assist all victims of sex discrimination or sexual harassment.   Moreover, Defendant GumBayTay has failed to meet his burden of pleading and demonstrating actual malice as required to overcome the privilege.  As such, the communication was conditionally privileged as a matter of law and Plaintiff should therefore be granted summary judgment as to the defamation counterclaim.

II.     As a Collection of Uncontested True Statements and Non-Statements, the Letter Was Not Defamatory as a Matter of Law

Truth is "always an absolute defense to any action for libel or slander." *McCaig v. Talladega Publishing Co.*, 544 So. 2d 875, 879 (Ala. 1989).  See also *Sanders v. Smitherman*, 776 So. 2d 68, 72 (Ala. 2000) ("truth is a complete bar to a defamation action"); *Deutcsh v. Birmingham Post Co.*, 603 So. 2d 910, 911 (Ala. 1992) (*per curiam*) ("If the published statements are true, there is no actionable cause for libel."); *Marshall v. Planz*, 2001 U.S. Dist. LEXIS 25912 at *12-13 (M.D. Ala. 2001) (where statement is true, summary judgment for defendant on defamation claim is appropriate).

The first paragraph of the September 21 letter states three facts: 1) the recipient of the letter lives in a property managed by Defendant GumBayTay; 2) Plaintiff's counsel is working with 3 tenants who reported to counsel that they had been sexually harassed by Defendant GumBayTay; 3) Plaintiff's counsel filed the instant case.  Statements (1) and (3) of the first paragraph are undeniably true.

With regards to statement #2, Defendant GumBayTay's defamation claim is apparently based on the belief that the letter accuses him of sexual harassment. However, statement (2) only recites that Plaintiff's counsel received three complaints to that effect, not that Defendant GumBayTay definitively harassed tenants, and as such it is a protected true statement. *See McCaig,* 544 So. 2d at 879. In support of its truth, Plaintiff's Counsel submits the attached declaration as Exhibit 1, which describes the two complaints received prior to sending out the letter (the third complaint mentioned in the letter was that of the Plaintiff herself). Defendant GumBayTay has not disputed (and indeed could not dispute) the truth of the statement that Plaintiff's counsel has received complaints of harassment, and therefore there is no genuine dispute of material fact.

The remaining (second and third) paragraphs of the letter do not contain any statements or opinions; they merely request that if any tenants have experienced sexual harassment then they should contact counsel for Plaintiff. The only "fact" in the 2nd paragraph, an explanation of different forms of "sexual harassment," is an accurate statement of the law and does not refer to Defendant GumBayTay.

For these reasons, there is no genuine dispute of material fact as to the statements made in the letter, and Plaintiff is entitled to summary judgment on Defendant GumBayTay's counterclaim as a matter of law.

III.    Defendant GumBayTay Has Failed to Adequately Establish Malice

The matter at stake, namely the pervasive sexual harassment of low-income women, is undeniably a matter of public concern. *Morgan v. Ford*, 6 F.3d 750, 754-55 (11th Cir. 1993) ("[W]e heartily agree ... that sexual harassment in the workplace is a matter of important social interest," particularly where purpose of speech is not to further private interest but rather "raise issues of public concern … relate [] concerns about sexual harassment to the public, or attempt to

involve the public in any manner."); *Wilson v. Univ. of Tex. Health Ctr.*, 973 F.2d 1263, 1269 (5th Cir. 1992) ("The content of Wilson's speech--reports of sexual harassment perpetrated on her and other women at UTHC --is of great public concern.")

As a result, in order to prove defamation, Defendant GumBayTay has the burden of alleging and establishing that the statements at issue were made with actual malice. *Cottrell v. NCAA*, 2007 Ala. LEXIS 104 at *87 (Ala. 2007) ("If the matter is of public concern, then the defamed private individual must prove by clear and convincing evidence that the statements were made with actual malice, that is, 'with knowledge that [the statements were] false or with reckless disregard of whether [they] were false or not.'"); *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 16 (1990) (actual malice required for punitive damages). Such evidence of actual malice is typically presented in the form of "previous ill will, hostility, threats, rivalry, other actions, former libels or slanders, and the like, emanating from the defendant, or by the violence of the defendant's language, the mode and extent of publication, and the like." *Reynolds Metals Co. v. Mays*, 547 So. 2d 518, 525-26 (Ala. 1989) (citations omitted).

