IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>              Plaintiff,<br><br>v.<br><br>JAMARLO K. GUMBAYTAY,<br>DBA/THE ELITE REAL ESTATE<br>CONSULTING GROUP<br><br>AND,<br><br>MATTHEW W. BAHR<br><br><br><br>              Defendants. | Civil Case No. 2:07-cv-135-WKW<br><br><br><br><br><br>**PLAINTIFF'S MOTION FOR<br>ATTORNEY DISQUALIFICATION<br>AND OTHER SANCTIONS** |

      As set out below and in the supporting Declaration of Allison E. Neal, Plaintiff Yolanda Boswell moves this Court to disqualify and otherwise sanction attorney Alfred Newell, counsel for Defendant GumBayTay, from further participation in this proceeding, based on grossly unprofessional conduct in the course of this litigation that threatens the orderly administration of justice and violates Mr. Newell's ethical responsibilities as an officer of this Court.

## BACKGROUND

      Since his appearance in this litigation, Mr. Newell has conducted himself obstreperously and with an absence of decorum.[1]  Recent events, however, have crossed the line from aggressive and discourteous advocacy to unethical, disruptive, and indeed threatening behavior.

---

[1] For example, Mr. Newell arrived an hour late for both a court hearing and a deposition; interrupted Judge Moorer repeatedly during the June 18 hearing; attempted repeatedly during Plaintiff's deposition of his client to testify for his client or to question his client in the middle of Plaintiff's questioning; made his Court-ordered payment to Plaintiff one week later than was specified in the Order; and failed to comply with Judge Moorer's oral Order at the June 18 hearing that Mr. Newell confer with his client by June 23 about what documents had been

On July 5, 2008, in response to an email query by Plaintiff's counsel Allison Neal seeking to set a time to meet and confer regarding Plaintiff's discovery requests, Mr. Newell sent the following email message:

> **YOUR CLIENT BOSEWELL** [*sic*] **HAS 3 OUTSTANDING WARRANTS FOR ASSUALT AND DRUGS YOU ARE HEREBY NOTIFIED THAT IF YOUR CLIENT IS NOT PROSCEUTED** [*sic*] **AND OR TURNED IN IMMEADIATLY** [*sic*] **YOU WILL BE CHARGED WITH AIDING AND ABETTING, COMPOUNDING, AND OBSTRUCTION .**
> **YOURS TRULY**
> **AL NEWELL**

(Neal Decl. at ¶ 3, Attachment A.) The "3 outstanding warrants for assault and drugs" appear to be either a fabrication on Mr. Newell's part or an allegation he has passed on with reckless disregard for its truth or falsity. Plaintiff is aware of no such warrants. Moreover, a search of the Statewide Judicial Information System database and a query at the Montgomery Municipal County Clerk's Office reveal no such warrants.

On July 7, Mr. Newell sent a letter to Ms. Neal making the same assertions and threats. (Neal Decl. at ¶ 5, Attachment B.) Mr. Newell apparently copied the Honorable Judge Watkins and the Honorable Judge Moorer on this communication.

Also on July 7, Plaintiff's counsel received from Mr. Newell a check in the amount of $500, pursuant to this Court's Order of June 18, 2008, and based on Defendant GumBayTay's previous failure to appear for his noticed deposition and Mr. Newell's tardiness at the June 18 hearing. The following day, July 8, Ms. Neal received a voicemail from Mr. Newell, transcribed below.

> Hello, Miss Neal. This is Al Newell. I'm leaving you a message. My first message is, it is about noon on Monday the 8th, I think. You do not have very long to give me my money back that I just paid to you. If you do not, I promise you will never get out of jail.

---

destroyed (as addressed in Plaintiff's proposed order for sanctions submitted to the Court on July 7).

> Second thing: you better tell me what you are going to do to fix Mr. GumBayTay's life that you ruined. Same thing: if you don't, you will never get out of jail. This is not a joke. I don't bluff, and I don't kid, and I don't really care. Have a good day.

