IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:07-cv-135-WKW |
| | ) |
| JAMARLO K. GUMBAYTAY, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is Plaintiff's *Motion for Sanctions for the Destruction of Documents* and brief in support (Docs. 61-62, filed June 6, 2008). Pursuant to 28 U.S.C. § 636(b)(1), this motion was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 66, filed June 16, 2008).[1] A hearing was held on the matter on June 18, 2008. Pursuant to the Court's oral order, Plaintiff submitted proposed orders on the matter. *See* Doc. 78, filed July 7, 2008. For good cause, it is the Recommendation of the Magistrate Judge to **GRANT in part** and **DENY in part** the motion.

---

[1] This Report and Recommendation does not address any of the other outstanding motions. However, the undersigned does note the behavior by defense counsel Alfred Newell IV has been appalling. Specifically, the undersigned notes the ongoing violations of the Alabama Rules of Professional Conduct, the inappropriate pleadings, and the written and verbal abuse to his opposing counsel. The undersigned has never seen such atrocious behavior from counsel during his tenure on the bench nor in his prior legal practice. That said, the ramifications of said behavior shall not be addressed in this particular Report and remain pending before the Court. The only behavior to be addressed in this Report is that behavior which pertains exclusively to the Motion for Sanctions on the destruction of documents.

## I. PARTIES

Plaintiff Yolanda Boswell ("Boswell" or "Plaintiff") and Defendant Jamarlo K. GumBayTay ("GumBayTay" or "Defendant") are residents of Montgomery, Alabama located in the Middle District of Alabama.

Defendants Matthew W. Bahr is a resident of Orlando, Florida. He owns the property at issue in this matter which is located in Montgomery, Alabama, located in the Middle District of Alabama. Defendant Bahr is not a party to this motion as he is already in default.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. § 3613(a) (Fair Housing Act). To date, no party contests personal jurisdiction or venue, and there are adequate allegations to support both.

## III. MOTION FOR SANCTIONS

On June 6, 2008, Boswell filed a Motion to Compel/Motion for Sanctions for the Destruction of Documents. *See* Docs. 61-62. The motion stated that on April 9, 2008, Boswell served a request for production of documents on Gumbaytay. *See* Doc. 62 at p. 1. On April 15, 2008, Gumbaytay responded with his own request for production of documents. *See* Doc. 62, Exhibit B. In it he included a note which stated as follows:

> Due to unexpected circumstances/situation beyond his control, all documents requested by Plaintiff's counsel have been destroyed pursuit [sic] to provisions of the State of Alabama 1975 § 34-27-20 Ala. Code. Defendant was summoned before the State of Alabama Real Estate Commission in the matter of the Cease and Desist Order . . . Thus, all requests from the Real Estate

> Commission have been satisfied as stated in § 34-27-369(c) Ala. Code. Therefore, documents of any and al concerns of said Real Estate Commission were addressed under a Cease and Desist order.

*Id.* He further included a copy of a Cease and Desist Order from the Alabama Real Estate Commission dated March 31, 2008. *See* Doc. 62, Exhibit C. On or about April 29, 2008, counsel for Boswell contacted the Alabama Real Estate Commission to inquire whether they told Gumbaytay to destroy records. *See* Doc. 62, Exhibit D. On May 13, 2008, the executive director of the Alabama Real Estate Commission responded by letter "that at no time was [Gumbaytay] orally or otherwise instructed to destroy any records." *See* Doc. 62, Exhibit E. Plaintiff's counsel then contacted Gumbaytay who reiterated he destroyed the documents, but eventually conceded some documents might still be on his laptop or with his assistant. *See* Doc. 62 at p. 3. Gumbaytay was to provide any such documents on or before May 29, 2008 but did not. *Id.* Finally, on June 2, 2008, Gumbaytay hired Alfred Newell IV to represent him. *See* Doc. 56. In a conversation with Plaintiff's counsel,[2] Newell referred to "two boxes" of materials Gumbaytay gave him to review. *See* Doc. 62 at p. 3.

The Court issued a show cause order on the motion to compel and for sanctions on June 6, 2008. *See* Doc. 63. No response was filed to the motion and consequently the Court granted the motion to compel with a June 23, 2008 deadline to provide the outstanding documents. *See* Doc. 67. The Court also set a hearing on June 18, 2008 to determine Plaintiff's reasonable attorneys fees related to the cancelled deposition and to address the

---

[2] The term "Plaintiff's counsel" shall include all named Plaintiff's attorneys and their employees.

sanction request.[3]  *See* Docs. 59 and 67.

