IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 AUG 20 P 3: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| YOLANDA M. BOSWELL, PLAINTIFF | ) ) ) ) ) ) |
| V. | ) CIVIL CASE No. ) ~~2:08-cv-573-F~~ ) ) 2:07-CV-135-WKW ) ) |
| JAMARLO K. GUMBAYTAY, DEFENDANT | ) ) ) ) |

## OBJECTION TO THE REPORT & RECOMMENDATION
## OF THE MAGISTRATE JUDGE
## &
## OBJECTION TO PLAINTIFF'S SUMMARY JUDGMENT
## & IN SUPPORT OF MR. GUMBAYTAY'S
## MOTION FOR SUMMARY JUDGMENT
## & COUNTERCLAIM

Comes now Jamarlo K. Gumbaytay, by and through his attorney of record, Alfred T. Newell, hereby objecting to specific items as follows:

Item 3, page 3, please find a copy of the Real Estate Commission's Cease and Desist Order, ordering Mr. Gumbaytay to cease and desist operations and to destroy all records. And Neal has a copy of this document.

Item 2, page 4, is completely wrong, as Mr. Newell had already discussed the June 23 order about the production of documents. After the deposition of Mr. Gumbaytay, Mr. Newell again conferred with Mr. Gumbaytay, who stated we had already discussed such matters. Mr. Newell responded, "Well I thought so, but the opposition in the deposition claims we did not or had not." Mr. Newell's legal assistant witnessed this conversation as well as the previous consultation.

Item 3, neither Mr. Newell nor Mr. Gumbaytay have violated any court order and demand that such be stricken. There was no willful disregard for court order, as Mr. Newell did confer with his client, twice about the same said matter.

Item 4, Mr. Gumbaytay and Mr. Newell have provided and offered to provide every relevant paper and document available and there is no evidence to the contrary. Discussing the number of boxes handed from one person to another means that at least documents were not destroyed, only that some documents were not even relevant to the case at hand, considering Gumbaytay had nine clients and Boswell was only concerned with Defendant Bahr, Defendant Gumbaytay saw no need to confuse issues of this case with irrelevant and duplicated materials, therefore copies of what was relevant was presented and delivered.

Item 5, page 6 of 13, Neal should be cited for contempt for filing any attorney disqualification papers, as she has no standing to do so and for her to attempt to take such action against a 30 year veteran attorney (and former temporary federal judge) is illegal and reprehensible. Furthermore, Mr. Newell objects to her propensity for requesting sanctions against Gumbaytay and Mr. Newell. She is trying to get Defendant and his attorney to pay ACLU's costs of litigation and he denies all these allegations. In that respect, Neal's behavior is reprehensible.

Item 7, Mr. Gumbaytay thought he was obeying the Real Estate Commission's Cease and Desist Order and Mr. Newell has seen a copy of that with a separate letter attached ordering him to: "cease and desist all operations and to destroy his records". The letter has not been located in our files and is apparently lost within the huge pile of papers filed by the opposition, or it may have already been given to Ms. Neal.

Furthermore, all documents required were luckily saved on Gumbaytay's administrative assistant's computer and those documents were all turned over to Neal. So he just destroyed what paperwork was in his immediate possession in order to comply with the Real Estate Commission's Cease and Desist Order to shut down. Had he been a licensed broker, they would not have ordered him to do so, as the attached letter to Plaintiff's counsel clearly states.

Mr. Newell has reviewed the transcripts and the wiretap numerous times, and there is not a shred of evidence that Mr. Gumbaytay has done anything other than respectfully ask Boswell (who initially led him on) for a dinner date.

Nor is there any shred of evidence that anything else relevant happened, except Ms. Boswell did not pay the rent and did not sign the correct lease, and therefore was evicted by due process for nonpayment of rent.

In these transcripts Gumbaytay politely asked Ms. Boswell to accompany him to lunch or dinner; on another media file, he asks her to accompany him on a trip, and offered her some assistance; as a friend, he advised her to get her life right and considered what she wanted for her future; offered to help her get in a program that would get her on track; offered to help her if need be with utilities on occasion, until she could get on her feet and get settled, NONE OF WHICH IS ILLEGAL. She never told him NO; she never told him to LEAVE HER ALONE; her responses were NOT negative, "Yeah, yeah", "I'll have to get back to you on that," "Exactly, exactly," Yeah, right".

Gumbaytay thought of this as extending an invitation to become better friends; being a "brother" figure within the community, helping a "little sister", one of many people this "Montgomery's Man of the Year" award winner has offered to help and has helped, since adopting the Lutheran faith. Gumbaytay is serious about his religious affiliation, and explains the Lutheran Church is all about helping others and expecting nothing in return.

When Boswell later came back "framing" him for these ludicrous sexual harassment, stalking and discrimination charges, he backed off immediately, respecting her wishes and told her so on the wiretap, that if she misunderstood what he was about, then he did not want her thinking that. He specifically said he was NOT about harassing someone. He further explained to her a relationship with Gumbaytay would not have to be about sex, but about spending time together and bonding as friends.

At any rate, he backed off when she indicated a clear lack of interest due to her "misunderstanding". Gumbaytay dealt with Ms. Boswell respectfully and politely in his conversations; and evidently more respectfully than she deserved, as Boswell has either filed a false complaint to get free housing or conspired with Allison Neal to do so.

There are still issues of fact which exist with respect to Neal's Motion for Summary Judgment.

Therefore Defendant demands a denial of Neal's defective Summary Judgment, and respectfully requests this honorable court grant Mr. Gumbaytay's Motion for Summary Judgment and Counterclaim for abuse of process, malicious prosecution and fraud, or in the alternative, set the matter for trial.

RESPECTFULLY SUBMITTED

*Alfred T. Newell*

ALFRED T. NEWELL
ATTORNEY AT LAW
P.O. BOX 101432
BIRMINGHAM, AL 35210
(205) 956-8281
FAX (205) 951-2855

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon opposing attorneys or parties by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid this 20th day of August, 2008.

*/s/ Alfred T. Newell*

**ALFRED T. NEWELL**
ATTORNEY AT LAW
P. O. BOX 101432
BIRMINGHAM, AL 35210
(205) 956-8281
FAX (205) 951-2855

ALLISON E. NEAL
AMERICAN CIVIL LIBERTIES UNION
OF ALABAMA FOUNDATION
207 MONTGOMERY STREET, SUITE 910
MONTGOMERY, AL 36104

FAITH R. COOPER
CENTRAL ALABAMA
FAIR HOUSING AUTHORITY
1817 WEST SECOND STREET
MONTGOMERY, AL 36106

KENNETH J. LAY
LEGAL SERVICES OF ALABAMA, INC.
P.O. BOX 11765
BIRMINGHAM, AL 35202

LENORA LAPIDUS & EMILY MARTIN
WOMEN'S RIGHTS PROJECT
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 BROAD STREET 18TH FLOOR
NEW YORK, NY 10004

ATTORNEYS FOR PLAINTIFF