IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA M. BOSWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:07-CV-135-WKW |
| | ) |
| JAMARLO K. GUMBAYTAY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**FINAL JUDGMENT**

In accordance with the Orders entered this date, it is ORDERED and ADJUDGED that:

(1) Defendant Matthew W. Bahr, being called, came not, but wholly made default, and that judgment by default is ENTERED against Mr. Bahr, jointly and severally with Defendant Jamarlo K. GumBayTay, in the amount of $25,000 in actual damages, pursuant to 42 U.S.C. § 3613(c)(1), for which let execution issue.

(2) Judgment by default is ENTERED against Defendant Jamarlo K. GumBayTay as a sanction for the willful and bad faith conduct of Mr. GumBayTay and his counsel (Alfred T. Newell IV), in the amount of $25,000 in actual damages, jointly and severally with Mr. Bahr, and in the amount of $25,000 in punitive damages.

(3) Judgment is ENTERED against Defendant Jamarlo K. GumBayTay for civil contempt in the amount of $866.39 for actual losses and $7,660.40 for attorney's fees, to be paid jointly to Ms. Boswell and Legal Services Alabama, Inc., at a monthly rate of $50.00,

on the fifth day of each month, commencing July 2009, until such time that the sanction is paid in full.

  (4) Plaintiff Yolanda M. Boswell shall HAVE and RECOVER from Defendant Jamarlo K. GumBayTay $7,018.75 in attorney's fees for all time counsel spent on the matter of the production of documents subsequent to the Request for Discovery being served on Mr. GumBayTay on April 8, 2008.

  (5) Alfred T. Newell IV is DISQUALIFIED as counsel in this case, his conduct in this action shall be REFERRED to the Disciplinary Commission of the Alabama State Bar and REPORTED to the Chief Judge of the United States District Court for the Northern District of Alabama, and Plaintiff Yolanda M. Boswell shall HAVE and RECOVER from Alfred T. Newell IV $5,140.25 in attorney's fees, for which let execution issue.

  The Clerk of the Court is DIRECTED to close this case.

  Done this 1st day of June, 2009.

          /s/ W. Keith Watkins
         UNITED STATES DISTRICT JUDGE