Even construing the counterclaim liberally due to Defendant GumBayTay's previous *pro se* status, he fails to allege or even suggest any facts suggesting malice, which is required in this case for both defamation generally and punitive damages specifically. See *e.g. Neal v. Equifax Credit Info. Servs.*, 2004 U.S. Dist. LEXIS 26497 at *20-21 (N.D. Ga. 2004) (motion to dismiss denied because complaint stated that defendant credit reporting agency "knew the statements about plaintiff's closed account were false at the time it made them because plaintiff had paid in full the amount due on the account … [and] that despite these facts, Olympus continued to report the information incorrectly.") Defendant GumBayTay's complaint does not allege, and he certainly has not subsequently demonstrated, that any of the relevant statements were made with knowledge of their falsity (indeed, as set out above, the relevant statements are all demonstrably

true), nor does he sufficiently allege the necessary ill will necessary for a finding of defamation when the statements at issue go to a matter of public concern.

"[A]pplying the ordinary rules of pleading, [a] wholly conclusory allegation is insufficient to meet even the liberal standard of notice pleading … [which] still requires a plaintiff to provide the defendant with fair notice of the factual grounds on which the complaint rests." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250 (11th Cir. 2004). Moreover, the failure to adequately plead is an appropriate basis for the granting of a summary judgment motion. *See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). But even if the allegations, however conclusory, are sufficiently adequate to survive a motion to dismiss, summary judgment is nonetheless appropriate because Defendant GumBayTay's failure to establish malice means he has failed to "make a showing sufficient to establish the existence of an element essential to the party's case." *Clewiston*, 848 F.2d at 1537.[3]

IV.    If Plaintiff's Motion for Summary Judgment Is Denied, Defendant GumBayTay Should Be Required to Submit a More Definite Statement of his Counterclaim.

Should the Court decline Plaintiff's motion for summary judgment, Plaintiff would respectfully renew its request in the alternative that the Court order Defendant GumBayTay pursuant to Fed. R. Civ. P. 12(e) to submit a more definite statement of his counterclaim so that Plaintiff can properly frame a responsive pleading.

For purposes of the present motion, Plaintiff has attempted to construe and interpret the counterclaim as liberally as possible. However, it is very difficult to determine the exact scope of Defendant GumBayTay's allegations and requests for relief. To wit:

---

[3] It is also worth noting that Defendant GumBayTay's counterclaim requests $5 million in compensation, but does not sufficiently allege damages. Alabama law does not allow presumed damages in defamation per se cases where the alleged defamatory statements involve a matter of public concern. *Beneficial Management Corp. v. Evans*, 421 So. 2d 92, 95 (Ala. 1982) (noting that *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), abolished presumed damages in general, and stating that "we hereby recognize this to be the law of Alabama"), *overruled in part by Nelson v. Lapeyrouse Grain Corp.*, 534 So. 2d 1085, 1092 n.3 (Ala. 1988) (noting that U.S. Supreme Court held states can allow presumed damages where matter <u>not</u> of public concern; court overrules *Beneficial Management*'s elimination of presumed damages for non-public concern defamation only).

- It is unclear whether he is seeking to sue Plaintiff, the organizations representing her, or her individual attorneys;

- In his Answer, dated October 22, 2007, Defendant GumBayTay requests $5 million in damages, but in his separate "counterclaim" document, he appears to only request injunctive relief in the form of a "gag order";

- He does not specify the particular statements he alleges are defamatory;

- He does not specify whether the damages sought are compensatory, punitive, nominal, or other;

- His allegation of civil and constitutional violations is entirely devoid of details.