(Neal Decl. at ¶¶ 7-8.) (A recording of this voicemail will be filed with the Clerk's Office as Attachment C to the Declaration of Allison Neal in Support of Plaintiff's Motion for Attorney Disqualification.)

On July 10, Mr. Newell, on behalf of Defendant GumBayTay, filed with this Court an abusive and offensive document titled "Amendment to Counterclaim." This pleading asserts, without a shred of evidentiary support, that Plaintiff's claims against Defendant GumBayTay arose because Ms. Neal conspired with Plaintiff in order to blackmail Defendant GumBayTay. The document repeatedly refers to Plaintiff as a "crack whore," "this crack whore," and "a crack whore Section 8 tenant." The pleading further asserts that other tenants who allege that Defendant GumBayTay sexually harassed them are also "crack whores." It alleges that Ms. Neal and Plaintiff fabricated evidence in this case, including faking Defendant GumBayTay's voice on tape, so that Plaintiff could obtain free housing and Ms. Neal could forward her "likely . . . political aspirations." It asserts that the $500 paid to Plaintiff's counsel pursuant to this Court's order is an amount that "Mr. Newell has already been blackmailed into paying."

A concurrently-filed one-page document titled "Motion for Summary Judgment," repeats (again without a shadow of evidentiary support) several of these allegations, including the assertion that Plaintiff is a "crack whore," that Ms. Neal and Plaintiff conspired to "professionally frame[]" Defendant GumBayTay, and that "the named Defendants" (by which, context suggest, Mr. Newell means to refer to Plaintiff and her counsel) are responsible for "the $500 Mr. Newell has already paid."

3

The Court denied Defendant GumBayTay's motion to amend on the day it was filed on the basis that it was untimely filed. However, on July 14, Mr. Newell re-filed the same papers with the Court, with a corrected certificate of service.

On July 16, Faith Cooper, counsel for Plaintiff, received in the mail a copy of Mr. Newell's letter of July 7, 2008, to Ms. Neal.

## ARGUMENT

Mr. Newell's communications with Ms. Neal and his filing with this Court demonstrate repeated bad faith attempts to intimidate and harass Plaintiff and her counsel. The proper sanction for Mr. Newell's behavior is disqualification from this case and any related matters before this Court.

"Courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980)). This power "'necessarily includes the authority to impose reasonable sanctions upon errant lawyers practicing before it.'" *Id.* (quoting *Flaska v. Little River Constr. Co.*, 389 F.2d 885 (5th Cir. 1968)); *see also* Local Rule 83.1(f) ("Attorney misconduct . . . may be disciplined by disbarment, suspension, reprimand, monetary sanctions, removal from this Court's roster of attorneys eligible for practice before this Court, or such other sanction as the Court may deem appropriate); Local Rule 83.1(g) ("When alleged attorney misconduct is brought to the attention of the Court . . . the Court may, in its discretion, dispose of any matter through the use of its inherent, statutory, or other powers . . . ."). "Such sanctions include . . . disqualification of counsel." *Id.* "This 'inherent power' to sanction errant lawyers, in fact, 'can be invoked even if procedural rules

4

exist which sanction the same conduct.'" *Thomas v. Teneco Packaging Co.*, 293 F.3d 1306, 1308 (11th Cir. 2006) (quoting *Chambers v. Nasco*, 501 U.S. 32, 49 (1991)).[2]

The Eleventh Circuit has articulated two separate standards for disqualification of an attorney, dependent on the circumstances. *Schlumberger Technologies v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997):

> If the conduct at issue threatens disruption of the court proceedings or is a deliberate challenge to the authority of the district court, we give great deference to the trial court's decision to disqualify the responsible attorney. If . . . the conduct at issue does not threaten the orderly administration of justice but is allegedly unethical, we insist that district courts rest their disqualification decision on the violation of specific Rules of Professional Conduct . . . .