At the June 18, 2008 hearing, Gumbaytay admitted he destroyed the majority of his documents.  *See* Doc. 89, Transcript at 19, lines 2-9; Tr. 22, lines 1-21.  Testimony elicited during the hearing also revealed Gumbaytay's initial statement in the letter was false in that he had not destroyed <u>all</u> the documents, but rather still had some on his secretary's computer.  Tr. at 24, lines 2-20.  Further testimony revealed Gumbaytay and his attorney had not even reviewed the Requests for Production together to determine whether the documents he had were responsive to the request.[4]  Tr. 28 at lines 6-22, Tr. 29 at lines 1-8, Tr. 32 at lines 4-11.  Therefore, the Court ordered Newell and Gumbaytay to have a conference by June 23, 2008 to discuss the requests for production and determine whether there were any other outstanding documents responsive to those requests.  Tr. 45 at lines 2-6, lines 12-24.  After the hearing, the Court issued two written orders.  The first order gave Plaintiff $200.00 in attorneys' fees and costs in connection with the cancelled deposition.  *See* Doc. 72.  The second order charged Plaintiff to provide a proposed order to sanction Gumbaytay for the

---

[3]  Gumbaytay filed a motion for continuance of the deposition at 3:57 p.m on June 3, 2008, several hours after his deposition was scheduled to begin.  The Court was unable to timely rule on the merits of the motion due to the untimely filing.  While counsel was newly retained, Gumbaytay was aware for several weeks of his upcoming deposition.  *See* Doc. 58, Exhibits A and B.  The Court warned Gumbaytay that such dilatory tactics cannot be tolerated especially because the dispositive motion deadlines was looming.  *See generally* Doc. 59 (details on Court's reprimand and scheduling of June 18, 2008 hearing on attorneys' fees).

[4]  The Court is of the opinion that Newell had not even reviewed the Requests for Production prior to the hearing despite being on notice that they would be discussed at the June 18, 2008 hearing.

destruction of documents and a $300 sanction against Newell for his extreme tardiness to the June 18, 2008 hearing.[5]  *See* Doc. 73.

Pursuant to the Court's order, Plaintiff provided two proposed orders as to sanctions for the destruction of documents. *See* Doc. 78.  The first order proposes (1) dismissal of Gumbaytay's remaining counterclaims for defamation, libel, and slander; (2) default judgment against Gumbaytay on Plaintiff's claims against him; (3) the imposition of reasonable attorneys' fees for time spent on the issue of the production of documents; and (4) a $500 sanction against Newell for the willful disregard of the Court's order to confer with his client. *See* Doc. 78, Proposed Order at p. 6-7.  The alternative order is similar but in lieu of the default judgment request, it requests the lesser sanctions that (1) Gumbaytay be barred from introducing into evidence, relying upon in testimony, or referring to in motions or responses any documents not provided to Plaintiff as of June 30, 2008; and (2) a jury instruction on a rebuttable presumption that Gumbaytay acted as the agent for Defendant Bahr. *Id.* at p. 8-9.  Additionally, Plaintiff also attached the sworn Declaration of

---

[5] The hearing was scheduled to begin at 10:00 a.m.  Defense counsel was an hour and fifteen minutes late.  He indicated traffic was the only reason for his extreme tardiness.  While the Court is sympathetic to traffic delays, counsel is expected to anticipate some delays in traveling from Birmingham to Montgomery.  Of note, Plaintiff's counsel also came from Birmingham and was only a few minutes late as he arrived at 10:10 a.m.  Plaintiff's counsel indicated he left Birmingham at 8:10 a.m.  The only conclusion to be drawn from this information is that defense counsel did not allocate sufficient time to arrive in a timely manner.  In addition, the Court received a phone calls that morning from Gumbaytay and Newell's assistant.  The Court learned Newell did not leave Birmingham until around 9:00 a.m.  Since the distance from Birmingham to Montgomery is approximately 90 miles, even without traffic, it would not have been possible for Newell to arrive on time for the 10:00 a.m. hearing.  Therefore, the Court does not find credible Newell's assertions that traffic was the only reason for the delay.