## CONCLUSION

For the reasons set out above, Ms. Boswell requests that this Honorable Court grant the Plaintiff's motion for summary judgment as to Defendant GumBayTay's counterclaims, or in the alternative, require him to make a more definite statement of his claims, and notify Defendant of the possibility of sanctions under Rule 11 of the Federal Rules of Civil Procedure should he pursue frivolous claims.

Date:  July 18, 2008                         Respectfully submitted,

                                             /s/ Faith Cooper_____

                                             Faith R. Cooper
                                             Central Alabama Fair Housing Center
                                             1817 West Second Street
                                             Montgomery, AL  36106
                                             (334) 263-4663

                                             Kenneth J. Lay
                                             Legal Services Alabama, Inc.
                                             PO Box 11765
                                             Birmingham, AL  35202
                                             Tel: 205-397-6540, ext. 102

                                             Allison E. Neal (NEA008)
                                             American Civil Liberties Union of Alabama
                                             207 Montgomery Street, Suite 910
                                             Montgomery, AL  36104
                                             Tel: 334-265-2754
                                             Fax: 334-269-5666

                                             Lenora M. Lapidus (LL-6592)
                                             Emily Martin (EM-2924)
                                             Women's Rights Project
                                             American Civil Liberties Union Foundation
                                             125 Broad Street, 18th Floor
                                             New York, NY 10004
                                             Tel: 212-519-7816
                                             Fax: 212-549-2580

                                             **Attorneys for Plaintiff Yolanda Boswell**

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to the following:


Benjamin E. Schoettker (SCH091)
Charles W. Barfoot (BAR123)
Barfoot & Schoettker, L.L.C.
608 South Hull Street
Montgomery, AL  36104


Alfred Newall
Attorney At Law
P.O. Box 101432
Birmingham, AL 35210


                          Signed electronically
                          s/ Faith Cooper
                          Faith Cooper
                          Attorney for Plaintiff
                          Yolanda M. Boswell

<u>**EXHIBIT 1**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMARLO K. GUMBAYTAY,<br>DBA/THE ELITE REAL ESTATE<br>CONSULTING GROUP<br><br>AND,<br><br>MATTHEW W. BAHR<br><br><br>    Defendants. | Civil Case No. 2:07-cv-135-WKW<br><br><br><br><br>**DECLARATION OF FAITH COOPER**<br>**IN SUPPORT OF MOTION FOR**<br>**SUMMARY JUDGMENT ON**<br>**DEFENDANT GUMBAYTAY'S**<br>**COUNTERCLAIM** |

FAITH COOPER, Esq., declares and states the following:

1.  I am the Executive Director of the Central Alabama Fair Housing Center, co-counsel for Plaintiff Yolanda M. Boswell in the above-captioned matter.

2.  I make this declaration, based upon my personal knowledge and review of the relevant documents, in support of Plaintiff's motion for summary judgment on Defendant Jamarlo K. GumBayTay's counterclaim pursuant to Federal Rule of Civil Procedure 56(b).

3.  On August 23, 2007, a woman who resided in a Section 8 property managed by Defendant GumBayTay contacted our office after being referred to us by the Montgomery Housing Authority.  She reported to us that Defendant GumBayTay had sexually harassed her repeatedly since the time she had moved in to her apartment. Plaintiff's counsel agreed to work with this complainant.

a.  On September 6, 2007, a woman was referred to our office by the Plaintiff and reported that she had been sexually harassed by Defendant GumBayTay ever since the time he assumed a management position for her Section 8 unit. Plaintiff's counsel agreed to work with this complainant as well.

b.  Based on the complaints received above, as well as the Plaintiff's complaint, Plaintiff's counsel sent out a letter on September 21, 2007, to tenants whose properties are or were managed by Mr. GumBayTay.

/s/ Faith Cooper_____
Faith Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL 36106
(334) 263-4663