*Id.* (internal citations omitted). In addition, "before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith." *Thomas*, 293 F.3d at 1320. Mr. Newell's conduct not only represents a bad faith disruption and a deliberate challenge to the authority of this Court, but also violates multiple Alabama Rules of Professional Conduct, as set out below.

First, Mr. Newell's submissions to this Court threaten to disrupt these proceedings, and this Court thus has significant discretion to impose an appropriate sanction, including disqualification. Mr. Newell has filed abusive and harassing papers, which are now a matter of public record. In these papers—without any evidentiary support whatsoever and in the coarsest of language—he repeatedly asserts that Plaintiff and witnesses supporting Plaintiff's allegations are drug users and prostitutes. He also without basis accuses Plaintiff and Ms. Neal of conspiring to fabricate evidence and perpetrate a fraud on the Court. "A finding of bad faith is

---

[2] Plaintiff believes that Mr. Newell's July 10 and July 14 filings clearly violate Rule 11, Fed. R. Civ. P. Plaintiff has not brought this motion pursuant to Rule 11, however, because of the relevance of Mr. Newell's additional communications with Plaintiff's counsel (which are not directly addressed by Rule 11, as these other communications are not representations to the Court) to determining an appropriate sanction.

5

warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues [even] a meritorious claim for the purpose of harassing an opponent." *Id.* at 1320. At best, Mr. Newell's assertions are reckless and made for the purpose of harassment. As the Eleventh Circuit has held, "[A]n attorney who submits documents to the district court that contain *ad hominem* attacks directed at opposing counsel is subject to sanction under the court's inherent power to oversee attorneys practicing before it." *Id.* at 1308; *see also id.* at 1326 n.29 and cases cited therein. *Ad hominem* and abusive attacks by an attorney on a *plaintiff* and third-party witnesses are necessarily *at least* as sanctionable. In short, submissions to the Court "are not meant to be an avenue through which attorneys, clients, and witnesses can simply emote, let off steam, or otherwise sling mud at an adversary." *Id.* at 1325. Through his offensive, baseless, and harassing submissions, Mr. Newell has disrupted these proceedings and failed to fulfill his duties as an officer of the Court.

Mr. Newell's actions also constitute a willful challenge to this Court's authority. Through his threatening voicemail to Ms. Neal demanding repayment of the $500 sanction ordered by this Court and his submissions alleging that this sanction constituted blackmail and was improperly obtained by Plaintiff's counsel, Mr. Newell has willfully sought to disobey this Court's order requiring payment of this amount to Plaintiff's counsel. "A party . . . demonstrates bad faith by . . . hampering enforcement of a court order." *Id.* In such an instance, "disqualification [is] justified by the 'strong . . . interest in securing obedience to mandates of the court which is necessary to secure the orderly administration of the laws." *Schlumberger*, 113 F.3d at 1560 n.7 (quoting *Kleiner*, 751 F.2d at 1210).

Finally, Mr. Newell's actions appear to be an attempt either to frighten Plaintiff's counsel into withdrawing from representing Plaintiff or to intimidate Plaintiff herself into abandoning her

6

Fair Housing Act claim against Mr. Newell's client, Defendant GumBayTay. Such an attempt by its nature threatens to compromise orderly administration of the law and to undermine the authority of this Court.[3]

Second, even if Mr. Newell's actions did not threaten the orderly administration of justice, disqualification would be appropriate in these circumstances, given that his actions have violated several Rules of Professional Conduct. Rule 3.10 of Alabama's Rules of Professional Conduct states, "A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain advantage in a civil matter." The Comment to the Rule clarifies, "Threatening to use, or using, the criminal process to coerce adjustment of private civil claims or controversies is a subversion of that process." Through his threats to bring criminal charges against Ms. Neal if she did not prosecute or "turn in" Plaintiff and his threats to ensure that Ms. Neal will "never get out of jail" if she did not return the $500 court-ordered payment and "fix Mr. GumBayTay's life," Mr. Newell violated Rule 3.10. Mr. Newell also violated this rule by attempting to coerce enforcement of the alleged "3 outstanding warrants for assault and drugs" against Plaintiff. As the Comment to Rule 3.10 further states, "[T]he person against whom the criminal process is so misused may be deterred from asserting his or her legal right and when that happens the usefulness of the civil process in settling private disputes is impaired." By seeking Plaintiff's arrest and prosecution in order to deter her from asserting her