Counsel Allison Neal which describes the relevant events leading up to the June 18, 2008 hearing as well as some events after the hearing. *See* Doc. 78, Exhibit 1. The sworn declaration and the "Notice of Filing" also state there is some evidence that Gumbaytay either continues to withhold documents or destroyed the documents after the time he was put on clear notice of the relevance and demand for such documents. *See* Doc. 78, Text of Proposed Order, at p. 3. According to the deposition testimony of Lynn Norsworthy, Gumbaytay's bookkeeper, she gave Gumbaytay 3 boxes of documents sometime in May 2008. *Id.* Those 3 boxes represent more than the small pile of documents given to Plaintiff's counsel during the June 18, 2008 hearing. By implication, it also appears these documents were not given to the Plaintiff, as the types of the documents in the 3 boxes as described by Norsworthy were not included in the small stack provided at the hearing. *Id.* Gumbaytay also testified in his deposition those 3 boxes were also destroyed. *See* Doc. 78, Exhibit 1 at ¶ 9. Finally, Plaintiff asserts Newell did not comply with the Court's order to meet with his client on or before June 23, 2008. *Id.* at ¶¶ 6-7; Doc. 78, Text of Proposed Order, at p. 3.

### IV. DISCUSSION AND ANALYSIS

A district court has broad discretion to control discovery. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). "This power includes the ability to impose sanctions on uncooperative litigants." *Id.*; *see also* FED. R. CIV. P 37(b)(2) ("If a party...fails to obey an order to provide or permit discovery...the court may issue further just orders."). "[Rule 37] gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule."

*Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  Under Rule 37, the court may dismiss an action in whole or in part and/or render a default judgment against the disobedient party.  FED. R. CIV. P. 37(b)(2)(A)(v)-(vi).  Default judgment and dismissal sanctions require a willful or bad faith failure to obey a discovery order.  *Malautea*, 987 F.2d at 1542 (citing *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212, 78 S.Ct, 1087, 1096, 2 L.Ed.2d 1255 (1958)); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985) (internal quotations and citations omitted) ("Sanctions may also be imposed to punish those guilty of willful bad faith and callous disregard.").  A violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal.  *Malautea*, 987 F.2d at 1542. (citations omitted).  Finally, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.  *Id*.

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  The fact Gumbaytay was *pro se* during a portion of this proceeding does not excuse him from compliance with the Rules and court orders.  As noted on the Alabama Middle District website, "[o]nce a court order is obtained compelling discovery, unexcused failure to provide a timely response is treated by the court with the special gravity it deserves; violation of a

court order is always serious and may be treated as contempt, or judgment may be entered, or some other appropriate and measured sanction used." *See* www.almd.uscourts.gov, "Guidelines to Civil Discovery Practice in the Middle District of Alabama."

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir.1999). The sanctions of default judgment and dismissal Plaintiff seeks are the harshest permitted under Rule 37 and used in circumstances where the party has willfully and wrongfully ignored court orders or otherwise made a conscious decision to obstruct the orderly prosecution of the case. *See Buchman v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1997) (Default judgment under Rule 37 is only appropriate in instances where "a party's conduct amounts to a flagrant disregard and willful disobedience of discovery orders."). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *Malautea*, 987 F.2d at 1542 (citing *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)); *see also Adolph Coors*, 777 F.2d at 1543 ("On appeal we will also find an abuse of discretion if less draconian but equally effective sanctions were available.").

Gumbaytay displays bad faith and willfulness when it comes to his flagrant discovery violations. Gumbaytay admits he destroyed documents and evidence shows it was done after receiving the Requests for Production. Further, the Court does not find credible, despite his *pro se* status at the time, that Gumbaytay felt he was required to do so by the Alabama Real

Estate Commission. Nothing in the Cease and Desist order suggests Gumbaytay should destroy the documents and the Alabama Real Estate Commission further states "at no time was [Gumbaytay] orally or otherwise instructed to destroy any records." *See* Doc. 78, Exhibit 3 at p. 4-5; Doc. 78, Exhibit 4. Further, none of the relevant Alabama statutes cited by Gumbaytay compel destruction of the documents. The Court determines the spoliation of evidence by Gumbaytay was done in bad faith. The lawsuit had been pending for more than a year when Gumbaytay destroyed the documents just after receiving a request for them from the Plaintiff. The Court opines default judgment <u>and</u> dismissal of Gumbaytay's counterclaims may be proper remedies in light of Gumbaytay and Newell's behavior which has obstructed the orderly prosecution of the case. However, as this opinion is based solely on the destruction of the documents and the related behavior, the Court elects not to impose <u>both</u> default judgment and dismissal of the counterclaims.[6] Rather, the Court determines dismissal of Gumbaytay's counterclaims and additional lesser sanctions are the proper remedies.