---

[3] Moreover, Mr. Newell's actions also appear themselves to violate the Fair Housing Act. Section 817 of the Act (42 U.S.C. § 3617) states, "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806 of this title." Plaintiff's sexual harassment case was brought under Section 804 of the Act, and Plaintiff's lawsuit against Defendant GumBayTay is an exercise of her rights protected under Section 804—namely the right to be free from sex-based discrimination in housing. Consequently, Mr. Newell's direct and indirect threats against Plaintiff and her counsel violate the Act.

fair housing rights and to gain advantage in this civil proceeding, Mr. Newell has violated Rule 3.10.

Rule 3.1 of Alabama's Rules of Professional Conduct states, "In his representation of a client, a lawyer shall not . . . assert a position, conduct a defense . . . or take other action . . . when it is obvious that such action would merely serve to harass or maliciously injure another." Mr. Newell's threats, fabrications, and coarse accusations are without legal or factual basis and thus merely serve to harass and maliciously injure Plaintiff, Ms. Neal, and the other women who have complained of Mr. GumBayTay's sexual harassment.

Rule 3.3 of Alabama's Rules of Professional Conduct states, "A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal." In his submissions and letter to this Court, Mr. Newell has at best made factual and legal assertions with reckless disregard as to their truth or falsity. He has made the gravest of allegations against Plaintiff and Ms. Neal and has not supported these allegations with any form of evidence. The lack of evidence is not surprising, given that these allegations are without any basis in fact.

Rule 3.5 of Alabama's Rules of Professional Conduct states, "A lawyer shall not . . . engage in conduct intended to disrupt a tribunal." The comment to this Rule clarifies, "Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants." Through his filings with and letter to this Court, and as described above, Mr. Newell has engaged in abusive and obstreperous conduct intended to disrupt the tribunal.

Finally, Rule 8.4 of Alabama's Rules of Professional Conduct states, "It is professional misconduct to . . . violate or attempt to violate the Rules of Professional Conduct . . .; . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . engage in conduct that is prejudicial to the administration of justice; . . . or . . . engage in any other conduct that adversely

reflects on his fitness to practice law." Through his pattern of harassment; dishonest, disruptive, and abusive attacks; and attempts to undermine and ignore the orders of this Court, Mr. Newell has violated Rule 8.4.

For all these reasons, Mr. Newell is subject to sanction. Moreover, disqualification is the least severe sanction that is appropriate in this case. This Court has previously imposed a monetary sanction on Mr. Newell; this sanction apparently was the immediate trigger for his harassing behavior and accusations, and he has sought to avoid the legal effect of this Order by improperly seeking to coerce Plaintiff counsel into returning the amount paid. Thus, while Plaintiff requests fees for this motion, such a monetary sanction alone is unlikely to cure the behavior here. Given the past failure of monetary sanctions to lead Mr. Newell to behave as befits an officer of this Court and the severity of Mr. Newell's abusive and harassing actions, disqualification is necessary. In such an instance as this, the public interest in securing obedience to the mandates of the court and in the orderly administration of justice outweigh Defendant GumBayTay's interest in representation by counsel of his choice. *See Kleiner*, 751 F.2d at 1210.

## CONCLUSION

For the reasons set out above, Plaintiff requests that this Court 1) disqualify Mr. Newell from appearing in this action or any related action before this Court; 2) order Mr. Newell pay Plaintiff's reasonable attorney fees associated with this motion; and 3) refer Mr. Newell to the Disciplinary Board of the Alabama State Bar for further proceedings.