Gumbaytay's destruction of documents is certainly egregious conduct and the behavior of Gumbaytay and his counsel reveals a continuing pattern of ignoring Court Orders

---

[6] The Court views default judgment against Gumbaytay and dismissal of Gumbaytay's counterclaims as two separate and distinct issues. The subsequent analysis should not be construed as to conclude default judgment is not an option for the further disruptions caused by Newell and Gumbaytay. Rather, viewing the issue of destruction of documents in a vacuum, the Court elects not grant default judgment *at this time*. Further evaluation of the case may be necessary to determine whether the totality of the circumstances justifies a default judgment in the case.

and abuse of the discovery process. The abuses of discovery include the destruction of documents, the failure of Newell and Gumbaytay to meet by June 23, 2008 as per the Court's order, the last minute cancellation of Gumbaytay's deposition, the tardiness to the June 18, 2008 hearing, and Newell's conduct relating to the $500.00 payment to opposing counsel. Further, while the *Motion for Attorney Disqualification* (Doc. 87) and *Amendment to Counterclaim* (Doc. 79) are not specifically addressed here, they do reference the $500.00 payment previously ordered by this Court. The Court notes the $500 payment ordered by this Court (i.e. the $200 costs for the cancelled deposition and the $300 sanction for counsel's tardiness to the hearing), was not in any way a form of blackmail or extortion by Plaintiff's counsel. Rather, the payment was imposed **by the Court** as costs and a sanction for the behavior of defendant and his counsel. Newell left a voice mail for opposing counsel wherein he states "You do not have very long to give me my money back that I just paid you." From his voicemail and his pleadings, Newell completely misses the point that these were sanctions imposed on *him* for *his* wrongful conduct. Newell's threats and allegations otherwise are further evidence of his egregious conduct.

Sufficient evidence is before the Court to indicate Gumbaytay is either withholding additional documents from Plaintiff or has destroyed them. Newell stated his client gave him 2 boxes of materials to go through and Lynn Norsworthy indicated she gave Gumbaytay 3 boxes of documents. The Court saw the documents given to Plaintiff's counsel at the hearing which represents the universe of documents provided to them in response to the Request for

Production. It does not come close to 2-3 boxes of information, but rather resembles a small stack of materials. In light of the evidence, the Court finds Defendant GumBayTay and his counsel have acted in bad faith with regard to the Plaintiff's discovery requests, and the Plaintiff's case has been subjected to incurable prejudice from the destruction of important evidence. The Court determines the alternative proposed order submitted by Plaintiff includes appropriate sanctions and remedies. This includes (1) dismissal of Gumbaytay's counterclaims for "defamation, libel, and slander;" (2) barring Gumbaytay from relying upon or entering into evidence any documents not provided to Plaintiff by June 30, 2008; (3) a jury instruction for a rebuttable presumption that Gumbaytay acted as the agent for Defendant Bahr; (4) Plaintiff's reasonable attorneys' fees in connection with the Motion to Compel, the June 18, 2008 hearing, and subsequent efforts to obtain the documents; and (5) a $500 sanction for Newell's willful disregard of the Court's June 18, 2008 order.

## V. CONCLUSION

For these reasons, the Court **RECOMMENDS** the following:

(1) Plaintiff's *Motion for Sanctions for the Destruction of Documents* and brief in support (Doc. 61) be **GRANTED in part** and **DENIED in part**.

(2) The *Motion for Sanctions for the Destruction of Documents* (Doc. 61) be **DENIED** as to the request for default judgment.

(3) The *Motion for Sanctions for the Destruction of Documents* (Doc. 61) **GRANTED** as to the other requests.

(3)  Defendant GumBayTay's counterclaim for "defamation, libel, and slander" be dismissed with prejudice;

(4)  Defendant GumBayTay be barred from introducing into evidence, relying upon in testimony, or referring to in motions or responses any documents not provided to Plaintiff as of June 30, 2008;

(5)  The jury be instructed that a rebuttable presumption exists that at all times relevant to this case, Defendant GumBayTay acted as the agent for Defendant Bahr;

(6)  Attorney Al Newell be ordered to pay $500 to Plaintiff's counsel for his willful disregard of this Court's June 18, 2008 order and the consequent delay it caused them.

(7)  Defendant GumBayTay pay reasonable attorney's fees for all time spent on the matter of the production of documents subsequent to the Request for Discovery being served on April 8, 2008. A hearing on reasonable costs shall be set at a future date.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **August 20, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 7th day of August, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

Case 2:07-cv-00135-WKW-TFM   Document 94   Filed 08/07/08   Page 14 of 14