July 18, 2008                                   RESPECTFULLY SUBMITTED:

                                          */s/* Emily J. Martin_____

Emily J. Martin (EM-2924)
Lenora M. Lapidus (LL-6592)
Women's Rights Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-519-7816
Fax: 212-549-2580

Allison E. Neal (NEA008)
American Civil Liberties Union of Alabama Foundation
207 Montgomery Street, Suite 910
Montgomery, AL  36104
Phone: (334) 265-2754, ext. 203
Fax: (334) 269-5666

Faith R. Cooper
Central Alabama Fair Housing Center
1817 West Second Street
Montgomery, AL  36106
(334) 263-4663

Kenneth J. Lay
Legal Services Alabama, Inc.
PO Box 11765
Birmingham, AL  35202
Tel: 205-397-6540, ext. 102

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2008, I electronically filed Plaintiff's Motion for Attorney Disqualification, with supporting Declaration and Exhibits, through the ECF system, which will send a notice of electronic filing to the following:

Benjamin E. Schoettker (SCH091)  Alfred T. Newell
Charles W. Barfoot (BAR123)  PO Box 101432
Barfoot & Schoettker, L.L.C.  Birmingham, AL  35210
608 South Hull Street
Montgomery, AL  36104


/s/ Emily J. Martin_____
Emily J. Martin

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL,<br><br>        Plaintiff,<br><br>        v.<br><br>JAMARLO K. GUMBAYTAY,<br>DBA/THE ELITE REAL ESTATE<br>CONSULTING GROUP<br><br>AND,<br><br>MATTHEW W. BAHR<br><br><br>        Defendants. | Civil Case No. 2:07-cv-135-WKW<br><br><br><br><br>**DECLARATION OF ALLISON NEAL<br>IN SUPPORT OF PLAINTIFF'S<br>MOTION FOR ATTORNEY<br>DISQUALIFICATION AND OTHER<br>SANCTIONS** |

ALLISON E. NEAL declares and states the following:

1. I am the staff attorney for the American Civil Liberties Union of Alabama and co-counsel for Plaintiff Yolanda M. Boswell in the above-captioned matter.

2. I make this declaration based upon my personal knowledge.

3. On July 5, 2008, in response to an email query I sent to Alfred Newell, counsel for Defendant GumBayTay, seeking to set a time to meet and confer regarding Plaintiff's discovery requests, Mr. Newell sent me the following email message:

   **YOUR CLIENT BOSEWELL** [*sic*] **HAS 3 OUTSTANDING WARRANTS FOR ASSUALT AND DRUGS YOU ARE HEREBY NOTIFIED THAT IF YOUR CLIENT IS NOT PROSCEUTED** [*sic*] **AND OR TURNED IN IMMEADIATLY** [*sic*] **YOU WILL BE CHARGED WITH AIDING AND ABETTING, COMPOUNDING, AND OBSTRUCTION .**
   **YOURS TRULY**
   **AL NEWELL**

4. A copy of this email message is appended as Attachment A.

5. A letter from Mr. Newell dated July 7, 2008, addressed to me, arrived in my offices July 15, 2008. The letter made the same assertions and threats.

6. A copy of this letter is appended as Attachment B.

7. On July 7, I received from Mr. Newell a check in the amount of $500, pursuant to this Court's Order of June 18, 2008, and based on Defendant GumBayTay's previous failure to appear for his noticed deposition and Mr. Newell's tardiness at the June 18 hearing.

8. On July 8, I received a voicemail from Mr. Newell, transcribed below:

Hello, Miss Neal. This is Al Newell. I'm leaving you a message. My first message is, it is about noon on Monday the 8th, I think. You do not have very long to give me my money back that I just paid to you. If you do not, I promise you will never get out of jail. Second thing: you better tell me what you are going to do to fix Mr. GumBayTay's life that you ruined. Same thing: if you don't, you will never get out of jail. This is not a joke. I don't bluff, and I don't kid, and I don't really care. Have a good day.

9. A recording of this voicemail will be filed with the Clerk's Office as Attachment C to the Declaration of Allison Neal in Support of Plaintiff's Motion for Attorney Disqualification.

/s/ Allison E. Neal

| | |
|---|---|
| From: | Allison Neal |
| To: | "John Pollock"; "Kenneth Lay"; Emily Martin; "Faith Cooper"; |
| Subject: | FW: OUTSTANDING WARANTS OF YOUR ESTEEMED CLIENT |
| Date: | Monday, July 07, 2008 12:03:00 PM |

Allison Neal, Staff Attorney
ACLU of Alabama
207 Montgomery Street, Suite 910
Montgomery, AL  36104
(334) 265-2754, x 203
(334) 269-5666 (fax)

---

**From:** NEWELLA@bellsouth.net [mailto:NEWELLA@bellsouth.net]
**Sent:** Saturday, July 05, 2008 6:38 PM
**To:** Allison Neal
**Subject:** OUTSTANDING WARANTS OF YOUR ESTEEMED CLIENT

# ALFRED T NEWELL
# ATTORNEY AT LAW
# P.O.BOX 101432
# BIRMINGHAM, ALABAMA 35210
# (205) 956-8281 PH.
# (205)951-2855 FAX

# YOUR CLIENT BOSEWELL HAS 3 OUTSTANDING WARRANTS FOR ASSUALT AND DRUGS
# YOU ARE HEREBY NOTIFIED THAT IF YOUR CLIENT IS
# NOT PROSCEUTED AND OR TURNED IN IMMEADIATLY
# YOU WILL BE CHARGED WITH AIDING AND ABETTING,
# COMPOUNDING, AND OBSTRUCTION .

# YOURS TRULY

# AL NEWELL

--------------- Original message from "Allison Neal" <anaclual@bellsouth.net>: ---------------

Mr. Newell:

This message is to follow-up on the calls placed today by my co-counsel in Boswell v. GumBayTay. As you know, Judge Moorer asked that you meet with Mr. GumBayTay by Monday, June 23 to review our first request for the production of documents and to discuss whether Mr. GumBayTay had any documents responsive to this request that were not given to us at the hearing on June 18. We would like to set up a call with you to discuss this and determine whether any more documents will be forthcoming. I am available to discuss this matter by phone before 5 pm today, June 25, the afternoon of June 26, or any time on June 27. Please let me know as soon as possible a date and time this week that is convenient for you and my co-counsel and I will arrange to call you at the designated time. Thanks.

Allison Neal, Staff Attorney
ACLU of Alabama
207 Montgomery Street, Suite 910
Montgomery, AL 36104
(334) 265-2754, x 203
(334) 269-5666 (fax)

**ALFRED T. NEWELL**
ATTORNEY AT LAW
P. O. BOX 101432
BIRMINGHAM, AL 35210
(205) 956-8281
FAX (205) 951-2855

TO:   ALLISON E. NEAL, ATTORNEY AT LAW
　　　AMERICAN CIVIL LIBERTIES UNION
　　　OF ALABAMA FOUNDATION
　　　207 MONTGOMERY STREET, SUITE 910
　　　MONTGOMERY, AL 36104

JULY 7, 2008

RE:   YOUR ESTEEMED CLIENT
　　　CASE NO. 2:07-cv-135-wkw

DEAR MS. NEAL:

　　　YOU ARE HEREBY NOTIFIED THAT YOUR CLIENT, MISS YOLANDA BOSWELL HAS 3 OUTSTANDING WARRANTS FOR ASSAULT AND DRUGS.

　　　IF MISS BOSWELL IS NOT TURNED OVER IMMEDIATELY FOR PROSECUTION, YOU WILL BE CHARGED WITH AIDING AND ABETTING, OBSTRUCTION AND COMPOUNDING.

YOURS TRULY,

*Alfred T. Newell*
ALFRED T. NEWELL

cc to:
**THE HONORABLE TERRY F. MOORER, U.S. MAGISTRATE JUDGE**
**THE HONORABLE W. KEITH WATKINS, U.S. DISTRICT JUDGE**

ATN/crt